IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RESTORE ROBOTICS LLC and
RESTORE ROBOTICS REPAIR LLC,

        Plaintiffs,

v.

INTUITIVE SURGICAL, INC.,

        Defendant.

Civil Case No. 5:19-cv-00055-MCR-MJF

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, N.E., Suite 1050
Atlanta, Georgia 30309

William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
101 Harrison Avenue
Panama City, FL 32401

**COUNSEL FOR PLAINTIFF**

June 24, 2019

Plaintiffs Restore Robotics LLC and Restore Robotics Repair LLC (collectively "Restore") hereby respond in opposition to Defendant Intuitive Surgical, Inc.'s motion for leave to file a reply in support of its motion to dismiss or, in the alternative, request for oral argument (ECF No. 19). Intuitive has failed to offer extraordinary circumstances that would justify leave to file a reply. While a party "ordinarily may not file a reply memorandum in support of a motion," the Court may grant leave to file a reply memorandum in "extraordinary circumstances." Local Rule 7.1(I).

Intuitive has already filed a motion to dismiss totaling 35 pages. Moreover, Intuitive devoted five pages alone to the assertion that a unilateral refusal to deal is never actionable under Section 2 without an allegation of a prior course of dealing between the parties under *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 411 (2004) and *Covad Commc'ns Co. v. BellSouth Corp.*, 374 F.3d 1044, 1049 (11th Cir. 2004). (ECF No. 16 at 12-16.) In response, Restore noted that *Trinko* recognized various "exceptions" from that "proposition" and reviewed the application of some existing exceptions, such as the essential facilities doctrine and *Otter Tail*, in subsequent decisions of this circuit, including *Covad*. (ECF No. 18 at 7-10 (quoting Supreme Court in *Trinko*).)

Intuitive simply wants to have a second bite at the apple. Specifically, Intuitive says that it wants to discuss the viability and applicability of the exceptions

to its own claim that a unilateral refusal to deal is never actionable without a prior course of dealing under *Trinko*. (ECF No. 19 ¶¶ 3-4.) Those are not extraordinary circumstances. The parties have already discussed the import of *Trinko* and the decisions in this circuit following *Trinko* to monopolization claims based on a unilateral refusal to deal. (ECF No. 16 at 12-16. ECF No. 18 at 7-10.) Restore is confident that the Court can properly weigh the strength of the arguments and citations of authority presented by the parties in the motion and response.

    For that same reason, oral argument on the issue is not necessary. "The Court may—and most often does—rule on a motion without oral argument, even if a party requests oral argument." Local Rule 7.1(K). The motion to dismiss has been fully briefed. The Court must simply determine whether the complaint on its face has "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Restore is confident that the Court has the necessary information to make that determination without oral argument.

    For all the foregoing reasons, the motion should be denied.

Respectfully submitted on June 24, 2019.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.

Pursuant to Local Rule 7.1(F), the memorandum contains 446 words.

3