IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

|  |  |
|---|---|
| RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC,<br><br>                    Plaintiffs,<br><br>    v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>                    Defendant. | Civil Case No. 5:19-cv-00055-TKW-MJF |

## JOINT REPORT

Pursuant to Fed. R. Civ. Proc. 26(f), Plaintiffs Restore Robotics LLC and Restore Robotics Repairs LLC (collectively "Restore") and Defendant Intuitive Surgical, Inc. have conferred and submit this report outlining their proposed discovery plans. The parties have discussed the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case. The parties do not believe that there is an opportunity at this point in the litigation for settling or resolving the case. They will confer again regarding the possibility of settlement after the resolution of the pending motion to dismiss. The parties set forth the following discovery plans.

Initial Disclosures.  The parties agree that there should be no changes in the form or requirement of disclosures under Rule 26(a).  The parties agree that the 26(a) disclosures will be made on July 31, 2019.

Discovery Timing.  The parties agree that this case raises complex factual issues, which may require extensive discovery.

***Plaintiffs' Position***.  Restore proposes a deadline of February 28, 2020 for fact discovery and a deadline of May 29, 2020 for expert discovery.  Most document discovery is likely to be very specific with minimal burden on the parties to locate and produce the information.  For example, the parties should be able to export their transaction data in an electronic format.  At the conference, Defendant did not indicate that it would have any difficulty in exporting its transaction data in an electronic format.  The economic experts would be able to begin any econometric analysis without delay.  For more difficult searches for documents, like a word search of emails for sales representatives, Restore is willing to work with Defendant on deadlines.  Restore suggests that the parties serve their discovery and then extend production dates on a case-by-case basis.

Defendant has not moved for a stay of discovery and has not offered good cause for staying discovery.  Before granting a motion to stay discovery, this Court takes a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Miracle Faith Ctr.,*

*Inc. v. Chubb Custom Ins. Co.*, No. 3:16-CV-503-MCR-GRJ, 2018 WL 3414560, at *2 (N.D. Fla. May 14, 2018) (citations and quotations omitted).   The First Amended Complaint here is far from "especially dubious."   *Id.* at *1.   In fact, Defendant was unable to rest on its memorandum in support of its dismissal motion.   In granting leave to file a reply, the Court itself observed that it was far from clear from the motion that the complaint should be dismissed: "The Court finds that additional briefing would be particularly helpful in resolving the pending Motion to Dismiss."   ECF No. 21 at 2.

In support of a stay, Defendant cites *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353 (11th Cir.1997).   But the Eleventh Circuit has explained that a stay of discovery was only necessary in *Chudasama* "because the district court ordered the parties to engage in substantive discovery despite failing to rule on the defendants' motion to dismiss for over eighteen months."   *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014).   Defendant also points to *N.P. by E.P. v. Sch. Bd. of Okaloosa Cty., Fla.,* No. 3:18-CV-453-MCR-CJK, 2018 WL 7358591, at *2 (N.D. Fla. Nov. 5, 2018).   The Court stayed discovery there because every defendant in that case had asserted sovereign or qualified immunity, which are "fundamental legal concepts that seek to protect the government and governmental officials from the cost of trial and the burdens of far reaching discovery."  Id. at *2. Here, however, there is no constitutional immunity at stake.

3

The factual allegations in the complaint here are "certainly enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Restore is not relying on a conspiracy theory. *Id.* at 553-60.  Nor does the complaint suggest something like the old-fashioned discovery of paper files and archives on behalf of a putative class of tens of millions of customers for documents from "thousands of employees" working over seven years at the Baby Bells across the country.   *Id.* at 559 (2007).  Defendant has less than 5,000 customers and probably has far less than 100 document custodians.  It is likely that Defendant can search for virtually any discoverable information electronically.  In the absence of an "especially dubious" complaint, the parties should simply proceed cooperatively with discovery.

**Defendant's Position**.  As set forth in the pending Motion to Dismiss (ECF No. 16), this case may end at the pleading stage because Plaintiffs have failed to state a claim for relief.  Therefore, discovery should be stayed until that motion is decided.  As the Eleventh Circuit has explained, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 815 (11th Cir. 2018) ("[A] motion to dismiss for failure to state a claim must be resolved before discovery

begins."); *N.P. by E.P. v. Sch. Bd. of Okaloosa Cty., Fla.*, No. 3:18-CV-453-MCR-CJK, 2018 WL 7358591, at *3 (N.D. Fla. Nov. 5, 2018) (Casey Rodgers, J.) (staying discovery pending resolution of motions to dismiss in order "to protect the parties from undue burden and expense").   Staying the commencement of discovery is particularly appropriate in an antitrust case like this one, given the Supreme Court's recognition "that proceeding to antitrust discovery can be expensive," and "it is only by taking care to require allegations that reach the level suggesting [an antitrust violation] that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (citations omitted) (second alteration in original).

Electronic Discovery.  The parties have agreed to take reasonable measures to preserve electronically stored information that may fall within the scope of discovery in this case.  If the Court does not grant a stay of discovery, the parties have agreed that electronically stored information should be produced in a mutually agreeable electronic form.   The parties intend to submit a jointly proposed order setting out the protocol for production of electronically stored information.

Privilege Issues.  The parties intend to agree on a procedure to assert claims of privilege or protection after production.  The parties have agreed to incorporate

provisions for clawing back privileged or protected information and intend to submit a jointly proposed protective order.

Discovery Limits.

***Plaintiffs' Position***.   Restore proposes the following enlarged limits on discovery: 20 depositions per side.  Restore has essentially brought two cases – one set of claims regarding robot service and one set of claims regarding the instrument aftermarket.  At the 26(f) conference, Restore requested an organization chart and other information from Defendant to inform its position. Restore may ultimately need more or fewer depositions based on document discovery.

***Defendant's Position***.   Defendant's position is that the presumptive limitations on discovery under the Federal Rules of Civil Procedure should govern, including the presumptive limit of ten fact witness depositions per side set forth in Rule 30(a)(2)(A)(i).

Protective Orders.  The parties agree that discovery may call for production of trade secrets or other competitively sensitive information by the parties or third parties, including competitors and customers.  The parties intend to submit a jointly proposed protective order.

Proposed Schedule.  The parties each propose the same durations for fact discovery, expert discovery and the briefing of dispositive and *Daubert* motions. As explained above, however, Defendant's position is that discovery should not

begin prior to the resolution of its pending motion to dismiss.  The parties hereby

propose the following deadlines:

| Event | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| Initial Disclosures | July 31, 2019 | July 31, 2019 |
| Join Parties | September 16, 2019 | 30 days after the Court issues an order on the pending motion to dismiss ("MTD Order") |
| Amend or File Pleadings | September 16, 2019 | 30 days after MTD order |
| Close Fact Discovery | February 28, 2020 | 7 months after MTD order |
| Serve Opening Expert Reports | March 31, 2020 | 30 days after close of fact discovery |
| Serve Rebuttal Expert Reports | April 30, 2020 | 30 days after service of opening expert reports |
| Close Expert Discovery | May 29, 2020 | 3 months after close of fact discovery |
| File Dispositive and Daubert Motions | July 10, 2020 | 6 weeks after close of expert discovery |
| File Responses to Motions | August 21, 2020 | 6 weeks after moving briefs are filed |
| File Replies to Motions | September 11, 2020 | 3 weeks after opposition briefs are filed |

Respectfully submitted on July 17, 2019.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

/s/ David L. McGee
DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

ALLEN RUBY (*Pro Hac Vice*)
ABRAHAM M. ANDRADE III (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue

8

Palo Alto, CA 94301
Tel: (650) 470-4500
allen.ruby@skadden.com
abraham.andrade@skadden.com

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice*
*Admission to be applied for*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com

**COUNSEL FOR DEFENDANT**

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.