# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

RESTORE ROBOTICS LLC and
RESTORE ROBOTICS REPAIRS LLC,

        Plaintiffs,

  v.

INTUITIVE SURGICAL, INC.,

        Defendant.

Civil Case No. 5:19-cv-55-TKW-MJF

## PLAINTIFFS' MOTION TO DISMISS COUNT 6 OF DEFENDANT'S AMENDED COUNTERCLAIMS WITH SUPPORTING MEMORANDUM

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
101 Harrison Avenue
Panama City, FL 32401

COUNSEL FOR PLAINTIFFS

December 12, 2019

Pursuant to Fed. R. Civ. Proc. 12(b)(6), Plaintiffs Restore Robotics LLC and Restore Robotics Repairs LLC (collectively "Restore") hereby move to dismiss Count 6 of Defendant's First Amended Counterclaims alleging a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") with prejudice. Defendant originally made the claim in its Answer and Counterclaims.  In its order dismissing that count in the original counterclaims, Court ordered that "Defendant may file amended counterclaims curing the pleading deficiencies discussed in this Order if it can do so in good faith."  [44] at 18. In its Amended Counterclaims, Defendant has failed to cure the pleading deficiencies in the CFAA claim in good faith.

The Court dismissed the claim because Defendant did not allege that Restore "engaged in conduct . . . that, it would be plausible to say, actually impaired the integrity of the computer systems in Defendant's robots."  [44] at 16.  Therefore, Defendant failed to state a plausible claim for relief because it did not allege that "suffered damage or loss by reason of Plaintiffs' alleged attempts to violate the CFAA Section 1030."  [44] at 17.  Defendant still does not allege that Restore "engaged in conduct . . . that, it would be plausible to say, actually impaired the integrity of the computer systems in Defendant's robots."  In fact, the allegations regarding the alleged misconduct are identical to the word.  Compare [32] ¶ 44 with [49] ¶ 55.

1

Furthermore, Defendant has clearly not suffered any "damages or loss" to bring a claim under Section 1030(g). There has been no "impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The Court has ruled on that point. [44] at 16. Instead, Defendant has added an allegation that it incurred a "loss" under Section 1030(e)(11) from "expenditures on legal services exceeding $5,000" in "response to the attempted hack." [49] ¶ 59. Since Defendant does not allege that Restore actually tried to gain access to the computer system on any robot, Defendant presumably incurred those expenses in having its lawyers research and plead its claim, not once but twice, and defend it on the original motion to dismiss. Defendant pleads no facts to the contrary. Under its reading of Section 1030(e)(11), any person could bring a civil claim under Section 1030(g) based on its legal expenses in researching and preparing the claim regardless of any intrusion – or any actual damages or loss to the claimant from an intrusion. That cannot be the case. It would be an end run around the requirements of the statute.

In addition, Restore renews its other arguments from the motion to dismiss the original counterclaims. For instance, Count 6 still fails to plausibly allege how Restore would seek or obtain access to robots without authorization of the owner or

exceed the authorization of the owner.[1]  In fact, Restore would not have physical access to robots without the consent of the owners.  Moreover, the owner would not provide access unless Restore was performing service on the robot.  Furthermore, there is no factual allegation that the Intuitive sales or lease agreements prohibit third parties from accessing the robot with the consent of the owner or that Restore was aware of such prohibitions at the time of the alleged telephone conversation on July 26, 2019.  *See EarthCam, Inc. v. OxBlue Corp.*, 49 F. Supp. 3d 1210, 1231-32 (N.D. Ga. 2014), *aff'd,* 703 F. App'x 803 (11th Cir. 2017).

    Nor does the counterclaim plausibly explain how Restore intended to defraud the customer by removing the preventative maintenance message after Restore serviced the robot at the customer's request.  In fact, there is no explanation of how Restore intended to deceive customers.  The customers would presumably want to eliminate the preventative maintenance message after obtaining service from Restore.  Therefore, the counterclaim fails both for the absence of facts regarding

---

[1] The counterclaim does not cite a specific provision of 18 U.S.C. § 1030(a) or (b). Based on the wording of the counterclaim, Intuitive apparently alleges that Restore attempted to violate 18 U.S.C. § 1030(a)(4). [49] ¶¶ 84-86.  Section 1030(a)(4) sets out liability for anyone who "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period."

3

unauthorized access by Restore and the absence of facts regarding an intent to defraud the customer.

## Conclusion

For all the foregoing reasons, Count 6 of the Amended Counterclaims should be dismissed with prejudice.

Respectfully submitted on December 12, 2019.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.

Pursuant to Local Rule 7.1(F), the memorandum contains 785 words.