# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>　　　　　　Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>　　　　　　Counterclaimant,<br><br>　v.<br><br>RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>　　　　　　Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

**INTUITIVE SURGICAL, INC.'S OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS COUNT 6 OF AMENDED COUNTERCLAIMS**

Defendant/Counterclaimant Intuitive Surgical, Inc. ("Intuitive") responds to Restore Robotics LLC's and Restore Robotics Repairs LLC's (collectively, "Restore" or "Plaintiffs") motion to dismiss Count 6 of Intuitive's First Amended Counterclaims (the "Amended Counterclaims") alleging a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA").

## INTRODUCTION

Intuitive's Amended Counterclaims state a claim under the CFAA.[1] The Court dismissed the CFAA count from Intuitive's initial Counterclaims, with leave to amend, on the sole ground that Intuitive had not "allege[d] that it suffered damage *or* loss by reason of Plaintiffs' alleged attempts to violate the CFAA." (Doc. 44 at 17 (emphasis added).) In the Amended Counterclaims, Intuitive alleges, in addition to the other necessary elements, that the company incurred at least $5,000 in attorney's fees and other staff time responding to Restore's attempted hacking in violation of the CFAA. This constitutes a "loss" under the statute and cures the pleading deficiency identified by the Court.

Restore argues that Intuitive still does not state a claim in the form of conduct that "actually impaired the integrity of the computer systems in Defendant's robots." (Doc. 50 at 1.) This ignores the CFAA's plain text, which permits liability for attempted intrusions and broadly defines "loss" in a way that encompasses reasonably incurred fees and staff time, not limited to "damage" to the computer system itself. Intuitive respectfully requests that the Court deny Restore's Motion to Dismiss.

---

[1] Restore has not moved to dismiss the amended Lanham Act counterclaims.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering Rule 12(b)(6) motions, courts must accept all factual allegations of the counterclaim as true and construe them in the light most favorable to the counterclaimant. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## ARGUMENT

I. **Intuitive States A Claim For Relief Under The CFAA.**

To state a civil claim under the CFAA, a plaintiff must allege: (A) an actual or attempted violation of the CFAA's criminal provisions; (B) conduct that caused, or would have caused, at least one of five enumerated outcomes; and (C) either damage or loss. 18 U.S.C. §§ 1030(c)(4)(A)(i), (e)(8), (e)(11), (g). Intuitive adequately alleges all these elements.

A. **Intuitive Alleges An Attempt To Violate The CFAA.**

As is relevant here, the CFAA prohibits: (1) obtaining information from a protected computer through intentional, unauthorized access; (2) intentionally

3

accessing a protected computer knowingly and with the intent to defraud, obtaining anything of value through said unauthorized access; and (3) intentionally accessing a protected computer without authorization, causing damage or loss. *Id.* § 1030(a)(2), (a)(4), (a)(5). The CFAA also imposes liability for attempts to commit these prohibited acts, providing that "[w]hoever conspires to commit or attempts to commit an offense under subsection (a) of this section shall be punished." 18 U.S.C. § 1030(b); *see, e.g.*, *Four Seasons Hotels & Resorts B.V. v. Consorcio Barr, S.A.*, 267 F. Supp. 2d 1268, 1322 (S.D. Fla. 2003) (finding defendant liable for attempted CFAA violations when he "attempted . . . to intentionally access without authorization [the plaintiff's] protected computers"), *aff'd in part, rev'd in part on other grounds sub nom*, 138 F. App'x 297 (11th Cir. 2005). (*See also* Doc. 44 at 16-17.)

Intuitive's Amended Counterclaims allege that Restore's employee, Clif Parker, attempted to hack into Intuitive's computer system to alter the system maintenance schedule for a da Vinci Surgical System. (Amended Counterclaims ¶ 55.) After having been "confronted with a preventive maintenance message on a da Vinci Surgical System," Mr. Parker called a former Intuitive employee and solicited his assistance to "hack into [Intuitive's] system to help the 'PM' message go away." (*Id.*; *see also id.* ¶¶ 9, 82-86.) This intentional attempt to gain unauthorized access to Intuitive's protected computer system and obtain

4

information and a thing of value to Restore—a way around the preventative maintenance message—is prohibited conduct under the CFAA. *Four Seasons*, 267 F. Supp. 2d at 1322.

### B. Intuitive Alleges Causation Of At Least One Prohibited Outcome.

The CFAA imposes civil liability when the prohibited conduct causes or, "in the case of an attempted offense, would, if completed, have caused": loss exceeding $5,000 in a one-year period; potential modification or impairment of a person's medical care or treatment; physical injury; or a threat to public health or safety. 18 U.S.C. §§ 1030(g), 1030(c)(4)(A)(i)(I)-(IV). In addition to the loss exceeding $5,000 discussed immediately below, Intuitive alleges what would have ensued had Restore completed the hack and removed the "PM Due" message that ensures the proper and quality-controlled use of the da Vinci Surgical System, *i.e.*, a potential modification or impairment to medical treatment, physical injury, or a threat to public safety. (*See* Amended Counterclaims ¶ 87.) Restore does not apparently dispute this element. (*See* Doc. 50 at 2-3.)

### C. Intuitive Alleges A Loss.

The CFAA provides a private right of action to "[a]ny person who suffers damage *or* loss by reason of a violation of this section." 18 U.S.C. § 1030(g) (emphasis added). The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage

5

assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

Applying this broad definition of "loss," courts have held that "attorney's fees and investigation and enforcement costs . . . are compensable [under the CFAA] as long as those costs were reasonably incurred responding to the offense." *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 778 (N.D. Cal. 2017), *aff'd*, 749 F. App'x 557 (9th Cir. 2019); *see also 2008 River Walck Saloon v. Beard*, No. 3:15-CV-2095, 2017 WL 4453557, at *3-4 (M.D. Pa. Sept. 8, 2017) (finding attorney's fees incurred in litigation responding to CFAA offense as a "claimed category of loss is recoverable under CFAA as a matter of law"), *report and recommendation adopted*, No. 3:15-CV-2095, 2017 WL 4435254 (M.D. Pa. Oct. 5, 2017); *A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630, 646 (4th Cir. 2009) (noting "'the costs of responding to the offense are recoverable' including 'costs to investigate and take remedial steps'" (citation omitted)).[2]

---

[2] Although Restore has not cited it, the Amended Counterclaims are distinguishable from *Hamilton*. *See Hamilton Grp. Funding, Inc. v. Basel*, No. 16-61145-CIV-ZLOCH, 2019 WL 3765340, at *4–*5 (S.D. Fla. Aug. 7, 2019) (finding "work done by Plaintiff's attorneys [in a separate] case is too remote from the CFAA violation at issue," where the separate case was "initiated prior to and independent of the breach at issue, [and] was not directly responsive to the breach itself" and the "Plaintiffs' attorneys in the [separate] case were not investigating Defendant's violation"). Unlike in *Hamilton*, the loss incurred here was not in

Intuitive amended its Counterclaims to allege a "loss" under the CFAA, thus curing the deficiency the Court identified.  Specifically, Intuitive alleges that "[i]n response to the attempted hack, Intuitive's staff and outside counsel were engaged to," among other things, "assess and plan Intuitive's response, involving expenditures on legal services exceeding $5,000."  (Amended Counterclaims ¶ 59; *see also id.* ¶ 9 (alleging that the attempted hack "directly burden[ed] Intuitive with the costs and effort, including attorney time, needed to respond to the attempted hacking").)

On top of Intuitive's attorney's fees, Intuitive employees, including in-house counsel and staff, spent time and resources responding to the attempted hack.  (*Id.*)  Such allegations also count toward the alleged "loss," as defined by the CFAA.  *See United States v. Fowler*, No. 8:10-cr-65-T-24 AEP, 2010 WL 4269618, at *3 (M.D. Fla. Oct. 25, 2010) ("While Defendant argues that time spent by salaried employees cannot be considered a loss under the statute, the Court disagrees."), *aff'd*, 445 F. App'x 298 (11th Cir. 2011); *Compass iTech, LLC v. eVestment All., LLC*, No. 14-81241-CIV-MARRA\MATTHEWMAN, 2016 WL 10519027, at *13 (S.D. Fla. June 24, 2016) (finding employees' time investigating the violation constituted "costs of investigation" and thus "loss" under the CFAA).

---

other litigation, but in a direct response to the attempted breach.  (Amended Counterclaims ¶ 59.)

Restore argues in response that Intuitive "still does not allege that Restore 'engaged in conduct . . . that, it would be plausible to say, actually impaired the integrity of the computer systems in Defendant's robots.'" (Doc. 50 at 1.) In other words, Restore argues that Intuitive fails to state a claim because it does not plead allegations of "damage," which is defined by the CFAA as "any impairment to the integrity or availability of . . . a system." 18 U.S.C. § 1030(e)(8). Restore is wrong. The CFAA requires only that Intuitive plead "damage *or* loss"; Intuitive need not plead both. 18 U.S.C. § 1030(g) (emphasis added).[3]

Accordingly, the alleged loss required to state a claim need not be connected to an interruption of service, and need not cause "damage" as defined by the CFAA. *See Aquent LLC v. Stapleton*, 65 F. Supp. 3d 1339, 1344 n.6 (M.D. Fla. 2014) ("Aquent's alleged loss of the cost of responding to an offense and conducting a damage assessment does not need to be connected to interruption of service to state a claim under the CFAA."); *Brown Jordan Int'l, Inc. v. Carmicle*, 846 F.3d 1167, 1174 (11th Cir. 2017) (finding "reasonable costs incurred in connection with such activities as responding to a violation, assessing the damage done, and restoring the affected data, program system, or information to its

---

[3] To the extent Restore means to argue that an "actual" intrusion to a computer system is required under the CFAA, that argument must be rejected under the plain terms of the statute that permit liability in the event of an attempt. 18 U.S.C. § 1030(b).

condition prior to the violation" need not be related to an interruption in service). To state a "loss" under the CFAA, it is sufficient that Intuitive pleads that its employees and outside counsel reasonably incurred fees and expended time investigating and responding to the attempted hack. *See id*.[4]

Restore also argues, with no support, that Intuitive's fees and staff time cannot count as a "loss," because if they did, any party could base a CFAA claim on its legal expenses and thereby accomplish "an end run around the requirements of the statute." (Doc. 50 at 2.) Restore has it backwards; requiring allegations of damage *and* loss, as Restore argues, would distort the requirements of the statute. In any event, Restore cites no case or other authority holding that the alleged attorney's fees and staff time Intuitive reasonably incurred responding to Restore's attempted hack fall short of the CFAA's "loss" element, and the cases cited above show that such fees meet that element. Intuitive therefore plausibly alleges each element of the CFAA claim.

---

[4] Restore relies on the Court's discussion of *Four Seasons*, which the Court provided as an example of how it is possible to show *damage* under the CFAA for an attempted violation. (*See* Doc. 44 at 16.) Restore is wrong to read that example as limiting Intuitive's CFAA theory to damage when, in fact, the Court ultimately concluded that Intuitive had not alleged damage *or* loss.

9

## II. Restore's Renewed Arguments From Past Briefing Also Fail.

Restore also purports to "renew its other arguments from the motion to dismiss the original counterclaims," but restates only two of them. (Doc. 50 at 2.)[5] First, Restore argues that the Amended Counterclaims fail to "plausibly allege how Restore would seek or obtain access *to robots* without authorization of the owner or exceed the authorization of the owner." (Doc. 50 at 2-3 (emphasis added).) Again, the attempted hack was directed at *Intuitive's* protected computer system, not a hospital's; thus, whether the Restore employee had physical access to a robot, or whether he was performing service on the robot, misses the point. (*See* Doc. 41 at 29.)

Second, Restore argues that the Amended Counterclaims fail to "plausibly explain how Restore intended to defraud the customer by removing the preventative maintenance message after Restore serviced the robot at the customer's request." (Doc. 50 at 3-4.) This argument fails as well. The Restore employee was attempting to override the preventative maintenance message on a

---

[5] This is an inappropriate shortcut around the rules requiring motions to fully state the bases for the relief requested, *see Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08cv498/MCR/EMT, 2010 WL 1792094, at *5 n.12 (N.D. Fla. May 4, 2010), *report and recommendation adopted*, No. 3:08cv498/MCR/EMT, 2010 WL 2278356 (N.D. Fla. June 4, 2010), but to the extent the Court considers "renewed" arguments that are not actually repeated in Restore's pending motion, Intuitive likewise renews its arguments in response. (*See* Doc. 41 at 25-31.)

customer's da Vinci Surgical System via illegal hacking, without explaining to the customer that this activity was being done through illegal access to Intuitive's computer system, and in violation of the customer's contract with Intuitive.  (*See* Doc. 41 at 29-30.)  Indeed, Restore's attempt to figure out a way to hack into this device cannot reasonably be interpreted to be a legitimate act after it performed "service" (likely inadequate) contrary to the customer's Agreement with Intuitive.  Attempts to hack into a system to remove a "preventative maintenance" notice on a complex device is a violation of the CFAA.  Intuitive has now adequately pled a claim based on this statute.

## CONCLUSION

For the foregoing reasons, Intuitive respectfully requests that the Court deny Restore's Motion in full.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Intuitive certifies this Memorandum complies with the word count limitation set forth in Local Rule 7.1(F) because it contains 2,318 words, excluding the parts exempted by said Local Rule.

Dated:  December 23, 2019	Respectfully submitted,

/s/ Allen Ruby
ALLEN RUBY (*Pro Hac Vice*)
LANCE A. ETCHEVERRY (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Tel: (650) 470-4500
allen.ruby@skadden.com
lance.etcheverry@skadden.com

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice Admission to be applied for*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

Counsel for Intuitive Surgical, Inc.