## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**RESTORE ROBOTICS, LLC**,
and **RESTORE ROBOTICS
REPAIRS, LLC**,

     **Plaintiffs**,

v.                                **Case No. 5:19cv55-TKW-MJF**

**INTUITIVE SURGICAL, INC.**,

     **Defendant**.
_____/

## ORDER DENYING MOTION TO DISMISS

This case is before the Court on Plaintiffs' motion to dismiss Count Six of Defendant's amended counterclaims (Doc 50). Upon due consideration of the motion and Defendant's response in opposition (Doc. 52), the Court finds that the motion is due to be denied because Count Six plausibly states a claim under the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. §1030(g).

Unlike the original version of this counterclaim in which Defendant failed to plausibly allege that it suffered damage (or loss) resulting from Plaintiffs alleged violation the CFAA through their "attempted hack" of the computer system in Defendant's surgical robots, *see* Doc. 44, at 17, the amended counterclaim alleged that "[i]n response to [Plaintiffs'] attempted hack, [Defendant's] staff and outside counsel were engaged to determine the scope of the potential intrusion and to assess

and plan [Defendant's] response, involving expenditures on legal services exceeding $5,000," Doc. 49, at 27 (¶59).  This allegation, which must be accepted as true at this stage of the case, is sufficient to establish that Defendant suffered a "loss" as a direct result of Plaintiffs' alleged violation of the CFAA.  *See* 18 U.S.C. §1030(e)(11) (defining "loss" to include "the cost of responding to an offense"); *Brown Jordan Int'l, Inc. v. Carmicle*, 846 F.3d 1167, 1174 (11th Cir. 2017) (holding that "[the plaintiff's] loss from [the defendant's] violation of the CFAA does not need to be related to an interruption of service in order to be compensable"); *Aquent LLC v. Stapleton*, 65 F. Supp. 3d 1339, 1345 (M.D. Fla. 2014) ("[The plaintiff's] alleged loss of the cost of responding to an offense and conducting a damage assessment does not need to be connected to interruption of service to state a claim under the CFAA.").

Accordingly, it is **ORDERED** that the motion to dismiss is **DENIED**.[1]

**DONE and ORDERED** this 7th day of January, 2020.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court rejects the "renewed" arguments in the motion to dismiss for the reasons stated in Defendant's response.  *See* Doc. 52, at 10-11.