# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIR LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>      Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>      Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIR LLC,<br><br>      Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

## JOINT STATUS REPORT

Plaintiffs/Counterclaim Defendants Restore Robotics LLC and Restore Robotics Repairs LLC (together, "Restore") and Defendant/Counterclaimant Intuitive Surgical, Inc. ("Intuitive") have conferred and submit this joint status report, pursuant to the Court's Scheduling and Mediation Order dated November 15, 2019.  (ECF No. 48.)

Current Status: The parties have been working cooperatively and diligently to move discovery forward to comply with the deadlines in the scheduling order. They have exchanged a substantial volume of written discovery requests and participated in productive meet and confer discussions that so far have allowed the parties to address potentially difficult issues without needing to seek the assistance of the Court. They have also served subpoenas to third parties and are in the midst of meet and confer discussions with counsel for the third parties.

Notwithstanding these efforts, the ability of litigants and third parties to collect and produce documents has been hampered by disruptions caused by the COVID-19 pandemic. In order to maintain physical distance consistent with federal and state public health guidelines and recommendations, Restore has limited the presence of employees at its headquarters in Atlanta. Restore has also been overwhelmed by the time required to stand up a new line of business – supplying tens of millions of masks and millions of respirators in the last six weeks – to fulfill urgent requests from hospitals for personal protective equipment. Finally, hospitals, who are the customers in the markets at issue in this case, are generally not in a position to receive and respond to subpoenas in any sort of timely or orderly fashion.

With respect to Intuitive, its headquarters is located in Santa Clara County, California, and, for the most part, the custodians pertinent to this case work at

headquarters and live in the surrounding area.  On March 16, 2020, Santa Clara County issued a rigorous shelter-in-place order, one of the first in the country. (*See* Exhibit A.)  Under this order, although some of the Company's manufacturing and operations employees continued to manufacture and distribute Intuitive's essential medical products from the Company's headquarters, the majority of the Company's employees was required to work from home.  The current shelter-in-place order in effect in Santa Clara County, which is set to expire on May 31, 2020, continues to restrict travel and requires residents to shelter in place, with the exception of engaging in certain essential and outdoor business activities.

The parties anticipate that given the work that remains with discovery, as well as ongoing and anticipated disruptions caused by the COVID-19 pandemic, they will need an extension of the October 30, 2020 fact discovery deadline by 90 days.  Although this extension would require moving out other deadlines in the scheduling order, the parties believe it will not impact the trial date, and anticipate this case being trial ready in or before February 2022, consistent with the Court's preference as noted in the scheduling order.

Written Discovery: The parties have actively engaged in written discovery requests of each other.  Restore has propounded 61 document production requests, 20 interrogatories, and 15 requests for admission on Intuitive.  Intuitive has propounded 64 document production requests, 11 interrogatories, and 27 requests

3

for admission on Restore.  So far, both parties have timely served responses to written discovery requests and continue to meet and confer to discuss issues on a near weekly basis.  These discussions have been productive and have helped to clarify and narrow disputed issues between the parties.  There are some unresolved disputes that the parties continue to work through and, if necessary, at the appropriate time one or both parties may file a motion with the court to resolve these issues.

Amending Pleadings and Joining Parties: As permitted in the scheduling order, the parties have agreed to extend the deadline for amending pleadings and joining parties to July 31, 2020.

Third Party Discovery: Restore and Intuitive have each served subpoenas on the following third parties: Rebotix Repair, LLC, TransEnterix, Inc., Medrobotics Corporation, and CMR Surgical.  Although third party discovery is moving forward, efforts to obtain documents from one of the subpoena recipients have stalled, as that company's president is reportedly recovering from COVID-19.  The parties anticipate serving additional subpoenas on third parties.

Depositions: No depositions have been scheduled, as necessary document collection and production is still ongoing.  In-person depositions will require significant air travel in this case as counsel and witnesses are located in different geographical areas across the country.  The parties are discussing when depositions

will begin and, anticipating that in-person depositions may not be feasible in the near future, whether and under what circumstances any depositions can be conducted remotely by video.

Expert Disclosures: The parties have brought claims and counterclaims in several complex areas of the law that may call for expert testimony. Restore has suggested, and Intuitive does not oppose, a change to the schedule for expert disclosures wherein expert reports regarding an issue on which a party has the burden of proof will be served in an initial round of disclosures, followed by disclosures from the experts of the opposing party, and allowing for reply reports. As a result, expert disclosures would take place in three stages: (1) plaintiff's (or counterclaimant's) initial expert reports, (2) defendant's (or counterdefendant's) initial expert reports, and (3) plaintiff's (or counterclaimant's) rebuttal expert reports. Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), plaintiff's or counterclaimant's rebuttal expert reports must be "intended solely to contradict or rebut evidence on the same subject matter identified" by the defendant or counterdefendant in its initial expert reports. The proposed dates below reflect that change in the sequencing of expert reports.

Discovery Deadlines: The scheduling order provides that discovery deadlines may be extended by (a) an agreement of the parties or (b) unanticipated extraordinary circumstances beyond the parties' control that are brought to the

Court's attention as soon as they arise. The parties will continue to make good faith efforts to move discovery forward, particularly with respect to document collection and production, but given the work that remains with discovery, and the unprecedented disruptions caused by the COVID-19 pandemic, anticipate requiring a 90-day extension of the fact discovery deadline. This extension would likely require extensions of the other deadlines in the scheduling order as follows, while still allowing for trial of this case in or before February 2022.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of fact discovery | 10/30/20 | 01/28/21 |
| Completion of mediation | 12/11/20 | 03/11/21 |
| Date to serve plaintiff's (or counterclaimant's) initial expert reports | 12/11/20 | 03/11/21 |
| Date to serve defendant's (or counterdefendant's) initial expert reports | n/a | 04/22/21 |
| Date to serve plaintiff's (or counterclaimant's) rebuttal expert reports | 01/22/21 | 05/20/21 |
| Close of expert discovery | 02/19/21 | 06/17/21 |
| Date to file summary judgment or other potentially dispositive motions and *Daubert* motions | 03/19/21 | 07/15/21 |
| Date to file responses to summary judgment or other potentially dispositive motions and *Daubert* motions | 04/16/21 | 08/12/21 |
| Date to file replies to summary judgment or other potentially dispositive motions and *Daubert* motions | 04/30/21 | 08/26/21 |
| Trial | In or before Feb. 2022 | In or before Feb. 2022 |

Request to Continue Case Management Conference: Should the Court agree to extend the deadlines consistent with the parties' joint request, the parties also respectfully request that the Court continue the telephonic case management conference scheduled for May 14, 2020 for 90 days to a day and time at the Court's convenience, to discuss the progress of the case.

Respectfully submitted on May 4, 2020.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS/COUNTERCLAIM DEFENDANTS**

*Admitted Pro Hac Vice

/s Allen Ruby
ALLEN RUBY (*Pro Hac Vice*)
LANCE A. ETCHEVERRY (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Tel: (650) 470-4500
allen.ruby@skadden.com
lance.etcheverry@skadden.com
KAREN HOFFMAN LENT (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000
karen.lent@skadden.com

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

**COUNSEL FOR DEFENDANT/COUNTERCLAIMANT**

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.