**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**RESTORE ROBOTICS, LLC,**
and **RESTORE ROBOTICS**
**REPAIRS, LLC,**

     **Plaintiffs,**

v.                                 **Case No. 5:19cv55-TKW-MJF**

**INTUITIVE SURGICAL, INC.,**

     **Defendant.**

_____/

## AGREED AMENDED PROTECTIVE ORDER

Upon the joint motion of the parties – Plaintiffs/Counterclaim Defendants

Restore Robotics LLC and Restore Robotics Repairs LLC (together, "Restore")

and Defendant/Counterclaimant Intuitive Surgical, Inc. ("Intuitive") (together,

"parties")– for amendment of the Agreed Protective Order (ECF No. 36), pursuant

to Fed. R. Civ. P. 26, and for other good cause appearing why such an order should

be entered;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the

parties shall be subject to the following conditions during the pendency of this

action:

1.     <u>Right to Designate Confidential and Highly Confidential Information</u>.

The parties and any third parties served with subpoenas in the above-

captioned matter (together, "producing party" or "producing parties") may

designate as Confidential Information or Highly Confidential Information, in the

manner set forth in this Protective Order, discovery materials that are produced or

furnished.  "Confidential Information" as used herein means any information that

the producing party believes in good faith constitutes, reflects, discloses or

contains information subject to protection under Fed. R. Civ. P. 26(c) or other

applicable law, whether it is a document (electronic or otherwise), information

contained in a document, information revealed during a deposition, information

revealed in an interrogatory response or information otherwise revealed.  Unless

otherwise directed by the Court, any transcript of an *in camera* proceeding shall be

treated as confidential pursuant to this Protective Order.  "Highly Confidential

Information" as used herein means Confidential Information which, if disclosed to

a competitor, could result in substantial business harm by revealing proprietary

licensing, marketing, design, development, research or business strategy

information.  Nonexclusive examples of such Highly Confidential Information

include strategic plans, marketing plans, brand plans, documents setting forth

marketing and sales strategies and data and documents revealing pricing or other

contractual data.  If any discovery materials have become "publicly available" as a

result of a breach of this agreement, or as the result of some improper or

inadvertent conduct, the parties agree nonetheless to treat such discovery materials

as Confidential Information or Highly Confidential Information as appropriate.

2.      Designation of Confidential Information or Highly Confidential

Information.  Specific documents and discovery responses produced by the

producing party shall, if appropriate, be designated as "Confidential Information"

or "Highly Confidential Information" by marking the pages of the document that

contain such information in the margin or header/footer of the document in a

manner that does not interfere with the document's legibility and does not obscure

or cover any of the document's text or information, as follows:

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

3.      Access to Confidential Information.  In the absence of written

permission from the producing party or an order of the Court, and except as

otherwise stated in the Protective Order, any Confidential Information produced in

accordance with the provisions of this Protective Order shall be used solely for the

purposes of this case, and its contents shall not be disclosed to any person other

than:

A.      personnel of the named parties in this case, including in-house

counsel, engaged in assisting in the litigation and who have been advised of

their obligations under this Protective Order;

B.     outside counsel for the parties and their associated attorneys, paralegals, stenographic and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the information for purposes of this case;

C.     independent consultants and/or experts, employed and/or formally retained to advise or to assist counsel in the preparation and/or trial of this case, provided that each such person shall sign an acknowledgement, in the form annexed hereto as Exhibit A ("the Acknowledgement"), acknowledging that he or she has read this Protective Order and shall abide by its terms;

D.     stenographic employees and court reporters recording or transcribing testimony in this case;

E.     the Court, any Special Master appointed by the Court and any members of their staffs to whom it is necessary to disclose the information; and

F.     any person not identified above who is scheduled to be a witness at deposition, hearing or trial in this action where the information is reasonably anticipated to relate to the testimony or knowledge of such witness.

4.      <u>Access to Highly Confidential Information</u>.  Highly Confidential Information produced by third parties may be used solely for the purposes of this case, and its contents shall not be disclosed to any person other than the individuals listed in Sections 3(B)-(E).  Any summaries, abstracts, digests or analyses of Highly Confidential Information prepared by an individual listed in Sections 3(B)-(C) shall only be shared with the in-house counsel for Intuitive set forth below, provided that any customer identifiable information or other competitively sensitive information is redacted from any such summaries, abstracts, digests or analyses.

In addition, the receiving party may show Highly Confidential Information to any other person during a deposition or hearing only to the extent that such person is a witness who would otherwise have been permitted access to such Highly Confidential Information prior to the deposition or hearing, unless otherwise agreed by the parties and/or third parties.  In no event shall a receiving party make disclosure of Confidential Information or Highly Confidential Information to employees, officers, directors, consultants or experts of any competitors of the parties and/or third parties, or anyone who at the time of disclosure is anticipated to become an employee, officer, director, consultant or expert of any competitor of the parties and/or third parties.

In addition to the individuals listed in Sections 3(B)-(E), Highly Confidential Information produced by the parties in the above captioned litigation may be disclosed to the following in-house attorneys from each entity party:  Scott Mosko and Kara Andersen Reiter from Intuitive, provided that each such in-house attorney shall sign the Acknowledgement.  To prevent access by other employees on the computer system, there shall be password protection for any Highly Confidential Information provided to any in-house attorney, unless otherwise agreed by the parties.

5.      Depositions.  Deposition testimony or any portion thereof may be designated as Confidential Information or Highly Confidential Information pursuant to this Protective Order by so stating on the record at the time of the deposition or within thirty (30) calendar days of receiving the transcript, during which time the deposition testimony shall be treated as Highly Confidential Information.  Any producing party in this case may designate as Confidential Information or Highly Confidential Information any document or information produced by, or testimony given by, any other person or entity that the producing party reasonably believes qualifies as such party's Confidential Information or Highly Confidential Information under this Protective Order.

6.      Third Party Production.  If any third party produces information that any party to this suit in good faith believes constitutes Confidential Information or

Highly Confidential Information, the party claiming confidentiality shall designate

the information as such within thirty (30) calendar days of its receipt of such

information.  Any party receiving information from a third party shall treat such

information as Highly Confidential Information during this thirty-day (30-day)

period while all parties have an opportunity to review the information and

determine whether it should be designated as Confidential Information or Highly

Confidential Information.  Any party designating third-party information as

Confidential Information or Highly Confidential Information shall have the same

rights as a producing party under this Protective Order with respect to such

information.  In addition, the third party producing information may designate as

Confidential Information or Highly Confidential Information, in the manner set

forth in this Protective Order, discovery materials that are produced or furnished in

response to a subpoena issued by this Court.

7.      Use Limited to This Litigation Only.  Persons receiving or having

knowledge of Confidential Information or Highly Confidential Information by

virtue of their participation in this case, or by virtue of obtaining any documents or

other Confidential Information or Highly Confidential Information produced or

disclosed under this Protective Order, shall use the Confidential Information or

Highly Confidential Information only as permitted by this Protective Order.

Counsel shall take reasonable steps to assure the security of any Confidential

Information or Highly Confidential Information and will limit access to

Confidential Information or Highly Confidential Information to those persons

authorized by this Protective Order.  All documents, including, but not limited to,

Confidential and Highly Confidential documents, answers to interrogatories,

deposition testimony, responses to requests for admissions and other information

(hereinafter referred to collectively as "discovery materials") discovered or

obtained by or on behalf of the parties, or their officers, directors, employees,

representatives, agents and attorneys, shall be used solely for the preparation, trial

and appeal of this action and not for any other purpose.

       8.     <u>Limitation on Copying</u>.  Nothing herein shall restrict a person

qualified to receive Confidential Information or Highly Confidential Information

under this Protective Order from making working copies, abstracts, digests and

analyses of such information for use in connection with this case and such working

copies, abstracts, digests and analyses shall be deemed to have the same level of

protection under the terms of this Protective Order.  Any Highly Confidential

Information produced by a third party as provided for in Section 4 may only be

shared with in-house counsel listed in Section 4, provided that (i) any customer

identifiable information or other competitively sensitive information is redacted;

and (2) counsel for the receiving party first secures the consent of the producing

party that produced the Highly Confidential Information prior to any disclosure.

Notwithstanding the foregoing, expert reports and other memoranda containing

work product that reflect Highly Confidential Information may be reviewed by in-

house counsel listed in Section 4 provided that such references to Highly

Confidential Information are redacted.  Such redacted or modified versions of any

Highly Confidential Information shall otherwise be treated as Highly Confidential

Information under the terms of this Protective Order.  A qualified recipient shall at

all times keep secure all notes, abstractions or other work product derived from or

containing Confidential Information or Highly Confidential Information; shall be

obligated to maintain the confidentiality of such work product; and shall not

disclose or reveal the contents of said notes, abstractions or other work product

after the documents, materials or other things, or portions thereof (and the

information contained therein) are returned and surrendered.  Nothing in this

agreement requires the receiving party's counsel to disclose work product at the

conclusion of the case.  Nothing contained in this Protective Order shall preclude

any party from using its own Confidential Information or Highly Confidential

Information in any manner it sees fit, without prior consent of any party or the

Court.

      9.     File Under Seal.  Where a party seeks to file a pleading, motion or

other submission that contains Confidential Information or Highly Confidential

Information, no party shall file a document under seal without first having obtained

an order granting leave to file under seal on a showing of particularized need

pursuant to Rule 5.5 of the Local Rules of the Northern District of Florida.  When

submitting deposition testimony that has been designated as Confidential

Information or Highly Confidential Information, the filing party shall, to the extent

reasonably possible, attach or reference only the cover page of the transcript and

those pages of deposition transcript that are being relied upon by the filing party.

       10.    <u>Notice of Other Court Subpoena or Order</u>.  Any producing party that

is served with a subpoena or other notice compelling the production of

Confidential Information or Highly Confidential Information produced by another

party must immediately give written notice of such subpoena or other notice to the

original producing party of:  (1) the Confidential Information or Highly

Confidential Information that is requested for production in the subpoena; (2) the

date on which compliance with the subpoena is requested; (3) the location at which

compliance with the subpoena is requested; (4) the identity of the party serving the

subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge,

civil action or other identification number or other designation identifying the

litigation, administrative proceeding or other proceeding in which the subpoena or

other process has been issued.  In no event shall Confidential Information or

Highly Confidential Information be produced prior to the expiration of fifteen (15)

calendar days following the transmission of written notice unless production in

fewer than fifteen (15) days is required by the order seeking the Confidential

Information or Highly Confidential Information.  Upon receiving such notice, the

original producing party shall bear the burden of opposing, if it deems appropriate,

the subpoena on grounds of confidentiality.

11.     Use in Court.  Nothing in this Protective Order shall be construed to

bear upon, in any manner, the admissibility at trial or in any other court proceeding

of any document, testimony or other evidence.  Additionally, nothing in this

Protective Order shall govern the use of "Confidential Information" or "Highly

Confidential Information" at any trial of this action.  The parties will meet and

confer to determine appropriate procedures in advance of trial and present any

issues to the Court, as appropriate.

Unless filed under seal or in connection with a motion to seal filed under

Local Civil Rule 5.5, a party who seeks to introduce or disclose Confidential or

Highly Confidential Information produced by a third party at a hearing or other

pre-trial proceeding will confer in good faith with the producing party to prevent

public disclosure of such information.  Any third party has the right to seek

protections against public disclosure from the Court.  The parties agree that any

Court filing that either party makes that contains Confidential or Highly

Confidential Material produced by a third party will be filed under seal in

accordance with Paragraph 9 of the Protective Order.

12.     <u>Challenges to Designation of Confidentiality</u>.  Any party desiring to contest the designation of specific documents, information or testimony as Confidential Information or Highly Confidential Information may do so at any time and shall give the producing party notice in writing, including the listing of any such document(s) or the Bates ranges for the document(s), or the specific testimony with line and page numbers of the transcripts, and shall provide a brief explanation of the basis for contesting the designation of each document or testimony contested (the "Notice").  If the same document in the Notice appears in the production at other Bates numbers, the Notice shall be deemed to be sufficient for all such documents.  The Notice shall be sufficient if it identifies each document or testimony being challenged and states the basis for each challenge.  If the parties cannot stipulate to the designation of a document or testimony within thirty (30) days of the producing party's receipt of the Notice, any party to this agreement may challenge the propriety of the designation of any document or testimony as Confidential Information or Highly Confidential Information by motion to the Court, with written notice to all parties.  Pending a Court determination, no document designated as Confidential Information or Highly Confidential Information under this Protective Order shall be disseminated other than as provided by this Protective Order unless otherwise ordered by the Court or as stipulated by the parties.

13.     <u>Challenges to Designation of Privilege</u>.  Nothing in this Protective

Order shall affect or alter any attorney-client privilege, work product immunity or

any other privilege or immunity.  Any party seeking to challenge a claim of

privilege, or to challenge a failure to provide a complete privilege log, shall use its

best efforts to meet and confer with the producing party asserting the privilege in a

timely manner to attempt to resolve the issue(s) prior to submitting a challenge to

the Court.  If a meet and confer does not resolve all issues, any party seeking to

challenge a claim of privilege or to require the production of a privilege log may

submit a motion challenging the privilege claim or compelling the production of a

privilege log.  The motion to challenge a privilege claim shall identify the specific

entries on the producing party's privilege log that the receiving party challenges.

Although the burden remains on the producing party to establish the privilege, the

party challenging the designation shall have the opportunity to file a reply to the

producing party's brief.  If the Court finds that the content of a party's privilege

log is inadequate, the Court shall identify the privilege log entries that it believes

are insufficient and provide the producing party asserting the privilege with a

reasonable time to supplement the information in the privilege log.  If a party

challenges the assertion of privilege with regard to certain documents as a

substantive matter, the Court shall conduct an *in camera* review of either:  (i) the

contested documents; or (ii) a reasonable number of representative documents

selected by the responding party, as well as a reasonable number of additional documents selected by the requesting party. The producing party asserting the privilege shall have the opportunity to provide affidavits, argument and *in camera* explanations of the privileged nature of the documents at issue to ensure that the Court has complete information upon which to base its privilege determinations. The Court shall provide an initial ruling as to whether or not claims of privilege should be upheld. If the Court determines that a claim of privilege is not valid with regard to one of more documents, the producing party asserting the privilege shall have 30 days to produce the documents at issue or file a motion to reconsider the Court's finding.

14.     Inadvertent Production. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the producing party from designating said document or information as Confidential Information or Highly Confidential Information at a later date. Any producing party may designate as Confidential Information or Highly Confidential Information or withdraw a Confidential Information or Highly Confidential Information designation from any material that it has produced; provided, however, that such re-designation shall be effective only as of the date of such re-designation. The receiving party must treat such documents and things with the noticed level of protection from the date such

notice is received.  Such re-designation shall be accomplished by notifying counsel

for each party in writing of such re-designation and providing replacement images

bearing the appropriate description.  Upon receipt of any re-designation and

replacement image that designates material as Confidential Information or Highly

Confidential Information, the receiving party shall:  (1) treat such material in

accordance with this Protective Order; (2) take reasonable steps to notify any

persons known to have possession of any such material of such re-designation

under this Protective Order; and (3) promptly endeavor to procure all copies of

such material from any persons known to have possession of such material who are

not entitled to receipt of such material under this Protective Order.  Inadvertent

production of documents subject to work-product immunity, the attorney-client

privilege or other legal privilege protecting information from discovery shall not

constitute a waiver of the immunity or privilege, provided that the producing party

shall notify the receiving party in writing within a reasonable period of time from

the discovery of the inadvertent production.  If such notification is made, such

inadvertently produced documents and all copies thereof shall, upon request, be

destroyed or returned to the producing party, all notes or other work product of the

receiving party reflecting the contents of such materials shall be destroyed, and

such returned or destroyed material shall be deleted from any litigation-support or

other database.

15.     Unauthorized Disclosure.  If a receiving party learns of any unauthorized disclosure of Confidential Information or Highly Confidential Information by parties or counsel in this case, it shall immediately inform counsel for the producing party in writing of all pertinent facts relating to such disclosure.

16.     Return or Destruction at End of Action.  Upon final termination of this matter, whether by judgment, settlement or otherwise, upon written request from counsel for the producing party, counsel for the receiving party shall return to counsel for the producing party all materials and all copies thereof in his or her possession that were designated as either Confidential Information or Highly Confidential Information and/or, in the alternative, provide a written statement to counsel for the producing party that all copies of such materials in his or her possession, including copies upon which any notes have been made, have been destroyed.

17.     Miscellaneous Provisions.  It is expressly understood by and between the producing parties that in producing Confidential Information and Highly Confidential Information in this case, the producing parties shall be relying upon the terms and conditions of this Protective Order.  This Protective Order shall continue in force unless amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this case.

16

**SO ORDERED** this ___ day of April, 2020.

_____

**T. KENT WETHERELL, II**

**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

RESTORE ROBOTICS LLC and
RESTORE ROBOTICS REPAIR LLC,

               Plaintiffs,

    v.

INTUITIVE SURGICAL, INC.,

               Defendant.

INTUITIVE SURGICAL, INC.,

               Counterclaimant,

    v.

RESTORE ROBOTICS LLC and
RESTORE ROBOTICS REPAIR LLC,

               Counterclaim Defendants.

Civil Case No. 5:19-cv-55-TKW-MJF

## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY CONFIDENTIALITY AGREEMENT

**The undersigned agrees**:

I declare under penalty of perjury that I have read in its entirety and understand the Agreement that was entered into by the parties and entered by the Court in the above-captioned case pending in the United States District Court for the Northern District of Florida.

I agree to comply with and to be bound by all the terms of this Agreement, and I understand and acknowledge that failure to so comply could expose me to legal punishment.  I solemnly promise that I will not disclose in any manner any

19

information or item that is subject to this Agreement to any person or entity except as permitted by the provisions of this Agreement.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Florida for the purpose of enforcing terms of this Agreement, even if such enforcement proceedings occur after termination of this case.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature:_____