## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**RESTORE ROBOTICS, LLC,**
and **RESTORE ROBOTICS**
**REPAIRS, LLC,**

      **Plaintiffs,**

v.                            **Case No. 5:19cv55-TKW-MJF**

**INTUITIVE SURGICAL, INC.,**

      **Defendant.**

_____/

## AGREED AMENDED PROTECTIVE ORDER

Upon the joint motion of the parties – Plaintiffs/Counterclaim Defendants

Restore Robotics LLC and Restore Robotics Repairs LLC (together, "Restore")

and Defendant/Counterclaimant Intuitive Surgical, Inc. ("Intuitive") (together,

"parties")– for amendment of the Agreed Protective Order (ECF No. 36), pursuant

to Fed. R. Civ. P. 26, and for other good cause appearing why such an order should

be entered;

     **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the

parties shall be subject to the following conditions during the pendency of this

action:

1.     Right to Designate Confidential and Highly Confidential Information.

The parties and any third parties served with subpoenas in the above-captioned

matter (together, "producing party" or "producing parties") may designate as

Confidential Information or Highly Confidential Information, in the manner set forth

in this Protective Order, discovery materials that are produced or furnished.

"Confidential Information" as used herein means any information that the producing

party believes in good faith constitutes, reflects, discloses or contains information

subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it

is a document (electronic or otherwise), information contained in a document,

information revealed during a deposition, information revealed in an interrogatory

response or information otherwise revealed.  Unless otherwise directed by the

Court, any transcript of an *in camera* proceeding shall be treated as confidential

pursuant to this Protective Order.  "Highly Confidential Information" as used herein

means Confidential Information which, if disclosed to a competitor, could result in

substantial business harm by revealing proprietary licensing, marketing, design,

development, research or business strategy information.  Nonexclusive examples of

such Highly Confidential Information include strategic plans, marketing plans, brand

plans, documents setting forth marketing and sales strategies and data and

documents revealing pricing or other contractual data.  If any discovery materials

2

have become "publicly available" as a result of a breach of this agreement, or as the result of some improper or inadvertent conduct, the parties agree nonetheless to treat such discovery materials as Confidential Information or Highly Confidential Information as appropriate.

2.     Designation of Confidential Information or Highly Confidential Information.  Specific documents and discovery responses produced by the producing party shall, if appropriate, be designated as "Confidential Information" or "Highly Confidential Information" by marking the pages of the document that contain such information in the margin or header/footer of the document in a manner that does not interfere with the document's legibility and does not obscure or cover any of the document's text or information, as follows: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

3.     Access to Confidential Information.  In the absence of written permission from the producing party or an order of the Court, and except as otherwise stated in the Protective Order, any Confidential Information produced in accordance with the provisions of this Protective Order shall be used solely for the purposes of this case, and its contents shall not be disclosed to any person other than:

3

A.     personnel of the named parties in this case, including in-house counsel, engaged in assisting in the litigation and who have been advised of their obligations under this Protective Order;

B.     outside counsel for the parties and their associated attorneys, paralegals, stenographic and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the information for purposes of this case;

C.     independent consultants and/or experts, employed and/or formally retained to advise or to assist counsel in the preparation and/or trial of this case, provided that each such person shall sign an acknowledgement, in the form annexed hereto as Exhibit A ("the Acknowledgement"), acknowledging that he or she has read this Protective Order and shall abide by its terms;

D.     stenographic employees and court reporters recording or transcribing testimony in this case;

E.     the Court, any Special Master appointed by the Court and any members of their staffs to whom it is necessary to disclose the information; and

4

F.      any person not identified above who is scheduled to be a witness at deposition, hearing or trial in this action where the information is reasonably anticipated to relate to the testimony or knowledge of such witness.

4.      Access to Highly Confidential Information.  Highly Confidential Information produced by third parties may be used solely for the purposes of this case, and its contents shall not be disclosed to any person other than the individuals listed in Sections 3(B)-(E).  Any summaries, abstracts, digests or analyses of Highly Confidential Information prepared by an individual listed in Sections 3(B)-(D) or contained in Court filing, such as a brief or a motion, shall not be considered Highly Confidential InformationC) shall only be shared with the in-house counsel for Intuitive set forth below, provided that any customer identifiable information or other competitively sensitive information is redacted from any such summaries, abstracts, digests or analyses.

In addition, the receiving party may show Highly Confidential Information to any other person during a deposition or hearing only to the extent that such person is a witness who would otherwise have been permitted access to such Highly Confidential Information prior to the deposition or hearing, unless otherwise agreed by the parties and/or third parties.  In no event shall a receiving party make

disclosure of Confidential Information or Highly Confidential Information to employees, officers, directors, consultants or experts of any competitors of the parties and/or third parties, or anyone who at the time of disclosure is anticipated to become an employee, officer, director, consultant or expert of any competitor of the parties and/or third parties.

In addition to the individuals listed in Sections 3(B)-(E), Highly Confidential Information produced by the parties in the above captioned litigation may be disclosed to the following in-house attorneys from each entity party:  Scott Mosko and Kara Andersen Reiter from Intuitive, provided that each such in-house attorney shall sign the Acknowledgement.  To prevent access by other employees on the computer system, there shall be password protection for any Highly Confidential Information provided to any in-house attorney, unless otherwise agreed by the parties.

5.     Depositions.  Deposition testimony or any portion thereof may be designated as Confidential Information or Highly Confidential Information pursuant to this Protective Order by so stating on the record at the time of the deposition or within thirty (30) calendar days of receiving the transcript, during which time the deposition testimony shall be treated as Highly Confidential Information.  Any producing party in this case may designate as Confidential Information or Highly

Confidential Information any document or information produced by, or testimony given by, any other person or entity that the producing party reasonably believes qualifies as such party's Confidential Information or Highly Confidential Information under this Protective Order.

6.   Third Party Production.   If any third party produces information that any party to this suit in good faith believes constitutes Confidential Information or Highly Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) calendar days of its receipt of such information.  Any party receiving information from a third party shall treat such information as Highly Confidential Information during this thirty-day (30-day) period while all parties have an opportunity to review the information and determine whether it should be designated as Confidential Information or Highly Confidential Information.  Any party designating third-party information as Confidential Information or Highly Confidential Information shall have the same rights as a producing party under this Protective Order with respect to such information.  In addition, the third party producing information may designate as Confidential Information or Highly Confidential Information, in the manner set forth in this Protective Order, discovery materials that are produced or furnished in response to a subpoena issued by this Court.

7

7. <u>Use Limited to This Litigation Only</u>.  Persons receiving or having knowledge of Confidential Information or Highly Confidential Information by virtue of their participation in this case, or by virtue of obtaining any documents or other Confidential Information or Highly Confidential Information produced or disclosed under this Protective Order, shall use the Confidential Information or Highly Confidential Information only as permitted by this Protective Order.  Counsel shall take reasonable steps to assure the security of any Confidential Information or Highly Confidential Information and will limit access to Confidential Information or Highly Confidential Information to those persons authorized by this Protective Order.  All documents, including, but not limited to, Confidential and Highly Confidential documents, answers to interrogatories, deposition testimony, responses to requests for admissions and other information (hereinafter referred to collectively as "discovery materials") discovered or obtained by or on behalf of the parties, or their officers, directors, employees, representatives, agents and attorneys, shall be used solely for the preparation, trial and appeal of this action and not for any other purpose.

8. <u>Limitation on Copying</u>.  Nothing herein shall restrict a person qualified to receive Confidential Information or Highly Confidential Information under this Protective Order from making working copies, abstracts, digests and analyses of

8

such information for use in connection with this case and such working copies,

abstracts, digests and analyses shall be deemed to have the same level of protection

under the terms of this Protective Order.  Any Highly Confidential Information ~~that~~

~~is redacted or modified to remove~~produced by a third party as provided for in

Section 4 may only be shared with in-house counsel listed in Section 4, provided

that (i) any customer identifiable information or other competitively sensitive

information ~~as provided for in Section 4 can also be shared with the~~is redacted; and

(2) counsel for the receiving party first secures the consent of the producing party

that produced the Highly Confidential Information prior to any disclosure.

Notwithstanding the foregoing, expert reports and other memoranda containing

work product that reflect Highly Confidential Information may be reviewed by in-

house counsel listed in Section 4~~, but~~ provided that such references to Highly

Confidential Information are redacted.  Such redacted or modified versions of any

Highly Confidential Information shall otherwise be treated as Highly Confidential

Information under the terms of this Protective Order.  A qualified recipient shall at

all times keep secure all notes, abstractions or other work product derived from or

containing Confidential Information or Highly Confidential Information; shall be

obligated to maintain the confidentiality of such work product; and shall not

disclose or reveal the contents of said notes, abstractions or other work product

9

after the documents, materials or other things, or portions thereof (and the information contained therein) are returned and surrendered.  Nothing in this agreement requires the receiving party's counsel to disclose work product at the conclusion of the case.  Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information or Highly Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

9.     File Under Seal.  Where a party seeks to file a pleading, motion or other submission that contains Confidential Information or Highly Confidential Information, no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need pursuant to Rule 5.5 of the Local Rules of the Northern District of Florida.  When submitting deposition testimony that has been designated as Confidential Information or Highly Confidential Information, the filing party shall, to the extent reasonably possible, attach or reference only the cover page of the transcript and those pages of deposition transcript that are being relied upon by the filing party.

10.     Notice of Other Court Subpoena or Order.  Any producing party that is served with a subpoena or other notice compelling the production of Confidential Information or Highly Confidential Information produced by another party must

immediately give written notice of such subpoena or other notice to the original

producing party of:  (1) the Confidential Information or Highly Confidential

Information that is requested for production in the subpoena; (2) the date on which

compliance with the subpoena is requested; (3) the location at which compliance

with the subpoena is requested; (4) the identity of the party serving the subpoena;

and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action

or other identification number or other designation identifying the litigation,

administrative proceeding or other proceeding in which the subpoena or other

process has been issued.  In no event shall Confidential Information or Highly

Confidential Information be produced prior to the expiration of fifteen (15) calendar

days following the transmission of written notice unless production in fewer than

fifteen (15) days is required by the order seeking the Confidential Information or

Highly Confidential Information.  Upon receiving such notice, the original

producing party shall bear the burden of opposing, if it deems appropriate, the

subpoena on grounds of confidentiality.

11.    Use ~~at Trial~~in Court.  Nothing in this Protective Order shall be

construed to bear upon, in any manner, the admissibility at trial or in any other court

proceeding of any document, testimony or other evidence.  Additionally, nothing in

this Protective Order shall govern the use of "Confidential Information" or "Highly

Confidential Information" at any trial of this action.  The parties will meet and confer to determine appropriate procedures in advance of trial and present any issues to the Court, as appropriate.

Unless filed under seal or in connection with a motion to seal filed under Local Civil Rule 5.5, a party who seeks to introduce or disclose Confidential or Highly Confidential Information produced by a third party at a hearing or other pre-trial proceeding will confer in good faith with the producing party to prevent public disclosure of such information.  Any third party has the right to seek protections against public disclosure from the Court.  The parties agree that any Court filing that either party makes that contains Confidential or Highly Confidential Material produced by a third party will be filed under seal in accordance with Paragraph 9 of the Protective Order.

12.     Challenges to Designation of Confidentiality.  Any party desiring to contest the designation of specific documents, information or testimony as Confidential Information or Highly Confidential Information may do so at any time and shall give the producing party notice in writing, including the listing of any such document(s) or the Bates ranges for the document(s), or the specific testimony with line and page numbers of the transcripts, and shall provide a brief explanation of the basis for contesting the designation of each document or testimony contested (the

12

"Notice"). If the same document in the Notice appears in the production at other

Bates numbers, the Notice shall be deemed to be sufficient for all such documents.

The Notice shall be sufficient if it identifies each document or testimony being

challenged and states the basis for each challenge. If the parties cannot stipulate to

the designation of a document or testimony within thirty (30) days of the producing

party's receipt of the Notice, any party to this agreement may challenge the

propriety of the designation of any document or testimony as Confidential

Information or Highly Confidential Information by motion to the Court, with written

notice to all parties. Pending a Court determination, no document designated as

Confidential Information or Highly Confidential Information under this Protective

Order shall be disseminated other than as provided by this Protective Order unless

otherwise ordered by the Court or as stipulated by the parties.

13. <u>Challenges to Designation of Privilege</u>. Nothing in this Protective

Order shall affect or alter any attorney-client privilege, work product immunity or

any other privilege or immunity. Any party seeking to challenge a claim of

privilege, or to challenge a failure to provide a complete privilege log, shall use its

best efforts to meet and confer with the producing party asserting the privilege in a

timely manner to attempt to resolve the issue(s) prior to submitting a challenge to

the Court. If a meet and confer does not resolve all issues, any party seeking to

13

challenge a claim of privilege or to require the production of a privilege log may

submit a motion challenging the privilege claim or compelling the production of a

privilege log.  The motion to challenge a privilege claim shall identify the specific

entries on the producing party's privilege log that the receiving party challenges.

Although the burden remains on the producing party to establish the privilege, the

party challenging the designation shall have the opportunity to file a reply to the

producing party's brief.  If the Court finds that the content of a party's privilege log

is inadequate, the Court shall identify the privilege log entries that it believes are

insufficient and provide the producing party asserting the privilege with a

reasonable time to supplement the information in the privilege log.  If a party

challenges the assertion of privilege with regard to certain documents as a

substantive matter, the Court shall conduct an *in camera* review of either:  (i) the

contested documents; or (ii) a reasonable number of representative documents

selected by the responding party, as well as a reasonable number of additional

documents selected by the requesting party.  The producing party asserting the

privilege shall have the opportunity to provide affidavits, argument and *in camera*

explanations of the privileged nature of the documents at issue to ensure that the

Court has complete information upon which to base its privilege determinations.

The Court shall provide an initial ruling as to whether or not claims of privilege

14

should be upheld.  If the Court determines that a claim of privilege is not valid with regard to one of more documents, the producing party asserting the privilege shall have 30 days to produce the documents at issue or file a motion to reconsider the Court's finding.

14.     Inadvertent Production.  Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the producing party from designating said document or information as Confidential Information or Highly Confidential Information at a later date.  Any producing party may designate as Confidential Information or Highly Confidential Information or withdraw a Confidential Information or Highly Confidential Information designation from any material that it has produced; provided, however, that such re-designation shall be effective only as of the date of such re-designation.  The receiving party must treat such documents and things with the noticed level of protection from the date such notice is received.  Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation and providing replacement images bearing the appropriate description.  Upon receipt of any re-designation and replacement image that designates material as Confidential Information or Highly Confidential Information, the receiving party shall:  (1) treat such material in

15

accordance with this Protective Order; (2) take reasonable steps to notify any

persons known to have possession of any such material of such re-designation under

this Protective Order; and (3) promptly endeavor to procure all copies of such

material from any persons known to have possession of such material who are not

entitled to receipt of such material under this Protective Order.  Inadvertent

production of documents subject to work-product immunity, the attorney-client

privilege or other legal privilege protecting information from discovery shall not

constitute a waiver of the immunity or privilege, provided that the producing party

shall notify the receiving party in writing within a reasonable period of time from

the discovery of the inadvertent production.  If such notification is made, such

inadvertently produced documents and all copies thereof shall, upon request, be

destroyed or returned to the producing party, all notes or other work product of the

receiving party reflecting the contents of such materials shall be destroyed, and such

returned or destroyed material shall be deleted from any litigation-support or other

database.

15.    Unauthorized Disclosure.  If a receiving party learns of any

unauthorized disclosure of Confidential Information or Highly Confidential

Information by parties or counsel in this case, it shall immediately inform counsel

for the producing party in writing of all pertinent facts relating to such disclosure.

16

16.     Return or Destruction at End of Action.  Upon final termination of this matter, whether by judgment, settlement or otherwise, upon written request from counsel for the producing party, counsel for the receiving party shall return to counsel for the producing party all materials and all copies thereof in his or her possession that were designated as either Confidential Information or Highly Confidential Information and/or, in the alternative, provide a written statement to counsel for the producing party that all copies of such materials in his or her possession, including copies upon which any notes have been made, have been destroyed.

17.     Miscellaneous Provisions.  It is expressly understood by and between the producing parties that in producing Confidential Information and Highly Confidential Information in this case, the producing parties shall be relying upon the terms and conditions of this Protective Order.  This Protective Order shall continue in force unless amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this case.


    **SO ORDERED** this ___ day of April, 2020.

                                    _____

                            **T. KENT WETHERELL, II**

                            **UNITED STATES DISTRICT JUDGE**
                                         17

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

|  |  |
|---|---|
| RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIR LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>        Defendant. | Civil Case No. 5:19-cv-55-TKW-MJF |
| INTUITIVE SURGICAL, INC.,<br><br>        Counterclaimant,<br><br>    v.<br><br>RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIR LLC,<br><br>        Counterclaim Defendants. |  |

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY CONFIDENTIALITY AGREEMENT**

**The undersigned agrees**:

I declare under penalty of perjury that I have read in its entirety and understand the Agreement that was entered into by the parties and entered by the Court in the above-captioned case pending in the United States District Court for the Northern District of Florida.

I agree to comply with and to be bound by all the terms of this Agreement, and I understand and acknowledge that failure to so comply could expose me to legal

Redline Restore v Intuitive - Amended Protective Order and Amended Protective Order for Third Parties  854260v4 7/14/2020 6:48:00 PM

punishment.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Agreement to any person or entity except as permitted by the provisions of this Agreement.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Florida for the purpose of enforcing terms of this Agreement, even if such enforcement proceedings occur after termination of this case.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature:_____

| Summary report: | |
| --- | --- |
| **Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 7/14/2020 6:48:00 PM** | |
| **Style name:** #Skadden (Strikethrough, Double Score, No Moves) | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Restore v Intuitive - Amended Protective Order.docx | |
| **Modified DMS:** dm://LACSR01A/854260/4 | |
| **Description:** Amended Protective Order for Third Parties | |
| **Changes:** | |
| Add | 13 |
| Delete | 5 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 18 |