# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD PLAINTIFF WITH SUPPORTING MEMORANDUM

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
101 Harrison Avenue
Panama City, FL 32401

COUNSEL FOR PLAINTIFFS

February 19, 2021

Plaintiffs Restore Robotics LLC and Restore Robotics Repairs LLC move for leave to file a Second Amended Complaint ("SAC") under Fed. R. Civ. Proc. 15 and 21. The SAC is attached as Exhibit 1. The First Amended Complaint ("FAC") alleges that Defendant Intuitive Surgical, Inc. is monopolizing trade in the worldwide and domestic aftermarkets for service of da Vinci surgical robots and the worldwide and domestic aftermarkets for service and replacement of EndoWrist surgical robot instruments. (Doc. 14.) The current deadline for adding parties or amending pleadings is February 19, 2021.[1] (Doc. 64).

The SAC would add two Oklahoma state antitrust claims for access to an essential facility based on alleged facts occurring in Oklahoma after the filing of the FAC. (SAC ¶¶ 64-75, 99-100, 130-35.) The Oklahoma antitrust statute expressly provides a separate claim for access to an essential facility. 79 Okla. Stat. § 203.C. Starting in May 2020, Intuitive has allegedly used its exclusive control of the Distributor's Toolkit and the Usage Counter to prevent Ardent Healthcare from using Restore to provide da Vinci robot service and EndoWrist instrument

---

[1] The Court has allowed the parties to extend the deadline for adding parties or amending pleadings by agreement. The parties have extended that deadline numerous times to account for the delays in the production of documents. Restore has also sought to avoid piecemeal amendments of its complaint before the deadline for amending the complaint. Nevertheless, Restore does not want the Second Amended Complaint to lead to any further extensions of the case schedule. Therefore, Restore seeks leave now – rather than seeking an additional extension of the deadline for amending its complaint.

replacement at Hillcrest Medical Center and Hillcrest Hospital South in Tulsa, Oklahoma. (SAC ¶¶ 64-75, 99-100.) These events are memorialized in documents produced in discovery by Ardent, Restore, and Intuitive.

In addition to proving monopoly power under the traditional formulation under federal antitrust law, Restore would have to show that it is unable to practically or reasonably duplicate the Distributor's Toolkit for robot service or the Usage Counter for instrument service and it would be feasible to allow Restore to use or have access to without causing harm to or unreasonably interfering with Intuitive. 79 Okla. Stat. § 203.D.3. The remedy is access to the Distributor's Toolkit or the Usage Counter on reasonable terms. 79 Okla. Stat. § 203.C. Restore seeks to bring the state essential facility claims here and now, along with its federal antitrust claims for monopolization, rather than bringing a separate action for its Oklahoma essential facility claims.

The SAC would also add one plaintiff, Plaintiff Clif Parker Robotics LLC ("CPR"), to the existing claims under the Sherman Act based on alleged facts occurring after the filing of the FAC regarding the purchase and sale of unused EndoWrist surgical robot instruments. (SAC ¶ 101.) CPR is operated by Clif Parker, who is majority owner of Plaintiff Restore Robotics LLC. (SAC ¶ 1.) During document collection, Restore informed Intuitive that Restore intended to add CPR as a party at the amendment deadline and would include CPR in its party discovery.

2

The standard here is the same for leave to amend the complaint under Rule 15(a) or add parties under Rule 21. *Loggerhead Turtle v. Cty. Council of Volusia Cty., Fla.*, 148 F.3d 1231, 1255 (11th Cir. 1998). "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). There has been no undue delay by Restore. The motion was filed within the deadline agreed by the parties. 148 F.3d at 1255.

Furthermore, there will be no undue prejudice to Intuitive. The parties are more than 100 days from the close of fact discovery. (See Doc. 64.) Intuitive has not even substantially completed its initial document production. In any event, the remedy would be an extension of the schedule. There is no evidence that Intuitive would be prejudiced by an additional extension of the schedule if one were necessary. *See id.* at 1257.

For all the foregoing reasons, the motion for leave should be granted.

Respectfully submitted on February 19, 2021.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.

Pursuant to Local Rule 7.1(F), the memorandum contains 669 words.