IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

**INTUITIVE'S OPPOSITION TO
RESTORE'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to the Court's Order Requiring Additional Briefing (ECF No. 69, the "Order"), Defendant/Counterclaimant Intuitive Surgical, Inc. ("Intuitive") hereby responds to the Motion for Leave to Amend Complaint and Add Plaintiff (ECF No. 67, the "Motion" or "Mot.") filed by Plaintiffs/Counterclaim Defendants

Restore Robotics LLC and Restore Robotics Repairs LLC (collectively, "Restore").

## PRELIMINARY STATEMENT

Restore seeks leave to file a Second Amended Complaint (ECF No. 67-1, the "Proposed SAC") that would add two claims alleging that Intuitive's distributor's toolkit and EndoWrist instrument usage counter are "essential facilities" that Intuitive must provide Restore with access to pursuant to Section 203(C) of the Oklahoma Antitrust Reform Act, Okla. Stat. 79 § 203(C).

The Court should deny the Motion because Restore's proposed claims are futile for two reasons. ***First***, this Court already dismissed nearly identical essential facilities theories that Restore asserted under federal antitrust law, and the same outcome would necessarily follow under the Oklahoma Antitrust Reform Act because that statute expressly states that it "shall be interpreted in a manner consistent with Federal Antitrust Law." Okla. Stat. Ann. 79, § 212. Indeed, courts have repeatedly held that failure to state an essential facilities claim under federal antitrust law mandates dismissal of such a claim under Oklahoma antitrust law.

***Second***, even if the Court were to conclude that Restore's proposed state law claims are not facially invalid, they would still be futile because the Court should decline to exercise supplemental jurisdiction over those claims and dismiss them for lack of subject matter jurisdiction. Restore's proposed claims are at best novel,

as Intuitive is unaware of any decision holding that an essential facilities claim under the Oklahoma Antitrust Reform Act can compel a company to provide access to proprietary information and technology that it does not offer to third parties. As such, the principle of comity suggests that this Court should decline to exercise jurisdiction over these claims. Further, dismissing the proposed claims would promote judicial economy by avoiding additional motion practice and potential delay in this two-year-old case. Finally, dismissal would not be unfair or inconvenient for the parties because if Restore were to seek to pursue its proposed state law claims (though they are plainly untenable), it could do so in Oklahoma, where the newly alleged conduct at issue took place and presumably material witnesses and evidence would be located.

Thus, for these reasons, Intuitive respectfully requests that the Court deny Restore's Motion.

## ARGUMENT

As the Eleventh Circuit has "frequently observed, though leave to amend is 'freely given when justice so requires,' it is 'not an automatic right.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (citations omitted). Rather, "[a] district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave where there is substantial ground for doing so," including if the court determines that an amendment would be futile. *Id.* "Leave

to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (affirming denial of leave to amend because amendment was futile).

## I. RESTORE'S PROPOSED STATE LAW CLAIMS ARE FUTILE FOR THE SAME REASONS THAT THIS COURT DISMISSED THE EARLIER-ASSERTED COMPARABLE FEDERAL CLAIMS

This Court previously dismissed Restore's essential facilities claims asserted under federal antitrust law that are nearly identical to its newly proposed state law claims. While Restore contends that Section 203(C) of the Oklahoma Antitrust Reform Act "provides a separate claim for access to an essential facility" (Mot. at 1), Restore ignores that the statute expressly states that "[t]he provisions of this act ***shall be interpreted in a manner consistent with Federal Antitrust Law*** 15 U.S.C., Section 1 et seq. [i.e., the Sherman Act] and the case law applicable thereto." Okla. Stat. Ann. 79, § 212 (emphasis added).

Indeed, courts have repeatedly held that because the analysis of an essential facilities claim is the same under both federal and Oklahoma antitrust law, a plaintiff's failure to state an essential facilities claim under federal antitrust law mandates dismissal of such a claim under Oklahoma antitrust law. *See, e.g.*, *TKO Energy Servs., LLC v. M-I L.L.C.*, 539 F. App'x 866, 873-74 (10th Cir. 2013) (affirming dismissal of essential facilities claim under "Oklahoma's antitrust laws" because "failure to state a claim under federal antitrust law doomed [plaintiff's]

4

claim under state antitrust law"); *Green Country Food Mkt., Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1281, 1285 (10th Cir. 2004) (because "[t]he Oklahoma Antitrust Reform Act is construed in accordance with federal antitrust law," dismissal of essential facilities claim under federal antitrust law required dismissal under Oklahoma antitrust law); *Pittsburg Cty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 721 (10th Cir. 2004) (affirming dismissal of essential facilities claims under federal and Oklahoma antitrust law, while explaining that the court could "comfortably address the merits of [plaintiff's] federal and state antitrust claims in tandem under federal antitrust law standards").

Here, because Restore's essential facilities claims under federal antitrust law already were dismissed, its proposed essential facilities claims under Oklahoma antitrust law necessarily fail on the same grounds. Specifically, as this Court already held, even assuming that the essential facilities doctrine remains viable,[1] Restore cannot state a claim under the doctrine for two separate reasons. (ECF No. 31, Order on Mot. to Dismiss at 17-19.)

*First*, the essential facilities doctrine does not apply to proprietary

---

[1] As Intuitive has explained (ECF No. 24, Reply Mem. of Law in Supp. of Mot. to Dismiss at 3-4), and this Court has recognized (Order at 3), courts have routinely rejected essential facilities claims and questioned the viability of the doctrine following the Supreme Court's decision in *Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398 (2004), in which the Court stated: "[w]e have never recognized such a doctrine." *Id.* at 411.

information or technology—like Intuitive's distributor's toolkit or EndoWrist instrument usage counter. *See, e.g.*, *Morris Commc'ns Corp. v. PGA Tour, Inc.*, 235 F. Supp. 2d 1269, 1285 (M.D. Fla. 2002) ("This Court can find no case to indicate that access to proprietary information, not in the public domain, is an essential facility."), *aff'd*, 364 F.3d 1288 (11th Cir. 2004); *Intergraph Corp. v. Intel Corp.*, 195 F.3d 1346, 1357-58 (Fed. Cir. 1999) ("The notion that withholding of technical information … violates the Sherman Act, based on essential facility jurisprudence, is an unwarranted extension of precedent."); *In re Microsoft Corp. Antitrust Litig.*, 274 F. Supp. 2d 743, 744-45 (D. Md. 2003) (defendant's argument that "the essential facilities doctrine has never been and should not be applied in a case such as this one involving technological innovations or information" was "persuasive" because "to require one company to provide its intellectual property to a competitor would significantly chill innovation" (citation omitted)); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 761 F. Supp. 185, 192 (D. Mass. 1991) ("The case law has consistently affirmed that a manufacturer is under no obligation to pre-disclose or disclose its knowledge about its products so that competition may arise in the related peripheral hardware, software, and repair services markets."), *aff'd*, 36 F.3d 1147 (1st Cir. 1994).

*Second*, pursuant to the Supreme Court's decision in *Trinko*, a defendant cannot be liable under the antitrust laws for refusing to provide access to products

6

that are "not otherwise marketed or available to the public." *Trinko*, 540 U.S. at 410; *see also Levine v. BellSouth Corp.*, 302 F. Supp. 2d 1358, 1371 (S.D. Fla. 2004) (dismissing refusal to deal claim because "as in *Trinko*, [p]laintiff is demanding a product [defendant] has never offered"); III Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 772d3 (4th ed. 2015) ("[T]he [*Trinko*] Court limited liability for refusal to deal to those situations where the defendant was already selling some particular product or service to others but refused to sell that same product or service to the plaintiff," and this "limitation[] appl[ies] to … the 'essential facility' doctrine.").[2]

Here, Restore does not—and cannot—allege that Intuitive has ever marketed or provided public access to its distributor's toolkit or EndoWrist instrument usage counter. In fact, Restore concedes that "Intuitive denies access to customers and third parties to the distributor's toolkit" (Proposed SAC ¶ 55) and that "Intuitive has exclusive control over the usage counter and denies access to it" (*id.* ¶ 85).

Thus, Restore cannot state an essential facilities claim under Oklahoma antitrust law, rendering its proposed amendment futile.

---

[2] *Cf. Cavalier Tel., LLC v. Verizon Va., Inc.*, 330 F.3d 176, 187 (4th Cir. 2003) ("[U]nder the essential facilities doctrine applied in *Otter Tail* [*Power Co. v. United States*], 410 U.S. 366, a legal monopoly cannot be forced to get into a business it was not traditionally in simply to respond favorably to a new competitor's demand for the use of its facilities." (citations omitted)).

## II. RESTORE'S PROPOSED CLAIMS ARE FUTILE BECAUSE THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THEM

Although Intuitive submits that Restore's proposed essential facilities claims plainly fail under Oklahoma antitrust law, if the Court has any doubt, it should decline to exercise supplemental jurisdiction and dismiss those claims for lack of subject matter jurisdiction.

When, as here, a plaintiff seeks to assert state law claims in an action in which a court has federal question jurisdiction, the court may exercise supplemental jurisdiction over those state law claims when they are part of the same case or controversy as the federal claims. *See* 28 U.S.C. 1367(a). But the court may decline to exercise supplemental jurisdiction over pendant state law claims when they "raise[] a novel or complex issue of [s]tate law." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (quoting 28 U.S.C. § 1367(c)). When confronted with such an issue, the "court possesses the discretion to dismiss supplemental claims," which "calls for the court to weigh [a] 'host of factors,'" including "judicial economy, convenience, fairness, and comity." *Id.* (citations omitted).

Here, Restore seeks to have the Court endorse claims that would be novel under Oklahoma antitrust law. Based on Intuitive's research, there is no decision holding that an essential facilities claim under the Oklahoma Antitrust Reform Act

8

can compel a company to provide access to proprietary information and technology that it does not offer to third parties. Given that there is no authority for extending the essential facilities doctrine as Restore requests, the principle of comity weighs decidedly in favor of dismissal. *See Pearson v. Ford Motor Co.*, 865 F. Supp. 1504, 1515 (N.D. Fla. 1994) (declining to exercise supplemental jurisdiction and dismissing state law claim because there was no reported decision construing state statute in the context of the claim at issue, and "federal courts should be extremely reluctant to decide novel questions of state law . . . .'both as a matter of comity and to promote justice between the parties'" (citation omitted)), *aff'd*, 68 F.3d 1301 (11th Cir. 1995).

Moreover, the other factors that courts consider when determining whether to dismiss supplemental claims—including judicial economy, convenience and fairness to the parties—also weigh in favor of dismissal. Specifically, dismissing Restore's state law claims would promote judicial economy by avoiding "additional motion practice and potentially further delay [in] this two-year-old case." (Order at 4.) And as this Court already noted, there would be "nothing unfair or inconvenient to the parties in requiring these claims to be separately litigated in Oklahoma where the relevant events allegedly took place and where the material witnesses and evidence are presumably located." (*Id.*)

Accordingly, because the Court should decline to exercise supplemental

9

jurisdiction over Restore's proposed Oklahoma antitrust law claims, Restore's proposed amendment is futile.

## CONCLUSION

For the foregoing reasons, Intuitive respectfully requests that the Court deny Restore's Motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Intuitive certifies this Memorandum complies with the word count limitation set forth in Local Rule 7.1(F) because it contains 1,958 words, excluding the parts exempted by said Local Rule.

Dated:  March 16, 2021               Respectfully submitted,

/s/ David L. McGee
DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

ALLEN RUBY (*Pro Hac Vice*)
ALLEN RUBY, ATTORNEY AT LAW
*Change in Address Filing Forthcoming*

LANCE A. ETCHEVERRY (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Tel: (650) 470-4500
lance.etcheverry@skadden.com

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice application pending*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com

11

>MICHAEL S. BAILEY (*Pro Hac Vice application forthcoming*)
>1440 New York Avenue, N.W.
>Washington, D.C. 20005
>Tel: (202) 371-7000
>michael.bailey@skadden.com
>
>Counsel for Defendant
>Intuitive Surgical, Inc.

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.