IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC,<br>RESTORE ROBOTICS REPAIRS LLC,<br>and CLIF PARKER ROBOTICS LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>      Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>      Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>      Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

## JOINT STATUS REPORT

Plaintiffs/Counterclaim Defendants Restore Robotics LLC and Restore Robotics Repairs LLC and Plaintiff Clif Parker Robotics LLC (together, "Restore") and Defendant/Counterclaimant Intuitive Surgical, Inc. ("Intuitive") hereby submit this joint status report in advance of the Telephonic Case Management Conference scheduled for June 11, 2021, at 10:00 A.M. (central time).  (Doc. 79, 80.)  As

explained in further detail below, with the exception of discrete document production issues and a handful of depositions that could not be scheduled by May 28, 2021, the parties have completed fact discovery. Looking ahead to expert discovery, the parties agree that a revised schedule is appropriate, and that good cause exists for doing so. However, the parties disagree on which schedule should be entered and are proposing separate schedules from which the Court might select.

**Status of Fact Discovery**

The parties have been working diligently to complete their document productions and take depositions by the fact discovery cut-off date of May 28, 2021. (Doc. 65.) Due to continuing limitations imposed by the pandemic, the parties agreed to conduct all depositions remotely.[1] In total, the parties have taken twenty-three depositions (including those that have been cross-noticed), have scheduled eight more in the next two weeks and have each made supplemental productions to fill gaps that were identified during the course of depositions. Although the parties have made significant progress in completing fact discovery, due to scheduling constraints, they agreed to schedule party and third-party depositions through June

---

[1] The parties agreed to a deposition protocol and have used the court reporting agency Veritext to handle all depositions. The deponent, court reporter and counsel for the parties have each participated in the videoconference depositions remotely.

11, 2021.  At that time, the parties will be prepared to move in earnest into expert discovery.

<u>Restore</u>.  Restore has produced almost 75,000 pages of documents – or the equivalent of 30 boxes – in discovery.  The production volume is notable because Restore only began business in July 2018 and has never approached 1% of the sales of Intuitive in surgical robot service and robotic instrument repair.  (Restore alleges that it has been largely foreclosed from those markets through the actions of Intuitive.)  Most importantly for purposes of this report, Restore completed its production of financial data through Calendar Year 2020 on January 19, 2021.

Restore has also obtained discovery from a variety of third parties.  From June 2020 to October 2020, Restore served subpoenas for documents on hospitals, manufacturers, and service organizations.  Restore has received productions from those subpoenas.  At this time, Restore is only awaiting production of documents on a more recent subpoena to a former Intuitive employee represented by counsel for Intuitive.  Restore expects production shortly.

Since April 29, 2021, Restore has taken 19 depositions.  Restore has taken 10 depositions – and seeks to take 2 more depositions – of persons associated with Intuitive.  Restore has taken 6 depositions – and seeks to take 1 more deposition – of persons associated with hospitals.  Restore has taken 1 deposition of a

manufacturer, 1 deposition of a service organization, and 1 deposition of an equipment distributor.

<u>Intuitive</u>.  With the exception of supplementing its production, both to respond to recent requests from Plaintiffs and to fill discrete gaps, Intuitive has substantially completed its document production.  To date, Intuitive has produced 94,431 documents totaling 679,460 pages.  It has also served subpoenas for documents on 29 third parties, including hospitals and service providers, and has received documents from most of them.[2]

Intuitive has taken the depositions of 12 party and third-party witnesses and has calendared seven depositions for the first two weeks of June 2021, including four depositions of Rebotix witnesses that will simultaneously count as party

---

[2] Intuitive has served subpoenas on the following third parties: Rebotix Repair, LLC; TransEnterix, Inc.; Medrobotics Corporation; CMR Surgical; AHS Hillcrest Medical Center, LLC; AHS Management Company, Inc.; Baylor Scott & White Health; Conway Regional Medical Center, Inc.; Crescent City Surgical Centre Operating Company, L.L.C.; Pacific Coast Surgical Center, L.P.; Panama City Surgery Center, LLC; United Surgical Partners International, Inc.; West Virginia University Hospitals, Inc.; Peter Carnegie; Minimally Invasive Solutions Consulting, LLC; Evergreen Health Medical Center; SCL Health – Montana; Thomas Health System, Inc.; Norman Regional Health System; Genesis Health System; McLaren Health Care; Jackson Madison; Pullman Regional Hospital; Bruce McDaniel; Medivision, Inc.; Alliance Healthcare Partners LLP; Arkin Consulting Group; Medline Industries, Inc.; and Surgical Instrument Services and Savings, Inc.

depositions in the *Rebotix* litigation.[3]  Intuitive does not expect to notice any additional depositions.

**Status of Mediation**

The parties mediated the case remotely with Dominic Caparello on May 25, 2021.  On May 27, 2021, Mr. Caparello filed a Mediation Report noting that a settlement was not reached but the mediation was adjourned.  (Doc. 88.)

**Status of Expert Discovery**

As a result of delays and disruptions during fact discovery, the parties agree that the current deadline of July 9, 2021 for Plaintiffs' and Counterclaimant's initial expert reports is not workable.  Restore is requesting, and Intuitive consents to, entry of a new expert discovery schedule.  However, the parties disagree on what the new deadlines should be.  Below is a table listing the current deadlines, the parties' proposals for revisions to the schedule (the dates where the parties disagree are

---

[3] As noted in previous status reports, where feasible, Intuitive has tried to coordinate depositions between this action and those that are occurring in the lawsuit *Rebotix Repair LLC v. Intuitive Surgical Inc.*, pending before the Honorable Virginia Covington in the Middle District of Florida (Case No. 8:20-cv-02274).  In total, Intuitive will have deposed Restore, Clif Parker, Kevin May, Mills Vautrot, West Gordon, Todd Pope, Jake Colletti, Sherry Harvey, Mike Madewell, Cairo Wasfy, Kyle Marks, Tyler McDonald, Eugene Dickens, Ron Arkin, Alliance Healthcare Partners, Rebotix Repair, LLC, Glenn Papit, Stan Hamilton, David Mixner, and Joe Morrison.

bolded below) and the parties' positions on why their proposed schedule should be entered.

Current Schedule and Proposed Revisions.

| Event | Current Deadline | Restore Proposal | Intuitive Proposal |
|---|---|---|---|
| Fact discovery close | 05/28/2021 | 06/11/2021 | 06/11/2021 |
| Plaintiffs/Counterclaimants' initial expert reports | **07/09/2021** | **08/20/2021** | **07/30/2021** |
| Defendants/Counterdefendants' initial expert reports | **08/20/2021** | **09/17/2021** | **08/31/2021** |
| Rebuttal expert reports | **09/17/2021** | **10/07/2021** | **09/23/2021** |
| Expert discovery closes | **10/13/2021** | **10/21/2021** | **10/13/2021** |
| SJ and Daubert motions due | 11/03/2021 | 11/03/2021 | 11/03/2021 |
| SJ and Daubert responses due | 12/01/2021 | 12/01/2021 | 12/01/2021 |
| SJ and Daubert replies due | 12/15/2021 | 12/15/2021 | 12/15/2021 |
| Trial (not scheduled, but date targeted by Court) | February 2022 | February 2022 | February 2022 |

Restore's Position.

Restore has always agreed to an expert report schedule based on receiving the financial data with adequate time for review by its expert. Restore requested the data on December 13, 2019. Restore has informed Intuitive from the beginning of discovery that its most pressing need is the transaction data. In an antitrust case, the Plaintiff's expert faces the burden of vetting the data and compiling it into a usable format that will form the basis for the exchange of expert reports by the parties. There may be gaps, outliers, or errors in the data – and lack of clarity on the meaning

6

of certain fields.  In this case, there are hundreds of thousands of transactions for the instruments alone.

The process of data cleansing is a necessary task "performed by experts with regularity."  In re LIBOR-Based Fin. Instruments Antitrust Litig., 299 F. Supp. 3d 430, 497–98 (S.D.N.Y. 2018); see also DL v. District of Columbia, 194 F. Supp. 3d 30, 40 (D.D.C. 2016) ("Although the primary focus of [the expert's] testimony in those cases has been statistical analysis, he would not have been able to perform that analysis if he had not initially performed the programming and required data cleaning."); Callahan v. City of Chicago, 78 F. Supp. 3d 791, 815 (N.D. Ill. 2015) ("[The expert] 'cleaned' the data set before using it...."); In re Polyurethane Foam Antitrust Litig., 314 F.R.D. 226, 278 (N.D. Ohio 2014) (referencing an expert's discussion of "the extent of each Defendant's transactional data and the 'cleaning' steps [the expert] took to make the data usable").

Restore only received the robot sales and instrument sales data about a month ago – and is working with Intuitive to obtain a data dictionary to explain the numerous fields in the data (which apparently vary by time period).  Notably, there is no robot sales and instrument sales data in the production for 2020.  In addition, Intuitive just produced data on robot service – and apparently additional robot sales and instrument sales data – over the Memorial Day weekend.  Restore's expert has not even had an opportunity to view this latest production of data.

Restore has consulted with its expert on the initial report deadline and believes that the additional three weeks is necessary under the circumstances. While Restore has proposed expert report deadlines that maintain the subsequent briefing deadlines from the current case schedule, Restore has informed Intuitive that it would consent to relax subsequent expert report and motion briefing deadlines as necessary to allow for the initial expert report deadline of August 20.

Intuitive's Position.

Intuitive has produced large swaths of transaction data relating to Intuitive's da Vinci systems sales, instrument and accessories sales, and servicing revenue (collectively, "Transaction Data") in response to detailed requests from Plaintiffs. Intuitive made an initial production of Transaction Data on August 20, 2020. Following discussions with Plaintiffs' counsel, Intuitive agreed to supplement this production, which required substantial efforts to compile a complete and accurate set of data. Intuitive produced much of the supplemental set of Transaction Data on April 29, 2021. Additional years of historical systems and instrument and accessories data, along with more detailed service data, was produced recently on May 30, 2021.[4]

---

[4] Restore only asked Intuitive last week to produce a data dictionary to explain the fields in the Transaction Data. There are over one hundred fields in the Transaction Data, many of which have meanings that are self-evident (e.g., "Signed Date," "Date_Installation," and "Customer_Name_Sold_To"), and

*(cont'd)*

Intuitive consents to a reasonable extension of the deadline for Plaintiffs' and Counterclaimant's to submit initial expert reports (e.g., whichever party bears the burden of proof), but only if it does not unreasonably truncate the expert discovery schedule or threaten to cause further delays in the case. Intuitive believes that its proposed schedule satisfies both conditions. Restore's proposed schedule, on the other hand, would expand the time period during which to prepare initial expert reports from 42 days to 70 days, while shortening the time periods between all other deadlines, including only allowing for 14 days to depose experts after rebuttal reports are due. Restore's proposed schedule would almost certainly require adjustments in the summary judgment and *Daubert* briefing schedules, making it even more unlikely that this case could be tried in February 2022, as has been the Court's stated preference. For these reasons, Intuitive respectfully requests entry of its proposed expert discovery schedule.

Should the Court agree to set August 20, 2021 as the deadline for Plaintiffs' and Counterclaimant's initial expert reports, Intuitive requests that the new schedule provide for the same amount of time between each deadline as is currently built into the expert discovery schedule. This would result in summary judgment and *Daubert*

---

Intuitive is waiting for clarity from Restore on the precise fields that require explanation.

motions being due on December 15, 2021, responses due on January 12, 2022, and replies due on January 26, 2022.

Respectfully submitted on June 1, 2021.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS/COUNTERCLAIM DEFENDANTS**

*Admitted Pro Hac Vice

/s/ Allen Ruby
ALLEN RUBY (*Pro Hac Vice*)
Attorney at Law
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690
allen@allenruby.com

LANCE A. ETCHEVERRY (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Tel: (650) 470-4500
lance.etcheverry@skadden.com
KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice*)
MICHAEL W. FOLGER (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com
michael.folger@skadden.com
MICHAEL S. BAILEY (*Pro Hac Vice*)
1440 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 371-7000
michael.bailey@skadden.com

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

**COUNSEL FOR<br>DEFENDANT/COUNTERCLAIMANT**

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.