IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RESTORE ROBOTICS LLC,
RESTORE ROBOTICS REPAIRS LLC,
and CLIF PARKER ROBOTICS LLC,

    Plaintiffs,

v.

INTUITIVE SURGICAL, INC.,

    Defendant.

INTUITIVE SURGICAL, INC.,

    Counterclaimant,

v.

RESTORE ROBOTICS LLC and
RESTORE ROBOTICS REPAIRS LLC,

    Counterclaim Defendants.

Civil Case No. 5:19-cv-55-TKW-MJF

**PLAINTIFFS' EMERGENCY MOTION TO EXTEND UPCOMING
EXPERT DISCOVERY DEADLINE TO ACCOMMODATE SCHEDULES
OF TWO OF DEFENDANT'S SIX EXPERT WITNESSES**

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
101 Harrison Avenue
Panama City, FL 32401

COUNSEL FOR PLAINTIFFS

October 19, 2021

Plaintiffs Restore Robotics LLC, Restore Robotics Repairs LLC, and Clif Parker Robotics LLC ("Restore") hereby file this emergency motion for an extension of the upcoming expert discovery deadline from October 21 to October 28 to accommodate the schedules of two of the six experts identified by Defendant Intuitive Surgical, Inc. ("Intuitive") in their expert disclosures.   In response to multiple requests from Plaintiffs over the last seven days, Intuitive has indicated that the two witnesses at issue, Ms. Rosecrans and Dr. Bomalaski, are not available for two-hour remote depositions before the expert discovery deadline of October 21 and declined to offer any availability after the deadline without an order of the Court extending the deadline.

The depositions were requested before the deadline for dates before the deadline.  Good cause and due diligence are shown where the party initiated the discovery before the discovery deadline and the only reason an extension is requested for the deposition is because of the witness's schedule. *Square Ring, Inc. v. Troyanovsky*, No. 3:16-CV-641-MCR-GRJ, 2018 WL 4381288, at *3 (N.D. Fla. Aug. 8, 2018).  Here, Restore requests the extension because of the schedules of the two witnesses.  Intuitive contends that their schedules do not permit them to appear for two-hour remote deposition at any time before the expert discovery deadline of October 21.

1

Specifically, Restore asked on October 12 to "schedule short depositions of up to 2 hours apiece of Dr. Bomalaski, Dr. Howe, Ms. Rosecrans, and Mr. Marion on October 18, 19, or 20." Ex. 1 at 2-3. Restore also indicated that it was trying to secure and review copies of the depositions of those same witnesses in the related litigation of *Rebotix Repair v. Intuitive Surgical* in the Middle District of Florida and would notify Intuitive if the prior testimony of these witnesses would obviate the need to take the deposition scheduled in this case for any of those witnesses. Id. at 3.

Six days later, Intuitive responded to additional emails from Restore that Ms. Rosecrans and Dr. Bomalaski were unavailable by the discovery deadline on October 21 and that it would not agree to any extension of the expert discovery deadline or attempt to schedule Ms. Rosecrans or Dr. Bomalaski for any date after the deadline without an order of the Court. Id. at 1-2. Restore is scheduled to take the depositions of Ms. Parikh, Dr. Howe, and Dr. Smith on October 20 and October 21, and Restore has notified Intuitive that it will not proceed with a deposition of Mr. Marion.

Intuitive offers no explanation for the unavailability of Ms. Rosecrans and Dr. Bomalaski by the existing deadline, has declined to offer any availability after the deadline, and has not identified any harm that would result from taking the depositions after October 21. It is Restore, and not Intuitive, that faces a deadline of

2

November 3 for any motion to exclude their testimony under *Daubert*. Moreover, it is the Court, along with the parties and the witnesses, that would be burdened if it is necessary to conduct an evidentiary hearing in lieu of expert depositions on any motions under *Daubert*.

Under the circumstances, Restore requests that the Court order an extension of the expert discovery deadline from October 21 to October 28. This motion qualifies as an emergency under Local Rule 7.1(L) because it requires a ruling more promptly than would occur in the ordinary course of business under the briefing deadlines provided by Local Rule 7.1(E). Pursuant to Local Rule 7.1(L), Restore will orally advise the Clerk's office that the emergency motion has been filed.

For all the foregoing reasons, the motion should be granted.

Respectfully submitted on October 19, 2021.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)

3

<wharrison@harrisonrivard.com>

**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.

Pursuant to Local Rule 7.1(F), the memorandum contains 603 words.

## LOCAL RULE 7.1(C) CERTIFICATE

Before filing this motion, counsel for Restore attempted in good faith to resolve the issue through a meaningful conference electronically with counsel for Intuitive. Counsel for Intuitive informed counsel for Restore that Intuitive would not join a motion for any extension of the expert discovery deadline.

/s Jeff Berhold
Jeffrey L. Berhold