# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

|  |  |
|---|---|
| RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, and CLIF PARKER ROBOTICS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC,<br><br>Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

## OPPOSITION TO EMERGENCY MOTION TO EXTEND UPCOMING EXPERT DISCOVERY DEADLINE

Pursuant to the Court's October 19, 2021 Order (ECF No. 99), Intuitive Surgical, Inc. ("Intuitive") responds to Restore Robotics, LLC, Restore Robotics Repairs LLC, and Clif Parker Robotics LLC's ("Restore") Emergency Motion to Extend Upcoming Expert Discovery Deadline ("Motion" or "Mot."). The Motion

arises out of an "emergency" purely of Restore's own making and fails to demonstrate good cause supporting an extension of the expert discovery deadline.

The Motion fails to accurately describe the events leading up to Restore's "emergency" request. Restore received Intuitive's five expert reports and one Fed. R. Civ. P. 26(a)(2)(C) disclosure on August 20, 2021—two months ago. (Mot. Ex. 1 at 3.) The parties conferred about scheduling depositions, and Restore told Intuitive it wished to depose two of Intuitive's experts: Dr. Parikh and Dr. Smith. (*Id.*) Those depositions were promptly scheduled for October 20 and October 21, respectively. (*Id.*) Restore never suggested it was even considering, let alone wanted to schedule, depositions of any other expert. (*Id.* at 1.)

Then, on the evening of October 12, with nine days left in expert discovery, in the context of last-minute edits to the parties' joint status report, Restore told Intuitive it was *considering* depositions of Intuitive's four other experts: Dr. Howe, Dr. Bomalaski, Ms. Rosecrans, and Mr. Marion on October 18, 19, or 20. (*Id.* at 2-3.) Intuitive told Restore that same evening that "although we will work cooperatively with you, it's going to be difficult, if not impossible, to schedule as many as four depositions in nine days, particularly given the schedules of the experts." (*Id.* at 3.) In response, Restore did not commit to taking *any* of the four additional depositions but nevertheless asked Intuitive to attempt to schedule all four deponents for two hours apiece on one of the three proposed days. (*Id.* at 2.)

Restore also noted that "[i]deally, the Rebotix depositions will obviate the need for those depositions." (*Id.*)

Intuitive immediately contacted the four experts to see if they could be available for a deposition on one of those three days, even though such short notice would limit the experts' time to properly prepare for their depositions. Two of the four experts—Dr. Howe and Mr. Marion—were able to make themselves available despite the lack of notice, but Dr. Bomalaski and Ms. Rosecrans did not have availability on the three days Restore proposed for their depositions. (*Id.*)[1] Restore did not follow up to indicate whether it was, in fact, going to take any of the four new depositions until Monday, October 18. (*Id.*) Intuitive responded that Dr. Howe and Mr. Marion were available to be deposed on October 20, but Dr. Bomalaski and Ms. Rosecrans were not. Restore then withdrew its request to take Mr. Marion's deposition and threatened to compel Dr. Bomalaski and Ms. Rosecrans to appear for a deposition. (*Id.*)

---

[1] Intuitive and its experts recognize their obligation to comply with the Court's processes and to act in good faith to schedule depositions where reasonable notice has been given. However, Dr. Bomalaski is a practicing surgeon and had scheduled numerous patients for operations during the three days Restore requested. He respectfully hopes that the needs of his patients be considered when scheduling a deposition, including advance notice being given so he can clear time on his calendar. As for Ms. Rosecrans, she is traveling in Colorado this week and was not situated or prepared to appear remotely for a deposition. While both have agreed to serve as experts in this litigation, they do not have an obligation to cancel surgeries or prior engagements in order to meet Restore's unreasonable demands.

3

Given the foregoing, Restore has not and cannot show good cause for extending the expert discovery deadline. Pursuant to Federal Rule of Civil Procedure 16(b)(4), a case management and scheduling order "may be modified only for good cause and with the judge's consent." Good cause exists where "the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "A lack of diligence will be found if the moving party possessed full knowledge of the information needed prior to expiration of the scheduling deadline and, nonetheless, failed to take any steps to obtain the needed information." *Aguirrechu v. Walgreen Co.*, No. 8:13-CV-1968-T-36AEP, 2014 WL 12620834, at *1 (M.D. Fla. Aug. 11, 2014) (citing references omitted).

Restore offers no explanation for why it waited so long to even attempt to schedule the depositions of Dr. Howe, Dr. Bomalaski, Ms. Rosecrans, and Mr. Marion. Instead, Restore claims it has shown good cause because "[t]he depositions were requested before the deadline for dates before the deadline." (Mot. 1.) Restore relies for this proposition on *Square Ring, Inc. v. Troyanovsky*, No. 3:16-CV-641-MCR-GRJ, 2018 WL 4381288, at *3 (N.D. Fla. Aug. 8, 2018). But in *Square Ring*, plaintiff subpoenaed a single deposition for July 31, 2018 in advance of an August 10, 2018 discovery deadline, and had first requested to schedule the deposition on July 15, 2018, nearly a full month before the discovery

4

deadline.  *See* Plaintiff Square Ring, Inc.'s First Motion For Enlargement Of Time at *3 (ECF. No. 64); *Square Ring, Inc. v. Troyanovsky*, No. 3:16-CV-641-MCR-GRJ, 2018 WL 4381288 (N.D. Fla. Aug. 8, 2018).  Despite this advance notice, the deponent was unavailable on any day between July 31 and August 10.  *Square Ring*, 2018 WL 4381288, at *3.  As a result, the court found good cause to extend the discovery deadline.

The present case is distinguishable because Restore made eleventh hour requests for Intuitive to schedule four depositions with nine days remaining in the expert discovery period, and then confirming with just four days remaining that it would actually proceed with three of those four depositions.  Moreover, Restore had these experts' reports for more than six weeks before raising the possibility of deposing them, and, in fact, never mentioned wanting to depose them when scheduling depositions of Intuitive's two other experts.  As *Aguirrechu v. Walgreen Co.* makes clear, good cause for an extension does not exist simply because a party sought a deposition before the end of a discovery period for a date before the end of the period.  No. 8:13-CV-1968-T-36AEP, 2014 WL 12620834 (M.D. Fla. Aug. 11, 2014).  There, plaintiff tried to schedule a deposition in April 2014, several days before the April 11, 2014 discovery cut-off.  *Id*. at 1.  The court found plaintiff failed to demonstrate good cause to grant the extension, reasoning that "[p]laintiff was aware of the need to take the deposition . . . as early as

5

February 2014.  Plaintiff had approximately two months to attempt to schedule the deposition . . . but failed to do so.  Additionally, [p]laintiff was unable to articulate any adequate reason for such a failure." *Id*.

Similarly here, Restore knew of the need to take expert depositions on August 20 and offers no reason for its failure to reach out to Intuitive about scheduling the four depositions at issue until nine days remained in the expert discovery period.  As a result, Restore has not shown good cause to extend the expert discovery deadline.

Nor is Restore's failure mere harmless error.  Though Restore erroneously claims it will be the only party harmed if depositions are taken past October 21 (Mot. at 2-3), Intuitive will be prejudiced if it is forced to scramble to prepare its experts for depositions on short notice to fit within the truncated period in which Restore wants to take all its expert depositions.  Further, Intuitive will need to divert time contemplated by the schedule for preparing its motion for summary judgment and *Daubert* motion to continue expert discovery beyond the expert discovery deadline—a deadline that Restore itself originally requested from this Court.  (ECF No. 89 at 6.)  Intuitive should not be penalized for Restore's dilatory actions.

Regarding the Court's request to check on the availability of Dr. Bomalaski and Ms. Rosecrans, Intuitive believes that Restore's request for seven additional

6

days, through October 28, may be insufficient to schedule and complete the depositions. With respect to Dr. Bomalski, he is working his way through a backlog of surgeries that were postponed because of the pandemic. Although he has numerous surgeries scheduled for next week, Dr. Bomalski could make himself available on October 26 after 5 p.m. EST. With respect to Ms. Rosecrans, she is available to be deposed on October 28, with a start time no later than 12 noon EST. Accordingly, should the Court find good cause exists to extend the expert discovery deadline, Intuitive respectfully requests that the Court permit the two currently unscheduled depositions to be taken prior to November 4, at a time reasonably convenient for the witnesses and counsel.

Respectfully submitted on October 20, 2021.

/s/ David McGee
DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

ALLEN RUBY (*Pro Hac Vice*)
Attorney at Law
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690
allen@allenruby.com

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice*)
MICHAEL W. FOLGER (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com
michael.folger@skadden.com
MICHAEL S. BAILEY (*Pro Hac Vice*)
1440 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 371-7000
michael.bailey@skadden.com

**COUNSEL FOR DEFENDANT/COUNTERCLAIMANT**