UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RESTORE ROBOTICS, LLC** et al.,

    **Plaintiffs**,

v.                                                   Case No. 5:19cv55-TKW-MJF

**INTUITIVE SURGICAL, INC.**,

    **Defendant**.

_____/

### ORDER DENYING EXTENSION OF DISCOVERY DEADLINE

This case is before the Court based on Plaintiffs' emergency motion to extend the discovery deadline (Doc. 98) and Defendant's response in opposition (Doc. 100). Upon due consideration of these filings and the case file, the Court finds that the motion is due to be denied.[1]

The discovery deadline is tomorrow, October 21, 2021. *See* Doc. 91, at 1 (¶2) (adopting Plaintiffs' proposed deadline). Plaintiffs seek a seven-day extension of this deadline so they can depose two of Defendant's experts, Ms. Rosecrans and Dr. Bomalaski. Defendant opposes the extension because Plaintiffs failed to exercise

---

[1] Remarkably, although discovery has been ongoing for more than two years, this is the first discovery dispute that has required Court action. The parties are commended for the cooperative manner in which they litigated this case up to this point.

due diligence by waiting until the week before the discovery deadline to ask to schedule these experts' depositions.

The pertinent facts are not in dispute. Plaintiffs have known the identity of Defendant's experts and the substance of their opinions since August 20, 2021, but the first time Plaintiffs expressed a desire to depose Ms. Rosecrans and Dr. Bomalaski was on the evening of October 12. *See* Doc. 98-1, at 3 (10/12/21 @ 9:26 p.m. email); *see also id.* at 1 (10/18/21 @ 10:29 p.m. and 10/19/21 @ 11:29 a.m. emails). Plaintiffs were initially somewhat equivocal as to whether they would take the depositions, *id.* at 2 (10/12/21 @ 9:48 p.m. email), and it was not until October 18 that Plaintiffs made clear that they intended to depose Ms. Rosecrans and Dr. Bomalaski, *id.* (10/18/21 @ 11:33 a.m. email). By then, these experts were unavailable for depositions before the discovery deadline. *Id.* at 2 (10/18/21 @ 9:15 p.m. email); *see also id.* at 1 (10/19/21 @ 11:29 a.m. email).

A party seeking to modify the deadlines established in a scheduling order is required to show "good cause" for the requested modification. *See* Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note)). If the movant fails to establish good cause, it is unnecessary for the Court to consider the impact of the requested medication on the

opposing party. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." (citation omitted)).

    Here, the Court agrees with Defendant that Plaintiffs' "emergency" is of their own making because they could have deposed Ms. Rosecrans and Dr. Bomalaski by the discovery deadline had they exercised due diligence in scheduling their depositions. By waiting until the week before the discovery deadline to inform Defendant that they wanted to depose these experts, Plaintiffs assumed the risk that they would be unavailable for deposition before the discovery deadline. Moreover, even if Plaintiffs had unilaterally noticed the experts' depositions for a date before the discovery deadline as soon as they decided that they might want to depose them (as they arguably could have done), the Court would have been hard-pressed to find that a week's notice for an expert deposition was reasonable under the circumstances of this case. *See* Fed. R. Civ. P. 30(b)(1) (requiring a party who wants to depose a person to provide "reasonable notice"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (denying motion to compel depositions for which 10 business days' notice was provided because "[w]hat would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different

3

cast where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious—or at least probable—that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices"). Accordingly, Plaintiffs failed to establish good cause for the requested extension of the discovery deadline.

It is, therefore, **ORDERED** that Plaintiffs' emergency motion to extend the discovery deadline (Doc. 98) is **DENIED**.

**DONE and ORDERED** this 20th day of October, 2021.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**