# Exhibit 62

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, and CLIF PARKER ROBOTICS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC,<br><br>Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

### INTUITIVE SURGICAL, INC.'S SUPPLEMENTAL RESPONSES TO RESTORE ROBOTICS LLC AND RESTORE ROBOTICS REPAIRS LLC'S <u>SECOND SET OF INTERROGATORIES</u>

Defendant/Counterclaimant Intuitive Surgical, Inc. ("Intuitive"), by and through its undersigned counsel, hereby responds and objects as follows to Plaintiffs' Second Set of Interrogatories (the "Interrogatories").

## **GENERAL OBJECTIONS**

All of the general objections set forth herein are incorporated in each of the specific responses and objections to the Interrogatories set forth below, and have the same force and effect as if set forth fully therein.  Any objection, or lack of objection, to any portion of an Interrogatory shall not be deemed an admission that Intuitive has any information sought in the Interrogatory.

1. Intuitive objects to the Interrogatories, including without limitation their Definitions and Instructions, as oppressive, vague, and ambiguous.

2. Intuitive objects to the Interrogatories to the extent that they seek discovery of information that is not relevant to any party's claim or defense or proportional to the needs of the case.

3. Intuitive objects to the Interrogatories to the extent that they purport to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Intuitive will respond to the Interrogatories pursuant to the requirements of those Rules.

4. Intuitive objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery on the ground that such discovery is impermissible under the Federal Rules of Civil Procedure.

5. Intuitive objects to the Interrogatories to the extent they call for information the disclosure of which would be a breach of a duty or a violation of any agreement by Intuitive to maintain the confidentiality of such information.

6. Intuitive objects to the Interrogatories to the extent they require Intuitive to provide the same information more than once on the ground that such duplicative disclosure is unduly burdensome.

7. Intuitive objects to the Interrogatories to the extent that they seek information outside Intuitive's possession, custody, or control.

8. Intuitive objects to the Interrogatories to the extent that they seek information already in Plaintiffs' possession, custody, or control.

9. Intuitive's objections and responses to the Interrogatories do not constitute, and shall not be interpreted as, Intuitive's agreement with any legal characterizations or conclusions stated or implied in the Interrogatories.

10. Intuitive's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any ground or grounds. Intuitive reserves the right to amend and/or supplement its responses and objections consistent with further investigation and discovery.

11. Intuitive expressly reserves any and all objections regarding the competency, relevancy, materiality, probative value, and admissibility of all information provided.

12. Intuitive objects to the Interrogatories to the extent they seek information that is better obtained through other discovery means, such as the production of documents.

13. Intuitive objects to the Interrogatories to the extent that they are compound and contain subparts in violation of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a)(1). Although Plaintiffs have now served 20 numbered Interrogatories on Intuitive, many of them actually contain two or more interrogatories in one.

14. To the extent that Intuitive objects to a particular Interrogatory, Intuitive is willing to meet and confer with Plaintiffs in good faith in an effort to resolve the parties' differences.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Intuitive objects to the Definitions to the extent that they purport to broaden the obligations imposed by the Federal Rules of Civil Procedure or Local Rules of this Court, or any other applicable rule or law.

2. Intuitive objects to Plaintiffs' definition of "You" and "[Y]our" to the extent Plaintiffs define the terms to include Intuitive's "agents," "any merged, consolidated, or acquired predecessor or successor, parent, or subsidiary, division, or affiliate," "any person acting on your behalf," or "any person within a 'controlled group of corporations' of which you are a member"; to the extent that

such definition calls for a legal conclusion; is overly broad, unduly burdensome, vague, not proportional to the needs of the case, and/or seeking information that is not relevant to either party's claim or defense; or purports to impose greater obligations than those imposed by the requirements of the Federal Rules of Civil Procedure or Local Rules of this Court, or any other applicable rule or law. Intuitive will construe the terms "Your" and "[Y]our" to refer solely to Intuitive Surgical, Inc. Intuitive will only provide information in Intuitive's possession, custody, or control, and not information in the possession, custody, or control of any other person or entity.

3. Intuitive objects to Plaintiffs' definitions of "Communicate" and "[C]ommunication" and each Interrogatory that incorporates any of those definitions as overly broad, vague, ambiguous, and unduly burdensome to the extent that they purport to impose burdens or obligations on Intuitive that are broader than, inconsistent with, or not authorized under reasonable discovery pursuant to the Federal Rules of Civil Procedure or any applicable Local Rules.

4. Intuitive objects to Plaintiffs' definition of "Policy" as overly broad, vague, ambiguous, and unduly burdensome to the extent that it purports to impose burdens or obligations on Intuitive that are broader than, inconsistent with, or not authorized under reasonable discovery pursuant to the Federal Rules of Civil Procedure or any applicable Local Rules.

5

5.   Intuitive objects to Plaintiffs' definition of "identify," as to a document, to the extent it purports to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Intuitive will respond to the Interrogatory pursuant to the requirements of those Rules or pursuant to an agreed upon protocol for the production of documents.

6.   Intuitive objects to Plaintiffs' definition of "identify," as to a communication, to the extent it purports to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Intuitive will respond to the Interrogatory pursuant to the requirements of those Rules or pursuant to an agreed upon protocol for the production of documents.

7.   Intuitive objects to Plaintiffs' instruction that "these requests cover the period from January 1, 2015 to the present" and to any Definition, Instruction, or Interrogatory that incorporates that instruction on the grounds that it is overly broad, unduly burdensome, and calls for information that is not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence in this Action, and not proportional to the needs of the case. Subject to and without waiving the foregoing Objections, Intuitive's responses and objections to the Interrogatory are limited to the time period between January 1, 2017 to the present (the "Relevant Time Period").  Intuitive agrees to meet and

6

confer with Plaintiffs regarding the scope of the time period for certain categories of information, and will provide information consistent with its obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court.

## SUPPLEMENTAL RESPONSES TO SECOND SET OF INTERROGATORIES

INTERROGATORY NO. 19, ERRONEOUSLY NUMBERED BY PLAINTIFFS AS INTERROGATORY NO. 1:

Please identify, and describe the role of, each person involved in the response alleged in Paragraph 59 of the Amended Counterclaims filed on November 28, 2019 to the offense alleged in Count Six of the Amended Counterclaims filed on November 28, 2019.

RESPONSE TO INTERROGATORY NO. 19, ERRONEOUSLY NUMBERED BY PLAINTIFFS AS INTERROGATORY NO. 1:

Intuitive incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.

Intuitive objects to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Intuitive objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks discovery of information that is not proportional to the needs of the case.

7

Intuitive objects on the grounds that the term "role" is vague, ambiguous, unduly burdensome, and not proportional to the needs of the case. Intuitive will construe the term "role" to refer to the employment position of the person(s) identified in response to this Interrogatory.

Intuitive objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 45, erroneously numbered by Plaintiffs as Request for Production No. 3 in Plaintiffs' Third Requests for Production of Documents. Subject to and without waiving any of its objections and without waiving its right to supplement its responses, Intuitive responds as follows:

In-house counsel at Intuitive and outside counsel at Skadden, Arps, Slate, Meagher & Flom LLP were involved in responding to Restore's attempted hack, as alleged in Count Six of the Amended Counterclaims.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19, ERRONEOUSLY NUMBERED BY PLAINTIFFS AS INTERROGATORY NO. 1</u>:

Intuitive incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.

Intuitive objects to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

8

Intuitive objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks discovery of information that is not proportional to the needs of the case.

Intuitive objects on the grounds that the term "role" is vague, ambiguous, unduly burdensome, and not proportional to the needs of the case. Intuitive will construe the term "role" to refer to the employment position of the person(s) identified in response to this Interrogatory.

Intuitive objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of Plaintiffs' Request for Production No. 45, erroneously numbered by Plaintiffs as Request for Production No. 3 in Plaintiffs' Third Requests for Production of Documents. Subject to and without waiving any of its objections and without waiving its right to supplement its responses, and without disclosing any information protected by the attorney-client privilege or work product doctrine, Intuitive responds as follows:

In-house counsel at Intuitive, including Kara Anderson Reiter, and outside counsel at Skadden, Arps, Slate, Meagher & Flom LLP, including Allen Ruby, Jay Neukom and Christopher B. McKinley, were involved in responding to Restore's attempted hack, as alleged in Count Six of the Amended Counterclaims.

Among other activities, in-house counsel at Intuitive investigated the facts and circumstances surrounding the attempted hack and assessed, planned and

9

oversaw Intuitive's response. In particular, Kara Anderson Reiter, Senior Vice President, General Counsel and Chief Compliance Officer, exchanged emails with and had one telephone conversation with Ben Lipson, the former Intuitive employee who reported that Clif Parker solicited Mr. Lipson's assistance to "hack into [Intuitive's] system to help the 'PM' message go away." Ms. Reiter prepared a draft proposed declaration for Mr. Lipson based on the information Mr. Lipson provided to her. Ms. Reiter and Mr. Lipson subsequently exchanged emails concerning the draft proposed declaration.

Among other activities, outside counsel at Skadden, Arps, Slate, Meagher & Flom LLP investigated the facts and circumstances surrounding the attempted hack, assessed any legal issues flowing from the attempted hack and advised Intuitive on the appropriate actions to take in response.

<u>INTERROGATORY NO. 20, ERRONEOUSLY NUMBERED BY PLAINTIFFS AS INTERROGATORY NO. 2</u>:

Please identify each communication between you and any third party regarding the allegations in Paragraphs 9 and 55 of the Amended Counterclaims filed on November 28, 2019.

<u>RESPONSE TO INTERROGATORY NO. 20, ERRONEOUSLY NUMBERED BY PLAINTIFFS AS INTERROGATORY NO. 2</u>:

Intuitive incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.

10

Intuitive objects to the Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.

Intuitive objects to the Interrogatory to the extent that it is compound and contains two subparts in violation of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a)(1).

Intuitive objects to the Interrogatory to the extent it seeks "each communication . . . regarding the allegations in Paragraphs 9 and 55" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

Intuitive objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative, in part, of Plaintiffs' Request for Production No. 46, erroneously numbered by Plaintiffs as Request for Production No. 4 in Plaintiffs' Third Requests for Production of Documents. Subject to and without waiving any of its objections, and without waiving its right to supplement its responses, Intuitive agrees to produce pursuant to Federal Rule of Civil Procedure 33(d) nonprivileged documents, if any, responsive to this Request.

| | |
|---|---|
| Dated: May 19, 2021 | Respectfully submitted, |

/s/ Michael S. Bailey
MICHAEL S. BAILEY (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-7000
michael.bailey@skadden.com

ALLEN RUBY (*Pro Hac Vice*)
ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, CA 95032
Email: allen@allenruby.com
Phone: 408-477-9690

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice*)
MICHAEL W. FOLGER (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com
michael.folger@skadden.com

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

Counsel for Intuitive Surgical, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2021, I served **INTUITIVE SURGICAL INC.'S SUPPLEMENTAL RESPONSES TO RESTORE ROBOTICS LLC'S AND RESTORE ROBOTICS REPAIRS LLC'S SECOND SET OF INTERROGATORIES,** to the following counsel of record via email:

       Jeff Berhold       jeff@berhold.com

     /s/ Michael S. Bailey
     MICHAEL S. BAILEY (*Pro Hac Vice*)
     Counsel for Intuitive Surgical, Inc.

13