# Exhibit 64

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF FLORIDA
 2                     PANAMA CITY DIVISION
 3
    RESTORE ROBOTICS LLC,
 4  RESTORE ROBOTICS REPAIRS LLC,
    and CLIF PARKER ROBOTICS LLC,
 5
              Plaintiffs,
 6
    -vs-                              CIVIL ACTION FILE
 7                                    NO.  5:19-CV-55-TKW-MJF
    INTUITIVE SURGICAL, INC.,
 8
              Defendant.
 9                                         /
    INTUITIVE SURGICAL, INC.,
10
              Counterclaimant,
11  -vs-
12  RESTORE ROBOTICS LLC and RESTORE
    ROBOTICS REPAIRS LLC,
13
              Counterclaim Defendants.
14                                         /
15
16              HIGHLY CONFIDENTIAL
17  VIDEOTAPED
    DEPOSITION OF:     SARA PARIKH, Ph.D.
18
    DATE TAKEN:        MONDAY, OCTOBER 20, 2021
19
    TIME:              9:07 A.M. - 10:37 A.M.
20
    PLACE:             BY VIDEOCONFERENCE
21
    REPORTED BY:       CARMEN THOMAS, REGISTERED
22                     PROFESSIONAL REPORTER AND
                       NOTARY PUBLIC
23
24
25
```

Case 5:19-cv-00055-TKW-MJF   Document 145-64   Filed 01/27/22   Page 3 of 6
Highly CONF Sara Parikh, Ph.D.                                October 20, 2021
Restore Robotics LLC v Intuitive Surgical

Page 37

1        A     Yes.  Yeah, I would.
2        Q     And if you have two people with 25 percent --
3    excuse me.  I keep saying 25 percent.  Let me start over
4    again.
5              If you have two individuals at the hospital,
6    each with a 25 percent chance of a belief that Restore
7    is authorized, approved or endorsed by Intuitive based
8    on the flyer, what are the odds that the two of them
9    will talk, come to a collective decision that Restore is
10   authorized, approved or endorsed by Intuitive?
11             MR. FEIRMAN:  Object to form.
12             THE WITNESS:  Well, you know, I don't know
13        about any two individuals.  I mean, if we're
14        talking about just statistics and odds, with a
15        27 percent confusion rate on authorization, with
16        two people, that would be 54 percent.  Right?  So
17        there's a 54 percent chance that one of them has
18        that perception.
19             I'm not quite sure if that's where you're
20        going.  It's -- it's just a -- just a simple
21        calculation.
22   BY MR. BERHOLD:
23       Q     Right.  But if the -- if -- what are the --
24   what are the odds that two people with a 25 percent
25   chance of a perception talk and both agree on that

Case 5:19-cv-00055-TKW-MJF   Document 145-64   Filed 01/27/22   Page 4 of 6
Highly CONF Sara Parikh, Ph.D.                                October 20, 2021
Restore Robotics LLC v Intuitive Surgical

Page 38

1   perception?
2           MR. FEIRMAN:  Object to form.
3           THE WITNESS:  Well, so are you assuming
4       they're going to be talking about whether it's
5       authorized by Intuitive?
6   BY MR. BERHOLD:
7       Q    Right.  Let's assume that they're going to
8   talk about it.
9       A    Yeah, I -- I -- I mean, this -- obviously,
10  this just depends on their circumstances.  It depends on
11  the individuals.  I -- it's -- this is too hypothetical.
12  I don't really know how to answer the question.
13      Q    But your online survey of individual
14  perceptions does not capture that collective
15  decision-making; is that right?
16      A    That is correct.
17      Q    And this online survey is not an impact
18  study; is that right?
19      A    You mean like a materiality or impact on
20  purchase decision?  That's correct, yes.
21      Q    Based on your analysis in this case, you
22  can't say one way or the other whether the flyer in
23  Exhibit BB-1 had any impact on the purchasing decision
24  of prospective Restore customers?
25      A    No.  That -- that is correct.  Yeah.  I mean,

1    I -- you know, the cost-savings message obviously is --
2    is, you know, known.  People care about cost savings.
3    But I -- it wasn't an impact study, materiality study.
4         Q    Did you review any customer depositions
5    before conducting your online survey?
6         A    I don't believe so.
7         Q    Are you aware of any actual customer of
8    Restore that based its purchasing decision on the
9    one-page flyer in Exhibit BB-1?
10        A    I am not aware one way or the other, no.
11        Q    Are you aware of any actual customer of
12   Restore that believed that Restore had been authorized,
13   approved or endorsed by the manufacturer of the da Vinci
14   surgical system?
15        A    Actual customers, I'm not aware one way or
16   the other, no.
17        Q    Are you aware of any actual customer of
18   Restore that was not aware that it may void a contract
19   or warranty with Intuitive by using Restore to repair
20   EndoWrist instruments?
21        A    You know, I -- can you repeat the question?
22   Just repeat it.  I just want to clarify --
23        Q    Are you --
24        A    Go ahead.
25        Q    Oh, sure.  I'm reading it from a script so...

Case 5:19-cv-00055-TKW-MJF   Document 145-64   Filed 01/27/22   Page 6 of 6
Highly CONF Sara Parikh, Ph.D.                    October 20, 2021
Restore Robotics LLC v Intuitive Surgical

Page 40

1    A    Okay.  Good.  Good.
2    Q    Are you aware of any actual customer of
3  Restore that was not aware that it may void a contract
4  or warranty with Intuitive by using Restore to repair
5  EndoWrist instruments?
6    A    Actual customer, no.
7         MR. BERHOLD:  Can we take a short -- can we
8  go off the record?
9         MR. FEIRMAN:  Sure.
10        THE VIDEOGRAPHER:  The time is now 10:21 a.m.
11  We're going off the record.
12        (A recess was taken.)
13        THE VIDEOGRAPHER:  The time is now 10:29 a.m.
14  We're back on the record.  Please continue.
15  BY MR. BERHOLD:
16   Q    Welcome back, Dr. -- excuse me.  Welcome
17  back, Dr. Parikh.
18   A    Thank you.
19   Q    Looking back to your conclusions on page 29,
20  can we look back to the last bullet point again?
21   A    Yes.
22   Q    And this is a discussion of the results
23  regarding any perception of affiliation between Restore
24  and Intuitive?
25   A    Yes, that's correct.