# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, and CLIF PARKER ROBOTICS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> Defendant. <br><br> INTUITIVE SURGICAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC, <br><br> Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

## INTUITIVE SURGICAL, INC.'S MOTION TO FILE UNDER SEAL

Pursuant to this Court's Endorsed Order regarding the Parties' Joint Motion to Seal (ECF No. 106, "Endorsed Order") and the Court's Order modifying the schedule to file redacted briefs (ECF No. 133, "Order"), Defendant Intuitive Surgical, Inc. ("Intuitive") moves for leave to file under seal portions of the

summary judgment and *Daubert* motions, including opening, opposition and reply briefs, as well as certain supporting exhibits.

## BACKGROUND

On November 10, 2021, Intuitive and Restore Robotics LLC and Restore Robotics Repairs LLC (together "Restore") filed a joint motion seeking to temporarily file under seal the Summary Judgment and *Daubert* motions and supporting exhibits. (ECF No. 105.) Most of the supporting Exhibits had been designated confidential or highly confidential pursuant to the Agreed Protective Order in this case. (ECF No. 58.) On November 12, this Court entered an endorsed order permitting the memoranda and Exhibits to be filed under seal temporarily and requiring that "within 14 days after briefing on the motions is completed, the parties shall final redacted versions of any motions for which additional portions can be unredacted." (ECF No. 106.) On January 21, 2022, the parties filed a joint stipulation to extend the deadline to file redacted versions of the briefs by January 26, 2022 (ECF No. 132), which the Court granted on January 21, 2022 (ECF No. 133).

In accordance with this Court's Order (ECF No. 133), the Parties exchanged revised confidentiality designations to their own documents and testimony referenced in the opposing party's briefs and met and conferred about any disputes.

## LEGAL STANDARD

While the public has a right of access to court proceedings, this right is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *See In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-MD-2734, 2017 WL 4399198, at *2 (N.D. Fla. Sept. 29, 2017) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)). "'A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information'" *Id.* (quoting *Romero*, 480 F.3d at 1246). "Courts have found that 'a company's interest in the privacy of its financial records and the terms of confidential agreements . . . often outweigh the public right of access.'" *Id*. (quoting *MEDai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012)). "[C]onfidential internal company documents and analyses including drafts, confidential internal emails, and correspondence with and submissions to regulatory agencies that are not publicly available . . . should remain under seal." *Id.* at *3.

## DISCUSSION

Consistent with the legal standard above, and as described further below, Intuitive seeks to seal the minimum amount of information necessary to protect its confidential and commercially sensitive information and business strategies. For

3

information Intuitive moves to maintain under seal, good cause exists because disclosure will harm Intuitive for the reasons detailed below.  Generally, the information Intuitive moves to maintain under seal includes highly sensitive device engineering and testing information and/or proprietary financial modeling information and hospital data.  The disclosure of this information would harm Intuitive by revealing confidential business strategies and practices or other commercially sensitive information.  Nearly all of the memoranda of law and the vast majority of supporting exhibits that reflect information about Intuitive will be filed on the public record, and for those exhibits that do contain highly confidential information, redactions have been made wherever possible to limit the amount of information under seal.  As a result, for all of the exhibits listed below, Intuitive requests that the documents be sealed indefinitely, as the harm that would result from disclosure will continue to be applicable into the foreseeable future.

**Exhibits 5, 11, 12, and 13 to Intuitive's Motion for Summary Judgment and Exhibit 6 to Intuitive's Opposition to Restore's Motion for Summary Judgment.** These Exhibits are Sales, License and Service Agreements ("SLSA") for purchase of a da Vinci System.  Intuitive has proposed redactions to these Exhibits only to the extent necessary to prevent disclosure of the identity of the hospitals and key financial terms negotiated between the hospitals and Intuitive.  Disclosure of these confidential terms would hamper Intuitive's ability to conduct

arms-length negotiations with hospitals, and confidentiality of the hospitals' information is required by Section 13 of the SLSA. Intuitive has proposed redactions to these Exhibits rather than maintain it completely under seal as initially filed.

**Exhibit 8 to Intuitive's Motion for Summary Judgment.** Exhibit 8 is an internal Intuitive presentation entitled "Business Alignment Meeting." This document was filed to demonstrate how Intuitive positions its da Vinci platform as an integrated product. Intuitive has proposed redactions to Exhibit 8 only to the extent necessary to protect competitively sensitive financial modeling and underlying methodologies developed by Intuitive and to protect hospital surgical procedure data compiled and maintained as highly confidential by Intuitive. Intuitive has proposed redactions to Exhibit 8 rather than maintain it completely under seal as initially filed.

**Exhibit 9 to Intuitive's Motion for Summary Judgment.** Exhibit 9 is an internal Intuitive presentation entitled "da Vinci Surgery: Measuring Value." This document was filed to demonstrate how Intuitive positions its da Vinci platform as an integrated product. Intuitive has proposed redactions to Exhibit 9 only to the extent necessary to protect hospital surgical procedure and financial data compiled by Intuitive and which Intuitive maintains as highly confidential and only shares with the hospitals in question to help them understand the economics of da Vinci

surgeries. Intuitive has proposed redactions to Exhibit 9 rather than maintain it completely under seal as initially filed.

**Exhibits 15, 16 and 17 to Intuitive's Motion for Summary Judgment.** Exhibit 15 is Intuitive's IS3000 Clinical Risk Analysis, and Exhibits 16 and 17 are Intuitive's IS3000 Clinical and Marketing Validation Test Plan and Report. These Exhibits comprise evaluations of and methodology for testing the da Vinci Si platform. These Exhibits were filed to establish that Intuitive tests its da Vinci platform on a system-wide level. Sealing these documents and redacting portions of Intuitive's Motion citing and discussing those exhibits is necessary because the documents outline proprietary methodologies for evaluation and testing of da Vinci systems that are competitively sensitive and which, if disclosed, would give competitors insight into the operation, design, and testing of Intuitive's da Vinci system. Anything short of sealing the entirety of these Exhibits and redacting portions of Intuitive's Motion would be insufficient because the entirety of these Exhibits comprises highly sensitive and confidential information described above.

**Exhibits 19 and 20 to Intuitive's Motion for Summary Judgment**: These Exhibits were produced by CMR–a third party to this litigation–and designated as either confidential or highly confidential under the Protective Order. The Exhibits were filed because they illustrate the sales practices of other manufacturers of

robotic-assisted surgery systems. CMR informed Intuitive that it would like to maintain the confidentiality of these Exhibits. Accordingly, Intuitive moves to maintain the Exhibits under seal and redact portions of its Motions citing the Exhibits.

**Exhibit 24 to Intuitive's Motion for Summary Judgment.** Exhibit 24 is an excerpt of Intuitive's 2001 Premarket Notification for EndoWrists. This Exhibit was filed to establish how Intuitive's 510(k) submissions describe EndoWrists. Redacting this Exhibit is necessary because it contains proprietary device specifications, testing methodologies and data, device design drawings, and descriptions of the construction of EndoWrist that are competitively sensitive and which, if disclosed, would give competitors critical insight into the operation, design, and testing of Intuitive's EndoWrists. Intuitive has proposed redactions to Exhibit 24 rather than maintain it completely under seal as initially filed.

**Exhibit 26 to Intuitive's Motion for Summary Judgment.** Exhibit 26 consists of excerpts of Intuitive's Premarket Approval Application for the da Vinci Endoscopic Instrument Control System and Endoscopic Instruments. This Exhibit was filed to establish that Intuitive's 510(k) submissions for EndoWrists repeatedly denote their use limits. Redacting this Exhibit is necessary because it contains proprietary device design information, including design drawings, for EndoWrists that are competitively sensitive and if disclosed, would give competitors critical

insight into the operation, design, and testing of Intuitive's EndoWrists. Intuitive has proposed redactions to Exhibit 26 rather than maintain it completely under seal as initially filed.

**Exhibit 37 to Intuitive's Motion for Summary Judgment.** This is the Expert Rebuttal Report of Loren K. Smith, PH.D. Intuitive has proposed redactions to Exhibit 37 only to the extent necessary to protect customer-specific data and third party information that is subject to the Protective Order.

**Exhibit 21 to Restore's Motion for Summary Judgment, Exhibit 6 to Restore's Motion to Exclude Certain Expert Testimony, Exhibit 1 to Intuitive's Opposition to Restore's Motion for Summary Judgment and Exhibits 30 and 31 to Restore's Opposition to Intuitive's Motion for Summary Judgment.** These exhibits are different versions of an internal Intuitive presentation titled "Instrument eX: I&A Refurbishment Feasibility Update – 31 March 2017." These Exhibits concern Intuitive's preliminary business plan regarding whether Intuitive could refurbish EndoWrists. These Exhibits contain proprietary information regarding Intuitive's strategic planning and Intuitive's research and development efforts concerning a potential business plan. Maintaining these Exhibits under seal in their entirety is necessary because, if disclosed, the information would cause Intuitive competitive harm.

**Exhibit 2 to Intuitive's Opposition to Restore's Motion for Summary Judgment and Exhibit 4 to Restore's Motion to Exclude Certain Expert Testimony.** These Exhibits are the Expert Report of Heather S. Rosecrans. These Exhibits contain information from Rebotix Repairs, LLC ("Rebotix")–a third party to this litigation–regarding the design and function of Rebotix technology. Rebotix considers this information to be proprietary and wishes to maintain the confidentiality of this information. Intuitive has proposed redactions to these Exhibits in accordance with Rebotix's instructions.

**Exhibit 18 to Intuitive's Opposition to Restore's Motion for Summary Judgment.** Exhibit 18 is the Expert Report of Dr. Robert D. Howe. This Exhibit contains mechanical engineering opinions relating to EndoWrist Instruments ("EndoWrists") and to da Vinci Surgical Systems. Intuitive has proposed redactions to this Exhibit that are necessary to avoid disclosure of sensitive and proprietary Intuitive engineering, risk analysis, and instrument design assessments, which would cause Intuitive to suffer a competitive disadvantage. Intuitive has also proposed redactions to this Exhibit that are necessary to avoid disclosure of sensitive and proprietary information from Rebotix and Ardent Hillcrest–both third parties in this litigation– in accordance with those third parties' expressed desire to maintain the confidentiality of that information.

**Exhibit 25, 26 and 27 to Intuitive's Opposition to Restore's Motion for Summary Judgment.** These exhibits are documents produced by, and the deposition of an employee of, Ardent Hillcrest–a third party to this litigation. Intuitive moves to maintain these Exhibits under seal, and has proposed redactions to its Opposition, in accordance with Ardent Hillcrest's desire to maintain the confidentiality of the Exhibits.

**Exhibit 28 to Intuitive's Opposition to Restore's Motion for Summary Judgment and Exhibit 9 to Intuitive's Reply in Support of its Motion for Summary Judgment.** These Exhibits are a document produced by, and the deposition of an employee of, Panama City Surgical Center–a third party to this litigation. Intuitive moves to maintain these Exhibits under seal, and has proposed redactions to its Opposition and Reply, in accordance with Panama City Surgical Center's desire to maintain the confidentiality of the Exhibits.

**Exhibits 44 and 45 to Intuitive's Opposition to Restore's Motion for Summary Judgment.** These exhibits are documents produced by, and the deposition of an employee of, Arkin–a third party to this litigation. Intuitive moves to maintain these Exhibits under seal, and has proposed redactions to its Opposition, in accordance with Arkin's desire to maintain the confidentiality of the Exhibits.

**Exhibit 29 to Restore's Opposition to Intuitive's Motion for Summary Judgment.** Exhibit 29 is an internal Intuitive sales presentation. This Exhibit contains proprietary information concerning Intuitive's marketing and sales strategies which, if disclosed, would cause Intuitive competitive harm. Intuitive has proposed redactions to Exhibit 29 rather than maintain it completely under seal as initially filed.

**Exhibit 32 to Restore's Opposition to Intuitive's Motion for Summary Judgment**. Exhibit 32 is an internal Intuitive presentation given before Intuitive's Board of Directors regarding competition and various strategic initiatives. This exhibit contains proprietary information regarding Intuitive's strategic planning and Intuitive's research and development efforts concerning a potential business plan. Maintaining this exhibit under seal in its entirety is necessary because, if disclosed, the information would cause Intuitive competitive harm.

**Exhibits 33 and 34 to Restore's Opposition to Intuitive's Motion for Summary Judgment**. Exhibits 33 and 34 are internal Intuitive documents concerning regulatory considerations to possibly extend the lives of certain EndoWrists. These exhibits contain proprietary information regarding Intuitive's strategic planning and Intuitive's research and development efforts concerning a potential business plan. Maintaining these exhibits under seal in its entirety is

necessary because, if disclosed, the information would cause Intuitive competitive harm.

**Exhibit 36 to Restore's Opposition to Intuitive's Motion for Summary Judgment.** Exhibit 36 is an internal Intuitive spreadsheet concerning Intuitive's contribution margins. Sealing this exhibit is necessary because it contains proprietary financial information which is competitively sensitive and which, if disclosed, would cause competitive harm to Intuitive.

**Exhibit 37 to Restore's Opposition to Intuitive's Motion for Summary Judgment**. Exhibit 37 is an internal Intuitive spreadsheet concerning transaction data with customers. Sealing this Exhibit is necessary because it contains proprietary financial information which is competitively sensitive and which, if disclosed, would cause competitive harm to Intuitive.

**Exhibits 33, 35, 42, 45, 51 and 58 to Intuitive's Motion for Summary Judgment, and Exhibits 16 and 17 to Intuitive's Opposition to Restore's Motion for Summary Judgment.** These Exhibits were produced by Rebotix–a third-party to this litigation–and Rebotix has requested that these Exhibits remain under seal and for Intuitive's Motion for Summary Judgment and Opposition be redacted where citing to these Exhibits. Intuitive moves to maintain these Exhibits under seal and has proposed redactions to its Motion for Summary Judgment and Opposition in accordance with Rebotix's instructions.

**Exhibits 29 and 30 to Restore's Motion for Summary Judgment, Exhibits 1, 2, 3 and 4 to Intuitive's Motion to Exclude the Expert Opinions of Professor Christina DePasquale, Exhibits 1, 2 and 3 to Restore's Opposition to Intuitive's Motion for Summary Judgment, and Exhibits 1, 2 and 3 to Restore's Opposition to Intuitive's Motion to Exclude the Expert Opinions of Professor Christina DePasquale.** These Exhibits are the Expert Report and Expert Rebuttal Report of Christina DePasquale. These Exhibits contain proprietary information regarding Intuitive's strategic planning and Intuitive's research and development efforts concerning a potential business plan. Maintaining redacted versions of these exhibits is necessary because, if disclosed, the information would cause Intuitive competitive harm. These exhibits also cite to internal Intuitive documents containing financial information including sales margins and the prices and discounts offered for various Intuitive products. Dr. DePasquale cites to these documents in support of Restore's arguments regarding Intuitive's pricing. Sealing references to these documents is necessary because the references contain proprietary financial and pricing information which is competitively sensitive and which, if disclosed, would give competitors critical insight into Intuitive's pricing and strategic positioning and would cause competitive disadvantage.

**Exhibits 23, 52 and 53 to Intuitive's Opposition to Restore's Motion for Summary Judgment.** These Exhibits are a document produced by, and the deposition transcripts of employees of, the Conway Regional Health System ("Conway")–a third party to this litigation. Intuitive moves to maintain these Exhibits under seal, and has proposed redactions to its Opposition, in accordance with Conway's desire to maintain the confidentiality of the Exhibits.

Date: January 26, 2022                                    /s/ Karen Lent

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com

MICHAEL S. BAILEY (*Pro Hac Vice*)
1440 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 371-7000
michael.bailey@skadden.com

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

ALLEN RUBY (*Pro Hac Vice*)
Attorney at Law
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690
allen@allenruby.com

*Counsel for Intuitive Surgical, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(I)**

Intuitive certifies this Memorandum complies with the 3,200 word count limitation set forth in Local Rule 7.1(I), excluding the parts exempted by Local Rule 7.1(F).

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2022, I caused **DEFENDANT'S MOTION TO FILE UNDER SEAL** to be served on the following counsel of record by email:

| William Gerald Harrison, Jr. | wharrison@harrisonrivard.com |
| --- | --- |
| Jeffrey Berhold | jeff@berhold.com |

/s/ Karen Lent
KAREN HOFFMAN LENT (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com