IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, and CLIF PARKER ROBOTICS LLC, <br><br>Plaintiffs, <br><br> v. <br><br>INTUITIVE SURGICAL, INC., <br><br> Defendant. <br><br>INTUITIVE SURGICAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br>RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC, <br><br> Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

**PLAINTIFFS' MOTION TO SUPPLEMENT RECORD ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
101 Harrison Avenue
Panama City, FL 32401

COUNSEL FOR PLAINTIFFS

Plaintiffs Restore Robotics LLC, Restore Robotics Repairs LLC, and Clif Parker Robotics LLC ("Restore") hereby move to supplement the record on the motion for summary judgment filed by Defendant and Counterclaim-Plaintiff Intuitive Surgical, Inc. ("Intuitive") (filed publicly at Dkt. 109 and 140). In its reply in support of the motion, Intuitive argued that "Restore fails to address that, on November 16, 2021, FDA warned Rebotix 'you may be remanufacturing the da Vinci S EndoWrist[s] ... in a manner that potentially violates the FD&C Act' and requesting that Rebotix provide information to the 'Allegations of Regulatory Misconduct Team.' (ECF 116-3.)" Dkt. 143 at 3, 4. In the interest of fairness, Restore hereby moves to supplement the record with the Declaration of Stan Hamilton, which attaches the full written response of Rebotix on January 13, 2022 to the inquiry from the FDA and was filed on the public docket in *Rebotix Repair v. Intuitive Surgical* on February 4, 2022. The declaration, including the written response, is attached to this motion as Exhibit 1.

## I.     LEGAL STANDARD

"If a party introduces all . . . of a writing . . ., an adverse party may require the introduction . . . of . . . any other writing . . . that in fairness ought to be considered at the same time." Fed. R. Evid. 106. "The touchstone for an admission under Rule 106 is that the evidence be necessary in order for some other evidence to be 'fairly' considered." *Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1516 (11th Cir.

1

1993)). The Eleventh Circuit has extended the rule of completeness to admission of oral statements through Rule 611(a) under the same fairness standard under Rule 106. *United States v. Pacquette*, 557 F. App'x 933, 936-37 (11th Cir. 2014)

## II.   ANALYSIS

Intuitive itself points to the relevance of the letter of request from the FDA and any subsequent exchange between the Rebotix and the FDA to the issue of antitrust standing in its own reply brief. Dkt. 143 at 3, 4. In fact, Intuitive complains that Restore "fails to address" the fact of the letter in its response brief filed on December 19, 2021. Id. at 3. Rebotix submitted its response to the letter on January 13, 2022 and followed up that written response with a telephone conversation on January 19, 2022. Ex. 1 at 2, 5. The exchange is quite relevant to the letter specifically – and the issue generally of whether Rebotix and its distributor and licensee Restore needed a 510(k) clearance from the FDA to repair EndoWrist instruments.

In conferring before the filing of this motion, Intuitive nevertheless objected to supplementing the record. Intuitive claimed that the written response on January 13, 2022 and the oral statements on January 19, 2022 are hearsay and "irrelevant." In fact, they are necessary for the original letter from the FDA to be fairly considered. Intuitive itself raised the issue of the letter and submitted it into the record. In the letter, the FDA itself requested a written response from Rebotix within 30 days and

informed Rebotix that it could contact Anthony Lee, Ph.D. with any questions regarding the letter. Dkt. 142-3 at 2 and 3 (REBOTIX175417 and REBOTIX175418) (attached as Exhibit 2). Thus, the Hamilton Declaration, including the written response to the letter of request, reflects the complete picture of the exchange (to date) between Rebotix and the FDA on the question of 510(k) clearance. For that reason, the declaration, including the written response, is admissible under Fed. R. Evid. 106 and Fed. R. Evid. 611(a). Otherwise, the original letter of request cannot be fairly considered.

## III.   CONCLUSION

For the foregoing reasons, the motion should be granted.

Respectfully submitted on February 19, 2022.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

Pursuant to Local Rule 7.1(F), the memorandum contains 613 words.

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> Defendant. <br><br> INTUITIVE SURGICAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC, <br><br> Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

## CERTIFICATE OF SERVICE

    I hereby certify that on February 19, 2022, I served the **PLAINTIFFS RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, CLIF PARKER ROBOTICS LLC'S MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY** to the following counsel of record via email:

    ALLEN J RUBY                          allen@allenruby.com
    ABRAHAM M ANDRADE, III         abraham.andrade@skadden.com
    KAREN MARY LENT                   karen.lent@skadden.com
    LANCE A ETCHEVERRY              lance.etcheverry@skadden.com
    MICHAEL H MENITOVE              michael.menitove@skadden.com
    MICHAEL SCOTT BAILEY            michael.bailey@skadden.com

| | |
|---|---|
| MICHAEL WILLIAM FOLGER | michael.folger@skadden.com |
| JORDAN ADAM FEIRMAN | jordan.feirman@skadden.com |
| DAVID LEE MCGEE | dlm@beggslane.com |

                                                          s/ Jeff Berhold
                                        Jeffrey L. Berhold
                                        COUNSEL FOR PLAINTIFFS

## LOCAL RULE 7.1(C) CERTIFICATE

Before filing this motion, counsel for Restore attempted in good faith to resolve the issue through a meaningful conference electronically with counsel for Intuitive. Counsel for Intuitive informed counsel for Restore that Intuitive would object to the motion to supplement the record.

/s Jeff Berhold
Jeffrey L. Berhold