# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

RESTORE ROBOTICS LLC,
RESTORE ROBOTICS REPAIRS LLC,
and CLIF PARKER ROBOTICS LLC,

                Plaintiffs,

    v.

INTUITIVE SURGICAL, INC.,

                Defendant.

INTUITIVE SURGICAL, INC.,

                Counterclaimant,

    v.

RESTORE ROBOTICS LLC and
RESTORE ROBOTICS REPAIRS LLC,

                Counterclaim Defendants.

Civil Case No. 5:19-cv-55-TKW-MJF

## INTUITIVE'S OPPOSITION TO
## RESTORE'S MOTION TO SUPPLEMENT

Defendant/Counterclaimant Intuitive Surgical, Inc. ("Intuitive") submits this opposition to the Motion to Supplement Record on Defendant's Motion for Summary Judgment (ECF 152, "Motion" or "Mot.") filed by

Plaintiffs/Counterclaim Defendants Restore Robotics LLC, Restore Robotics

Repairs LLC and Clif Parker Robotics LLC ("Restore").

## PRELIMINARY STATEMENT

Pursuant to Rule 106 of the Federal Rules of Evidence, Restore moves to

supplement the record on Intuitive's motion for summary judgment with the

Declaration of Stan Hamilton ("Hamilton Declaration"), which was filed by

Rebotix Repair LLC ("Rebotix") in a separate lawsuit against Intuitive pending in

the Middle District of Florida.  The Hamilton Declaration is dated February 4,

2022 and contains two components:  (i) a January 13, 2022 letter that Mr.

Hamilton (Rebotix's Executive Vice President) sent to FDA, attaching two expert

reports that Rebotix served in its litigation against Intuitive, purporting to explain

why Rebotix's business of circumventing the use limits for EndoWrist instruments

does not require 510(k) clearance; and (ii) a declaration in which Mr. Hamilton

purports to recount statements that an FDA official, Dr. Anthony Lee, supposedly

made during a January 19, 2022 phone call to confirm FDA's receipt of the

January 13 letter.  Mr. Hamilton's January 13 letter responded to FDA's November

16, 2021 letter (the "November 16 Letter")—which was attached to Intuitive's

summary judgment papers in this case—in which FDA warned Rebotix that "you

may be remanufacturing the da Vinci S EndoWrist[s] ... in a manner that

potentially violates the [Food, Drug & Cosmetic] Act" and requested that Rebotix

2

provide information to the "Allegations of Regulatory Misconduct Team."  (ECF 143-3.)

Restore's Motion should be denied for multiple reasons.  ***First***, nothing in the Hamilton Declaration is necessary for the November 16 Letter to be "fairly considered," as Rule 106 requires.  Intuitive attached the entirety of the November 16 Letter to its summary judgment briefing, and Restore fails to meet its burden to explain why additional material is necessary to qualify, explain, or place in context the November 16 Letter.  ***Second***, Mr. Hamilton's purported recounting of what Dr. Lee supposedly told him is hearsay, and Restore does not—and cannot— identify any exception that would render the hearsay admissible.  ***Third***, the two expert reports by ***Rebotix*'s** experts plainly are inadmissible and cannot be considered at summary judgment because neither expert will testify in this case, given that neither has been disclosed as an expert for Restore, and expert discovery closed in October.

## <u>ARGUMENT</u>

## I.   RULE 106 DOES NOT ALLOW <u>RESTORE TO SUPPLEMENT THE RECORD</u>

Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."  Fed. R. Evid. 106.  The rule typically applies

only to offering as evidence the entirety of a document partially cited by an adverse party, and even then, "FRE 106 does not automatically make the entire document admissible." *United States v. Lanzon*, 639 F.3d 1293, 1302 (11th Cir. 2011) (citation omitted). The party seeking introduction of additional material bears the burden to show how it is necessary to qualify, explain, or place into context evidence already introduced. *See id.*; *United States v. Woodard*, 662 F. App'x 854, 859-60 (11th Cir. 2016).

Restore does not and cannot establish that Rule 106 applies to the Hamilton Declaration. Intuitive attached the complete November 16 Letter in which FDA described Rebotix's potential violation of the Food, Drug & Cosmetic Act and requested that Rebotix respond to the "Allegations of Regulatory Misconduct Team." (ECF 143-3.) Restore does not argue that Intuitive omitted or mischaracterized any portion of the November 16 Letter.

Restore instead claims it must introduce several hundred pages of additional evidence because the Hamilton Declaration "reflects the complete picture of the exchange (to date) between Rebotix and the FDA on the question of 510(k) clearance." (Mot. at 3.) But the Hamilton Declaration is an entirely separate writing that does not "qualify, explain, or place into context" FDA's November 16 Letter. Restore fails to explain how the Hamilton Declaration is necessary to correct any misleading statement or provide any missing context to Intuitive's

arguments.[1]  Instead, Restore apparently seeks to introduce Rebotix's response to FDA's Allegations of Regulatory Misconduct Team not to contextualize the record, but to advance new arguments—that Restore failed to develop in its summary judgment briefing—regarding whether Rebotix's (and, therefore, Restore's) business requires 510(k) clearance.  That is not the purpose of Rule 106, and for this reason alone, Restore's Motion should be denied.

## II.   MR. HAMILTON'S RECOUNTING OF DR. LEE'S PURPORTED STATEMENTS IS INADMISSIBLE HEARSAY THAT CANNOT BE CONSIDERED AT SUMMARY JUDGMENT

Restore's effort to supplement the record with the statements attributed to Dr. Lee should also be rejected because those statements are clear hearsay, making them inadmissible.  And, specifically in this context, hearsay statements cannot be considered at summary judgment unless the party offering the hearsay statements can establish the statements would  otherwise be admissible at trial.  *Macuba v. Deboer,* 193 F.3d 1316, 1322-25 (11th Cir. 1999).

Restore seeks to introduce the statements purportedly made by Dr. Lee for the truth of the matter asserted—*i.e.,* that FDA supposedly has not yet determined

---

[1]  Indeed, even if the self-serving assertions the Hamilton Declaration attributes to Dr. Lee were considered at summary judgment—which, as inadmissible hearsay, they cannot be—at most, they suggest that FDA has not reached a final determination as to the legality of Rebotix's business.  Such statements would support Intuitive's argument that Restore—which licensed Rebotix's "Interceptor" technology—cannot meet its burden to prove that its business was lawful.

whether Rebotix's business requires 510(k) clearance.  Though Restore

acknowledges that Intuitive objected to supplementation because of hearsay (Mot.

at 2), Restore has not argued that these statements are not hearsay, or that they

could be reduced to an admissible form at trial.

Restore also has not argued that there is any hearsay exception that permits

admission of these statements into evidence.  Indeed, none exists.  They cannot be

a "record or statement of a public office" that would qualify for the public records

hearsay exception, as this exception only applies when (A) the statement sets out:

(i) the office's activities; (ii) a matter observed while under a legal duty to report;

or (iii) factual findings from a legally authorized investigation; and (B) the party

opposing admission "does not show that the source of information or other

circumstances indicate a lack of trustworthiness."  Fed. R. Evid. 803(8); *see also*

*Mamani v. Sánchez Bustamente*, 968 F.3d 1216, 1241 (11th Cir. 2020) (citation

omitted).  Nothing in the Hamilton Declaration suggests that the statements

purportedly made by Dr. Lee during an informal phone call fall within the

parameters of this exception.  *See Sabel v. Mead Johnson & Co.*, 737 F. Supp. 135,

144-47 (D. Mass. 1990) (holding that FDA official's notes of a telephone

conversation with defendant's employee constituted inadmissible hearsay to which

the public records exception did not apply).

Further, even assuming Rule 106 applied (which it does not, for the reasons explained above), Restore has not argued that Rule 106 provides a hearsay exception, and numerous cases have held that it does not.  *See, e.g.*, *United States v. Hassan*, 742 F.3d 104, 134 (4th Cir. 2014) ("[Fed. R. Evid. 106] does not "render admissible ... evidence which is otherwise inadmissible under the hearsay rules."); *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014) (same); *United States v. Terry*, 702 F.2d 299, 314 (2d Cir. 1983) ("Rule 106 does not render admissible evidence that is otherwise inadmissible.").[2]

## III.   REBOTIX'S TWO EXPERT REPORTS ARE INADMISSIBLE AND CANNOT BE CONSIDERED AT SUMMARY JUDGMENT

Restore's attempt to supplement the summary judgment record with the two Rebotix expert reports attached to the Hamilton Declaration should also be denied. Because those experts—Dr. Sharlin and Mr. Stevens—will not testify in this case, their reports are inadmissible hearsay that cannot be considered at summary judgment.  *See Diamond Resorts Int'l, Inc. v. Aaronson*, 387 F. Supp. 3d 1143, 1144 (M.D. Fla. 2019) (denying motion to admit expert report of witness

---

[2]  Limited Eleventh Circuit precedent on this point is consistent.  *See Lanzon*, 639 F.3d at 1302 (citation omitted) ("FRE 106 does not automatically make the entire document admissible."); *Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1516 (11th Cir. 1993) (holding it was error to admit under Rule 106 other portions of a statement that constituted hearsay and did not contextualize any statement in evidence).

unavailable to testify at trial because "expert reports are inadmissible hearsay");

*Divine Motel Grp., LLC v. Rockhill Ins. Co.*, No. 3:14-cv-31-J-34JRK, 2015 WL

4095449, at *6 (M.D. Fla. July 7, 2015) (declining to consider expert report at

summary judgment because "the Report is neither sworn nor otherwise verified,

and [plaintiff] has made no showing that this unsworn evidence is admissible as

presented, or could be presented in an admissible form at trial").[3]

Moreover, while Restore has not suggested that it intends to call either Dr.

Sharlin or Mr. Stevens, it would be far too late to disclose either as an expert

witness.  Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure requires expert

"disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P.

26(a)(2)(D).  "Fed. R. Civ. P. 37(c)(1) states that when 'a party fails to provide

information or identify a witness as required by [Rule] 26(a) or (e), the party is not

allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at a trial, unless the failure was substantially justified or is harmless.'"

*Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).  "The burden

to establish that failure to disclose was substantially justified or harmless rests on

the nondisclosing party."  *Id.*  (quotation and citation omitted).

---

[3]  Dr. Sharlin's opinions are not even admissible in the *Rebotix* case because
Rebotix withdrew him as a testifying expert before Intuitive had an opportunity to
depose him.  Meanwhile, Mr. Stevens—who relied extensively on Dr. Sharlin's
report—is subject to a pending *Daubert* motion in the *Rebotix* case.

8

Here, expert discovery closed on October 21, 2021.  (ECF 91.)  Restore did

not disclose Dr. Sharlin, Mr. Stevens or any other expert to opine regarding 510(k)

clearance issues.  Now, more than four months after the close of expert discovery,

Restore cannot disclose new experts.  Indeed, Restore does not even attempt to

satisfy its burden to establish that its belated production of these expert materials

could be deemed substantially justified or harmless.

## **CONCLUSION**

For all these reasons, Restore's Motion should be denied.

DATED:  March 4, 2022                Respectfully submitted,

/s/ Karen Lent

KAREN HOFFMAN LENT (*Pro Hac Vice*)           DAVID L. McGEE
MICHAEL H. MENITOVE (*Pro Hac Vice*)          Fla. Bar No. 220000
MICHAEL W. FOLGER (*Pro Hac Vice*)            BEGGS & LANE, RLLP
SKADDEN, ARPS, SLATE,                         Tel: (850) 432-2451
  MEAGHER & FLOM LLP                          dlm@beggslane.com
One Manhattan West
New York, NY 10001                            ALLEN RUBY (*Pro Hac Vice*)
Tel: (212) 735-3000                           Attorney at Law
karen.lent@skadden.com                        Tel: (408) 477-9690
michael.menitove@skadden.com                  allen@allenruby.com
michael.folger@skadden.com
                                              *Counsel for Intuitive Surgical, Inc.*
MICHAEL S. BAILEY (*Pro Hac Vice*)
1440 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 371-7000
michael.bailey@skadden.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been filed via CM/ECF for electronic distribution to all counsel of record, this 4th day of March 2022.

<u>/s/ Karen Lent</u>
KAREN HOFFMAN LENT (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com

*Counsel for Intuitive Surgical, Inc.*