IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, and CLIF PARKER ROBOTICS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC,<br><br>Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

**INTUITIVE SURGICAL, INC.'S MOTION FOR
RECONSIDERATION OF THE SUMMARY JUDGMENT ORDER
RELATING TO RESTORE'S ENDOWRIST "REPAIR" BUSINESS**

Defendant/Counterclaim Plaintiff Intuitive Surgical, Inc. ("Intuitive") submits this motion for reconsideration of the Court's Order on Motions for Summary Judgment (ECF 158, the "SJ Order") regarding the EndoWrist "repair" claims of Plaintiffs/Counterclaim-Defendants Restore Robotics LLC and Restore

Robotics Repairs LLC ("Restore"). Specifically, a recently-issued FDA decision—which only became available to Intuitive after the Court issued its SJ Order—concluded that extending EndoWrist use limits requires 510(k) clearance, which neither Restore nor its licensor, Rebotix Repair LLC ("Rebotix"), ever obtained. Respectfully, in light of this new evidence, the Court should now grant summary judgment dismissing Restore's EndoWrist "repair" claims because its business is (and was at all times) unlawful and, therefore, it cannot have suffered antitrust injury.

## MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

On April 11, 2022, approximately 30 minutes after the Court issued the SJ Order, Intuitive received notice in a related case that FDA recently issued a decision that Rebotix's business of "extending the number of uses" for EndoWrists constitutes remanufacturing and requires 510(k) clearance. The FDA decision applies to Restore's EndoWrist "repair" business because Restore used Rebotix's technology to circumvent EndoWrist use limits, and the decision encompasses any effort to extend EndoWrist uses beyond their prescribed limits.

In addition, on April 7, 2022, Intuitive received a response to a Freedom of Information Act ("FOIA") request it submitted in September 2020 through which it obtained internal FDA documents regarding the agency's investigations of Restore

2

and Rebotix. These records confirm that FDA similarly concluded that Restore's EndoWrist "repair" business required 510(k) clearance.

In light of this new evidence, which was not available to the Court when it made its decision (or to Intuitive when it submitted its briefing on the motion), Intuitive respectfully requests that the Court reconsider its SJ Order and grant summary judgment dismissing Restore's claims regarding its EndoWrist "repair" business. In the SJ Order, the Court determined that FDA had "not definitively" stated that "510(k) clearance is required to override the use limits in the EndoWrist." (SJ Order at 7.) Now, FDA has definitively issued such a decision. And because Restore has never obtained 510(k) clearance (and neither has Rebotix), its EndoWrist "repair" business has not been—and cannot be—lawful competition upon which Restore can, as a matter of law, prove antitrust injury. Accordingly, summary judgment should be granted on Restore's claims regarding its EndoWrist "repair" business.

## BACKGROUND

Rebotix, which licensed the technology to Restore to circumvent EndoWrist use limits, is pursuing antitrust claims against Intuitive in *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, Case No. 8:20-cv-02274-VMC-TGW (M.D. Fla.) ("*Rebotix*"). On March 9, 2022, Rebotix, conceding the critical importance to its claims of FDA's views on whether 510(k) clearance is required to extend

EndoWrist use limits, represented that FDA had indicated it would soon render a formal decision on that issue and asked that the case be stayed. *Id.*, ECF 162. On April 1, 2022, Judge Covington stayed the *Rebotix* case pending FDA's decision regarding the "'core' issue" of "whether Rebotix's services are compliant with FDA regulations, i.e., whether its services require 510(k) clearance." *Id.*, ECF 171.

On April 11, at 3:55 p.m. CDT, approximately 30 minutes after the ECF system issued notice of this Court's SJ Order, Rebotix filed a "Notice of FDA decision" in the *Rebotix* case stating that on April 8, "FDA informed Rebotix that it currently believes that Rebotix's activities constitute remanufacturing." (Ex. 1 at Intuitive-00706084.) The "Notice of FDA decision" attached correspondence between FDA and Rebotix, beginning with Dr. Anthony Lee of FDA informing Rebotix on April 6 that "a decision has been made regarding CPT2000126 and Rebotix Repair." (*Id.* at Intuitive-00706087.)[1] Then, on April 8, Dr. Lee communicated FDA's decision:

> [T]he Agency believes that the activities of Rebotix ***constitute remanufacturing and would require FDA review and clearance*** (e.g., 510(k) / de Novo). We therefore request that Rebotix stop engaging in the current activities until an

---

[1] CPT2000126 refers to FDA's investigation of Rebotix's EndoWrist "repair" business, which had been pending since at least February 10, 2020—around the same time that FDA opened CPT2000125, an investigation of Restore's EndoWrist "repair" business. (*See* Ex. 2 at Intuitive-00706067, Intuitive-00706025.)

application is reviewed and cleared/granted.

(*Id.* at Intuitive-00706086 (emphasis added).)

Dr. Lee further explained:

> During premarket review [of EndoWrists], FDA reviews test data to the labeled number of reuse cycles. This includes, but is not limited to, items such as electrical safety, reprocessing, software, and general performance testing. By ***extending the number of uses*** and modifying the instrument with a new chip, the prior information is no longer valid and ***requires additional [premarket] review*** [of] the new labeled usage limit ***in order to establish safety and effectiveness.***

(*Id.* (emphases added).)

Only a few days earlier, on April 7, Intuitive finally received FDA's response to a FOIA request (the "FOIA response") that Intuitive had submitted on September 28, 2020 (i.e., during the discovery period in this case), seeking internal FDA records regarding the agency's investigations of Restore and Rebotix. (Ex. 2 at Intuitive-00706012.) FDA had contacted Restore on February 20, 2020, writing that because Restore "extend[s] the lives of [EndoWrist] instruments [more] than the intended limit …. we believe that a 510(k) is needed before you continue your operation." (ECF 109-57 at Restore-00001256.)

The documents produced with the FOIA response reveal that on March 29, 2020, FDA prepared a Consult Review Memorandum "to determine whether the activities performed by Rebotix Repair constitute remanufacturing and/or require a 510(k)." (*Id.* at Intuitive-00706072.) The memorandum concluded that Rebotix's

5

activities "to extend [EndoWrists'] life and function, *significantly change the devices' intended use, constitute remanufacturing, and require premarket notification review to legally market*." (*Id.* at Intuitive-00706073 (emphasis added).) This conclusion is consistent with the FDA decision communicated to Rebotix on April 8, 2022.

Documents produced for the first time with the FOIA response also reveal that on August 10, 2020, Jitendra Virani of FDA wrote in an Allegation Assessment Review Memorandum that although Restore appeared to be engaged in remanufacturing based on its website, FDA was not pursuing any further investigation of Restore because the "issue [was] considered to be resolved," given Restore's confirmation that it was no longer marketing EndoWrist "repairs." (Ex. 2 at Intuitive-00706025-26.)

## ARGUMENT

"[T]he availability of new evidence" is a well-established basis on which to seek reconsideration. *Infinite Energy Inc. v. Econnergy Energy Co.*, No. 1:06cv124-SPM/AK, 2010 WL 11518548, at *1 (N.D. Fla. Oct. 13, 2010) (collecting cases); *see also Jackson-Fuller v. Pinellas Cnty., Fla.*, No. 8:16-cv-1590-T-35CPT, 2018 WL 5017781, at *3 (M.D. Fla. Aug. 28, 2018) (granting motion for reconsideration of summary judgment order in light of "newly discovered evidence").

6

Here, the FDA decision and the FOIA response constitute new evidence that Intuitive could not have cited at summary judgment. Indeed, Rebotix did not provide notice of the FDA decision (which was issued on April 8) until after this Court had already issued the SJ Order on April 11. And while Intuitive exercised diligence in submitting a FOIA request in September 2020 (well before fact discovery closed in June 2021), Intuitive only received responsive materials a week ago—long after summary judgment briefing in this case had been completed.

In light of this new evidence, Intuitive respectfully submits that the Court should grant summary judgment dismissing Restore's EndoWrist "repair" claims because Restore cannot establish antitrust injury, given that: (a) it is undisputed that neither Restore nor Rebotix ever obtained 510(k) clearance; and (b) such clearance was required. The Court declined to grant summary judgment on this basis because "although the FDA has signaled that 510(k) clearance is required, it has not definitely said so." (SJ Order at 7; *see also id.* at 7 n.4 ("[I]t is still an open question as to whether 510(k) clearance is required for Restore's EndoWrist 'repair' service.").) The Court further determined that "it does not have the authority (or if it does, it should not exercise that authority) to usurp the FDA's responsibility for deciding that issue in the first instance." (*Id.* at 7 n.4.)

The new evidence establishes that FDA now has decided—and definitively stated—that "extending the number of uses and modifying [EndoWrists] with a

7

new chip" is "remanufacturing and ***would require FDA review and clearance***." (Ex. 1 at Intuitive-00706086 (emphasis added).) Accordingly, because Restore never obtained FDA clearance, its EndoWrist "repair" business would not be lawful competition, and it therefore cannot have suffered antitrust injury. *See, e.g.*, *Modesto Irrigation Dist. v. Pac. Gas & Elec. Co.*, 309 F. Supp. 2d 1156, 1170 (N.D. Cal. 2004) ("Courts have long recognized that 'an action under the antitrust laws will not lie where the business conducted by the plaintiff, and alleged to have been restrained by the defendant, was itself unlawful. This is so … because a party cannot prove a cognizable antitrust injury when it itself engaged in unlawful conduct *ex ante*." (citations omitted)), *aff'd*, 158 F. App'x 807, 807 (9th Cir. 2005) (affirming summary judgment for defendant because plaintiff "did not request or receive [required] approval" from regulatory agency and "is therefore not a lawful competitor of [defendant] … and could not have suffered an antitrust injury at the hands of [defendant]").

## CONCLUSION

For the foregoing reasons, in light of the new evidence, Intuitive respectfully requests that the Court grant its motion for reconsideration and grant summary judgment dismissing Restore's claims regarding its EndoWrist "repair" business.

Dated:  April 15, 2022      Respectfully submitted,

               /s/ Karen Lent

| | |
|---|---|
| KAREN HOFFMAN LENT (*Pro Hac Vice*) | DAVID L. McGEE |
| MICHAEL H. MENITOVE (*Pro Hac Vice*) | Fla. Bar No. 220000 |
| SKADDEN, ARPS, SLATE, | BEGGS & LANE, RLLP |
|   MEAGHER & FLOM LLP | 501 Commendencia Street |
| One Manhattan West | Pensacola, FL 32502 |
| New York, NY 10001 | Telephone: (850) 432-2451 |
| Tel: (212) 735-3000 | dlm@beggslane.com |
| karen.lent@skadden.com | |
| michael.menitove@skadden.com | |
| | |
| MICHAEL S. BAILEY (*Pro Hac Vice*) | ALLEN RUBY (*Pro Hac Vice*) |
| 1440 New York Avenue, N.W. | Attorney at Law |
| Washington, DC 20005 | 15559 Union Ave. #138 |
| Tel: (202) 371-7000 | Los Gatos, CA 95032 |
| michael.bailey@skadden.com | Tel: (408) 477-9690 |
| | allen@allenruby.com |
| | |
| | SONYA D. WINNER (*Pro Hac Vice*) |
| | COVINGTON & BURLING LLP |
| | Salesforce Tower |
| | 415 Mission Street, Suite 5400 |
| | San Francisco, CA 94105 |
| | swinner@cov.com |
| | |
| | ANDREW D. LAZEROW (*Pro Hac Vice*) |
| | COVINGTON & BURLING LLP |
| | One CityCenter |
| | 850 Tenth Street, NW |
| | Washington, DC 20001-4956 |
| | alazerow@cov.com |

*Counsel for Intuitive Surgical, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Intuitive certifies that its counsel conferred by telephone with Restore's counsel regarding this motion on April 14, 2022. The conference did not resolve the issues raised in the motion.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Intuitive certifies this Memorandum complies with the word count limitation set forth in Local Rule 7.1(F) because it contains 1,432 words, excluding the parts exempted by said Local Rule.

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2022, I caused **INTUITIVE SURGICAL, INC.'S MOTION FOR RECONSIDERATION OF THE SUMMARY JUDGMENT ORDER RELATING TO RESTORE'S ENDOWRIST "REPAIR" BUSINESS** to be served on the following counsel of record by email:

| | |
|---|---|
| William Gerald Harrison, Jr. | wharrison@harrisonrivard.com |
| Jeffrey Berhold | jeff@berhold.com |

/s/ Karen Lent
KAREN HOFFMAN LENT (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com