IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RESTORE ROBOTICS LLC,
RESTORE ROBOTICS REPAIRS LLC,
and CLIF PARKER ROBOTICS LLC,

    Plaintiffs,

v.

INTUITIVE SURGICAL, INC.,

    Defendant.

INTUITIVE SURGICAL, INC.,

    Counterclaimant,

v.

RESTORE ROBOTICS LLC and
RESTORE ROBOTICS REPAIRS LLC,

    Counterclaim Defendants.

Civil Case No. 5:19-cv-55-TKW-MJF

**PLAINTIFFS RESTORE ROBOTICS LLC AND RESTORE ROBOTICS REPAIRS LLC'S RESPONSE TO DEFENDANT INTUITIVE SURGICAL, INC.'S MOTION TO FILE UNDER SEAL**

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
101 Harrison Avenue
Panama City, FL 32401

Pursuant to Dkt. 176, Plaintiffs Restore Robotics LLC and Restore Robotics Repairs LLC ("Restore") hereby respond to the motion to file under seal by Defendant Intuitive Surgical, Inc. ("Intuitive") (Dkt. 175). The pending motion is subject to the common law right of public access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The common law right of access may be overcome by a showing of good cause, balancing the right of public access against the interest of the designating party in keeping the information confidential:

> Whether good cause exists is decided by the nature and character of the information in question. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.

*Id.* at 1245–46 (internal quotation marks and citations omitted).

Restore has conferred with Intuitive regarding documents to be filed in support of its motion to reopen discovery. At the end of those discussions, Intuitive indicated that "[w]e don't agree with the scope of your designations, but we'll respect them and file the content you designated under seal." Restore understood the email to mean that Intuitive would move to file the documents and redacted testimony under seal without objection. Furthermore, the motion itself states that

1

Intuitive will file the documents and redacted testimony under seal. In reviewing the order (Dkt. 176) after returning from vacation today, the undersigned counsel sees that the certificate of compliance leaves some ambiguity for Restore and the Court: "The conference and communications did not resolve the issues raised in the motion." Id. at 5. The motion also does not identify the five exhibits. Restore has contacted Intuitive for clarification.

In the meantime, Restore confirms that Restore and its business partners maintain the "ATTORNEY'S EYES ONLY" designations for AHP000527-537 and Restore-00086093-86120 because the FDA ex parte correspondence contains extensive amounts of highly confidential information regarding Restore's product development plans. The plans are currently closely held within Restore and its business partners. The FDA submissions themselves are not available to the public until clearance by the FDA, and only on a <u>very limited</u> basis after clearance. Restore and its business partners have closely held their product development plans to prevent competitors or potential competitors from taking advantage of that information. The public has an interest in ensuring that market participants have confidence in their ability to protect their confidential development, marketing, and business plans. Therefore, the proprietary interest here outweighs the interest of the public in access to the information.

The courts of this circuit routinely recognize that confidential product development and business plans have commercial value and are worthy of filing under seal. *See*, *e.g.*, *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-CV-2669-MHC, 2018 WL 11350560, at *3 (N.D. Ga. Feb. 28, 2018), *Loc. Access, LLC v. Peerless Network, Inc.*, No. 614CV399ORL40TBS, 2016 WL 374948, at *1 (M.D. Fla. Feb. 1, 2016) (business plans and technical capabilities), *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28TB, 2013 WL 5874584, at *2 (M.D. Fla. Oct. 31, 2013) (product development).

Restore also seeks the redaction of the identity of its business partners from the email between counsel and the Deposition Excerpts of Clif Parker. Restore has closely held the identity of its business partners in this instance to prevent competitors or potential competitors from taking advantage of that information. (The order on summary judgment disclosed the identity of the 510(k) applicant Iconocare.) Again, the public has an interest in ensuring that market participants have confidence in their ability to protect their confidential development, marketing, and business plans. Therefore, the proprietary interest here outweighs the interest of the public in access to the information.

For all the foregoing reasons, Restore responds in support of the granting of the motion to file under seal.

Respectfully submitted on August 12, 2022.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

Pursuant to Local Rule 7.1(F), the memorandum contains 708 words.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, I served the **PLAINTIFFS RESTORE ROBOTICS LLC AND RESTORE ROBOTICS REPAIRS LLC'S RESPONSE TO DEFENDANT INTUITIVE SURGICAL, INC.'S MOTION TO FILE UNDER SEAL** to the following counsel of record via email:

ALLEN J RUBY — allen@allenruby.com
ABRAHAM M ANDRADE, III — abraham.andrade@skadden.com
KAREN MARY LENT — karen.lent@skadden.com
LANCE A ETCHEVERRY — lance.etcheverry@skadden.com
MICHAEL H MENITOVE — michael.menitove@skadden.com
MICHAEL SCOTT BAILEY — michael.bailey@skadden.com

5

| | |
|---|---|
| MICHAEL WILLIAM FOLGER | michael.folger@skadden.com |
| JORDAN ADAM FEIRMAN | jordan.feirman@skadden.com |
| DAVID LEE MCGEE | dlm@beggslane.com |
| JORDAN ADAM FEIRMAN | jordan.feirman@skadden.com |
| ANDREW DAVID LAZEROW | alazerow@cov.com |
| SONYA DIANE WINNER | swinner@cov.com |
| JOHN FOSTER KENDRICK | jkendrick@cov.com |

                                                                     s/ Jeff Berhold
                                      Jeffrey L. Berhold
                                      COUNSEL FOR PLAINTIFFS