# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>　　　　　　Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>　　　　　　Counterclaimant,<br><br>　v.<br><br>RESTORE ROBOTICS LLC and<br>RESTORE ROBOTICS REPAIRS LLC,<br><br>　　　　　　Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

### INTUITIVE SURGICAL INC.'S SECOND SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS TO
### <u>RESTORE ROBOTICS LLC AND RESTORE ROBOTICS REPAIRS LLC</u>

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant/Counterclaimant Intuitive Surgical, Inc. ("Intuitive") requests that Plaintiffs/Counterclaim Defendants Restore Robotics LLC and Restore Robotics Repairs LLC (together, "Restore") provide written responses to these requests for production in the manner and time required by federal law and produce for

inspection, copying, reproduction, photographing, testing or sampling the following specified documents or other tangible things in Restore's possession, custody or control. Production of all such documents and other tangible things shall be made within 30 days of the date of these requests, at the office of Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, attention Karen Hoffman Lent.

## DEFINITIONS

The following definitions shall apply to these requests for production:

A.  "Da Vinci Surgical Systems" shall mean the following four generational platforms commercialized by Intuitive: (i) first generation da Vinci standard Surgical System; (ii) second generation da Vinci S Surgical System; (iii) third generation da Vinci Si Surgical System; and (iv) fourth generation da Vinci X, da Vinci Xi and da Vinci SP Surgical Systems.

B.  "EndoWrist Instruments" shall mean all of the instruments and accessories manufactured by Intuitive that incorporate Intuitive's patented "EndoWrist" technology, including forceps, scissors, electrocautery tools and scalpels.

C.  A "communication" shall mean any disclosure, transfer or exchange of information or opinion, however made.

2

D. A "document" shall include all things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a) and "writings and recordings" in Federal Rule of Evidence 1001(1), including correspondence, contracts, memoranda, tapes, stenographic or handwritten notes, letters, telegrams, reports, cablegrams, records, notes, drafts, proposals, minutes, affidavits, books, papers, magazines, newspaper articles, logs, studies, publications, pamphlets, pictures, photographs, films, audio recordings, maps, surveys, charts, calendars, diaries, invoices, purchase orders, bills, bills of lading, journals, lists, electronically stored data or meta-data, computer disks, tapes, diskettes, computer memory, video, transcripts, and any other written, printed, recorded, or video matter or tangible thing on which any words, pictures, photographs, graphics, or images are affixed or conveyed. A "document" includes every copy of another document.

E. The term "contract" shall be construed to mean any and all documents or communications that reflect a formal or informal agreement, arrangement or understanding between any two or more persons, including amendments to contracts, addendums to contracts and any agreements referenced in contracts.

F. A "person" shall mean and include any natural person, association, partnership, joint venture, corporation, trust and governmental, business or professional entity.

3

G.   The term "including" shall be construed to mean "including but not limited to" as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope.

H.   The term "related to" shall be construed to mean concerning, referring to, describing, constituting, mentioning, summarizing, demonstrating, containing, showing, comprising, embodying, mentioning, discussing, commenting on, consisting of, reflecting, tending to prove or disprove, or explaining.

I.   "FDA" shall mean the United States Food and Drug Administration.

J.   "You" or "your" shall mean Restore and any person acting for or on Restore's behalf.

## INSTRUCTIONS

A.   The following rules of construction apply:

1.   The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to make the requests inclusive rather than exclusive.

2.   The terms "any" and "each" shall be construed as encompassing any and all.

3.   The use of the singular form of any word includes the plural and vice versa.

B. As used herein, all phrases following the term "including" are intended to illustrate the kinds of matters that are responsive to the request. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the request.

C. All documents must be produced according to the Agreed Protocol For Production of Hard-Copy Documents and Electronically Stored Information (ECF No. 35) and the Agreed Protective Order (ECF No. 36), and any subsequent or other agreement between the parties related to the production of documents or electronically stored information.

D. If any document or portion of a document is withheld or redacted on the basis of any asserted privilege, in lieu of the withheld information and in accordance with Section 13 of the Agreed Protective Order, please provide a written statement or schedule indicating:

1. The type of document, e.g., letter or memorandum;

2. The general subject matter of the document;

3. The date of the document;

4. The author, addresses and all recipients of the document, including, where not otherwise apparent, the relationships of all authors, addresses and recipients to each other, along with their titles and affiliations; and

5

        5.      A description of the claimed basis for the asserted immunity.

    E.      In responding to these requests for production, please furnish all information in the possession, custody or control of Restore, including all information in the possession, custody or control of any person acting on the behalf of Restore. Without limitation of the word "control" as used in the preceding sentence, a document shall be deemed to be in Restore's control if Restore has the right to secure the document or a copy of the document from another person or any other public or private entity having possession or custody thereof.

    F.      The production by one person, party or entity of a document does not relieve Restore from the obligation to produce its own copy of that document, even if the two documents are identical.

    G.      All documents that are responsive, in whole or in part, to any portion of the Requests shall be produced in their entirety, including all attachments and enclosures. If any responsive document contains both privileged and non-privileged materials, produce the entire document with the privileged material redacted and the fact of the redaction clearly indicated.

    H.      These requests for production are limited in scope and nature. It is Intuitive's intention to serve additional, non-duplicative discovery demands, in later stages of this litigation. Nothing contained herein shall serve to limit the nature, scope or quantity of such additional demands, including requests for production.

I.  Any verbs in the present tense should be read to include the past, future, and imperfect tenses.

J.  Your obligation to respond to each of these Requests is a continuing one. If after responding to any Request, you obtain or become aware of additional information responsive to any Request, you must supplement your response in accordance with Federal Rules of Civil Procedure 26 and 34.

## REQUESTS FOR PRODUCTION

51.  All documents and communications related to Restore initiating or submitting an application for 510(k) clearance or PMA approval for Restore's servicing of da Vinci Surgical Systems or EndoWrist Instruments.

52.  All documents and communications with any regulatory agency, including the FDA, related to Restore's servicing of da Vinci Surgical Systems or EndoWrist Instruments.

53.  All documents and communications related to anyone expressing a belief or understanding that Restore's servicing of da Vinci Surgical Systems or EndoWrist Instruments does not require 510(k) clearance or PMA approval.

54.  All communications with the entities listed in Request Nos. 14 and 31 of Plaintiffs' First Requests for Documents to Defendant Intuitive Surgical, Inc. related to Intuitive, da Vinci Surgical Systems or EndoWrist Instruments.

55.  All communications with any of the "independent third parties"

referenced in Paragraph 14 of the First Amended Compliant (ECF No. 14) related to Intuitive, da Vinci Surgical Systems or EndoWrist Instruments.

56. All communications with Rebotix Repair, LLC regarding da Vinci Surgical Systems or EndoWrist Instruments.

57. All communications with F21, Inc., Benjamin Biomedical, Inc., or David Mixner regarding da Vinci Surgical Systems or EndoWrist Instruments.

58. All documents regarding Rebotix Repair, LLC.

59. All documents and communications supporting your denial of Intuitive's Request for Admission No. 21, which asked you to "[a]dmit that you have never disclosed to your customers that Restore's repair services are not authorized by Intuitive."

60. All documents and communications supporting your denial of Intuitive's Request for Admission No. 22, which asked you to "[a]dmit that you have never disclosed to your customers that Restore's repair services could void the warranties associated with the customers' da Vinci Surgical systems or EndoWrist instruments."

61. All communications with West Gordon and Bruce McDaniel that occurred before they were employed by Restore.

62. All communications with distributors, including Medline, regarding Intuitive, da Vinci Surgical Systems or EndoWrist Instruments.

63. All documents and communications related to the removal or modification of a preventative maintenance message, including a "PM Due" message, on a da Vinci Surgical System.

64. All documents and communications related to any action, effort, attempt, solicitation for assistance, or inquiry about how to remove or modify a preventative maintenance message, including a "PM Due" message, on a da Vinci Surgical System.

| | |
|---|---|
| Dated:  February 12, 2020 | Respectfully submitted, |

/s/ Allen Ruby
ALLEN RUBY (*Pro Hac Vice*)
LANCE A. ETCHEVERRY (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Tel: (650) 470-4500
allen.ruby@skadden.com
lance.etcheverry@skadden.com

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice Admission to be applied for*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

Counsel for Intuitive Surgical, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> Defendant. <br><br> INTUITIVE SURGICAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC, <br><br> Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2020, I served **INTUITIVE SURGICAL INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO RESTORE ROBOTICS LLC AND RESTORE ROBOTICS REPAIRS LLC,** to the following counsel of record via email:

Jeff Berhold            jeff@berhold.com


/s/ Lance Etcheverry
LANCE A. ETCHEVERRY (*Pro Hac Vice*)
Counsel for Intuitive Surgical, Inc.