**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

| | |
|---|---|
| RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, and CLIF PARKER ROBOTICS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC,<br><br>Counterclaim Defendants. | Civil Case No. 5:19-cv-55-TKW-MJF |

**PROPOSED ORDER REGARDING MOTION
FOR LIMITED REOPENING OF DISCOVERY**

The Court finds that good cause exists to reopen fact and expert discovery in this case on a limited basis, as follows:

1. Plaintiffs/Counterclaim-Defendants Restore Robotics LLC and Restore Robotics Repairs LLC ("Restore") shall produce to Defendant/Counterclaim Plaintiff Intuitive Surgical, Inc. ("Intuitive"), **on or**

**before September 2, 2022**, all documents not previously produced that relate to any application made to the FDA seeking clearance, approval or any other action relating to any product and/or process for the remanufacture, repair, refurbishment, restoration, resetting or servicing of EndoWrists.  This production shall include all documents that Restore has in its possession, custody or control, including responsive documents that it has a right or ability to obtain from third parties— such as any of its agents involved in seeking FDA clearance on Restore's behalf.

      2.    Intuitive may serve third-party subpoenas for the production of documents on any third party that is involved in any application made to the FDA on Restore's behalf, with Restore's financial support, and/or with Restore's involvement seeking FDA clearance, approval, or any other action relating to any product and/or process for the remanufacture, repair, refurbishment, restoration, resetting, or servicing of EndoWrists.  Any such subpoena shall be limited to documents generated or received after (a) the cut-off date of any prior production by that party in this case or (b) if no such production has been made, the close of fact discovery in this case.

      3.    The discovery described in paragraphs 1 and 2 above shall be supplemented promptly should any additional documents be generated and/or received.  If necessary, Intuitive may serve supplemental subpoenas to compel such supplementation by third parties.  Restore shall certify 30 days before trial

that all required supplementation is, to the best of its knowledge, complete; if such certification is not possible because Restore is aware of documents held by third parties that it is unable to produce or require to be produced, it shall identify those documents to the best of its ability.

4. **On or before September 23, 2022**, Intuitive may take a Rule 30(b)(6) deposition concerning the subject matter addressed in the documents produced pursuant to paragraphs 1-3 above of: (i) Restore; and (ii) each of any other entity that is shown, based on the documents produced pursuant to paragraphs 1-3 above, to be acting on behalf of, or otherwise in cooperation with, Restore in connection with an FDA application seeking clearance, approval, or any other action relating to any product and/or process for the remanufacture, repair, refurbishment, restoration, resetting, or servicing of EndoWrists.

5. Should any material developments occur after the depositions authorized in the preceding paragraph, the parties shall meet and confer in good faith regarding whether the facts relating to those developments can be addressed by informal disclosure and/or stipulation; if agreement cannot be reached, Intuitive may apply to the Court for leave to reopen one or more depositions.

6. **On or before October 14, 2022**, each party may provide supplemental expert reports from any of its previously disclosed experts from whom it wishes to offer supplemental opinions based on developments reflected in

the documents and depositions authorized by this Order, as well as any other documents or information that have become available through other means since the parties' original expert reports were served.  **On or before November 4, 2022**, each party may serve one or more rebuttal reports from any of its previously disclosed experts that respond to any supplemental reports served by the opposing party.  Any supplemental reports and rebuttal reports served pursuant to this paragraph shall comply fully with Rule 26(a)(2), must include any back-up workpapers necessary to replicate any calculations provided and may not rely on data or documents not previously produced unless (a) it was not possible to produce those items previously, and (b) they are produced in full with the expert's supplemental or rebuttal report.

7. **On or before November 22, 2022**, each party may depose any expert who has submitted a supplemental report pursuant to paragraph 6 above. The scope of the deposition shall be limited to the subject matter of the expert's supplemental report.

8. **On or before September 2, 2022**, pursuant to its prior proposal, Intuitive shall produce to Restore:  (i) updated S/Si EndoWrist sales data through the second quarter of 2022; (ii) updated communications, if any, between Intuitive (or persons representing Intuitive) and FDA regarding efforts by Restore or other third parties to obtain 510(k) clearance, or to determine whether they need

FDA clearance, relating to their EndoWrist "repair" businesses; and (iii) updated communications, if any, between Intuitive (or persons representing Intuitive) and FDA regarding the need for 510(k) clearance for Intuitive's own extended lives program or any Intuitive refurbishment or remanufacturing program for EndoWrists.

        9.     No other additional discovery is authorized at this time, and all other deadlines, including those established in the Court's Order Scheduling Trial (ECF 164), shall remain the same.

**DONE and ORDERED** this \_\_\_\_ day of _____, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**