UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RESTORE ROBOTICS, LLC**, et al.,

    **Plaintiffs**,

v.                                           Case No. 5:19cv55-TKW-MJF

**INTUITIVE SURGICAL, INC.**,

    **Defendant**.

_____/

## ORDER DENYING MOTION TO REOPEN DISCOVERY

This case is before the Court based on Intuitive's motion for limited reopening of discovery (Doc. 180) and Restore's response in opposition (Doc. 181). Upon due consideration of these filings and their attachments, and for the reasons stated on the record at the telephonic hearing on the motion, it is

**ORDERED** that Intuitive's motion for limited reopening of discovery (Doc. 180) is **DENIED**,[1] but the parties shall comply with their continuing obligations

---

[1] Relatedly, the Court recognizes the following language from the Order Denying Reconsideration may have contributed to Intuitive's misunderstanding that Restore is taking the position that it would have sought or obtained FDA clearance sooner but for Intuitive's anticompetitive conduct:  "there is evidence from which a jury could find that Restore was prepared (or was preparing) to compete in the EndoWrist 'repair' market with different technology that would have obtained FDA clearance were it not for Intuitive's anticompetitive conduct." Doc. 171 at 8 (citing Doc. 158 at 9-10). That language is not as clear as it should be, likely due to the location of the phrase "were it not for Intuitive's anticompetitive conduct." Thus, on the Court's own motion, that language is clarified as follows to better track the cited portions of the summary judgment order: "there is evidence from which a jury could find that, were it not for Intuitive's anticompetitive conduct, Restore could have competed in the EndoWrist 'repair' market because

under Fed. R. Civ. P. 26(e) to supplement their discovery responses—particularly as they relate to the ongoing FDA 510(k) clearance process.  The parties shall work together in good faith on the timing, scope, and potential use of the supplemental disclosures consistent with the guidance provided (and the concerns expressed) at the telephonic hearing.

**DONE and ORDERED** this 9th day of September, 2022.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

---

it was prepared (or was preparing) to compete in that market with different technology for which it sought to obtain FDA clearance."  The critical point the Court was trying to make was that there is evidence from which the jury could find that Restore had the requisite antitrust standing without the Rebotix technology since it had taken material preparatory steps to compete in the relevant market with its own technology.