UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RESTORE ROBOTICS, LLC**, et al.,

    **Plaintiffs**,

v.                                                                                  Case No. 5:19cv55-TKW-MJF

**INTUITIVE SURGICAL, INC.**,

    **Defendant**.

_____/

## ORDER ON MOTION TO COMPEL DISCOVERY

This case is before the Court based on Plaintiff's motion to compel discovery (Doc. 188) and Defendant's response in opposition (Doc. 191). Upon due consideration of these filings and their attachments and the entire case file, the Court finds that the motion is due to be granted in part and denied in part.

This is a complex antitrust case involving surgical robots and their instruments. Plaintiff provides "repair" services for the EndoWrist instruments used with the S/Si robots, but it has never had (and still does not have) the technological capability to provide those services for the instruments used with the newer X/Xi robots. Plaintiff claims that Defendant has used its monopoly power in the surgical robot market to exclude Plaintiff from the service and instrument aftermarkets. Defendant denied these claims and asserted various counterclaims related to Plaintiff's business practices.

Discovery closed in October 2021. The Court thereafter largely denied the parties' competing motions for summary judgment, *see* Doc. 158, and set the case for trial in February 2023, *see* Doc. 164. Last month, the Court denied Defendant's motion to reopen discovery but reminded the parties of their "continuing obligations under Fed. R. Civ. P. 26(e) to supplement their discovery responses." Doc. 183 at 1-2. The Court also expressed serious reservations with Plaintiff's apparent efforts to expand this case to include damages related to its alleged exclusion from the X/Xi aftermarkets. *See* Doc. 185 at 31-36.

Plaintiff now seeks an order compelling Defendant to supplement its discovery responses with information about "blocking technology" related to the X/Xi and updated sales data for the X/Xi. Defendant opposes the motion, arguing that the information sought by Plaintiff is irrelevant to Plaintiff's claims regarding the S/Si instruments and that the motion is "a last-ditch effort to improperly inject a brand-new theory into this case." Doc. 191 at 2. On the latter point, Defendant argues that Plaintiff is "seek[ing] to assert a theory alleging harm to its contemplated (but currently non-existent) business of extending X/Xi EndoWrists beyond their FDA-cleared limits, even though [Plaintiff] admittedly lacks the technological capability to circumvent the X/Xi use counter—a prerequisite to extending EndoWrist use limits." *Id.*

The Court adheres to the view expressed at the recent motion hearing that this case is about Plaintiff's alleged exclusion from the aftermarkets related to S/Si, not the X/Xi, and for the reasons articulated by Defendant in its response, the Court fails to see how the supplemental evidence sought by Plaintiff regarding the X/Xi "blocking technology" is relevant to any issue properly framed by the pleadings. That said, the Court sees no reason for Defendant not to produce the updated sales data regarding the X/Xi because (a) Defendant apparently previously produced that data for prior time periods without objection, and (b) that information is potentially relevant to Defendant's alleged efforts to prevent competition in, and exclude Plaintiff from, the S/Si market by steering customers to the X/Xi (*see* Doc. 77 at ¶86), and it is also potentially relevant to the damages allegedly suffered by Plaintiff because of those efforts.

Accordingly, it is **ORDERED** that Plaintiff's motion to compel discovery (Doc. 188) is **GRANTED in part**, and within 14 days from the date of this Order, Defendant shall produce to Plaintiff updated X/Xi sales data through the Second Quarter of 2022. The motion is otherwise **DENIED**.

**DONE and ORDERED** this 24th day of October, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**