# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

| | |
|---|---|
| RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, and CLIF PARKER ROBOTICS LLC, | |
| Plaintiffs, | Civil Case No. 5:19-cv-55-TKW-MJF |
| v. | |
| INTUITIVE SURGICAL, INC., | |
| Defendant. | |
| INTUITIVE SURGICAL, INC., | |
| Counterclaimant, | |
| v. | |
| RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC, | |
| Counterclaim Defendants. | |

## PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE **CHARACTER EVIDENCE**

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
101 Harrison Avenue
Panama City, FL 32401

COUNSEL FOR PLAINTIFFS

Pursuant to Fed. R. Evid. 401, 402, 403, 404, and 602, Plaintiffs Restore Robotics LLC and Restore Robotics Repairs LLC ("Restore") hereby file this motion to preclude Defendant Intuitive Surgical, Inc. ("Intuitive") from offering argument, allegations, or evidence that the Restore attempted to hack into Intuitive, steal from Rebotix, or mislead the FDA. In each instance, Intuitive is offering unfounded allegations of misconduct that have no relevance to the issues in dispute and confuse the issues for the jury, unfairly prejudice Restore, and are a waste of time for everyone.

I.  Hacking

Going back to Count 7 of its Counterclaims, Intuitive has alleged that Restore attempted to "hack" into its "system," which showed a "willingness to cross the line into criminal behavior." Dkt. No. 32 ¶¶ 44, 71-78. The Court has already granted summary judgment to Restore on that claim. Dkt. No. 158 at 25. The Court ruled that Intuitive had failed to offer evidence that Restore attempted to hack into its customer's robots or its own network. Id. at 16. Furthermore, there is no dispute that the S/Si EndoWrists do not have encryption. Thus, Intuitive has no foundation for offering argument or evidence that Restore has been "hacking" anything.

Instead, Intuitive seeks to confuse the issues and unfairly prejudice the jury. Intuitive claims that it may still call Ben Lipson to come from Macao to testify about his single telephone conversation with Clif Parker about whether there was any way

1

to remove the PM message on the robot without the service laptop. Of course, there is no dispute that the proprietary service laptop is necessary to remove the PM message. Intuitive simply wants to use Mr. Lipson to bandy about the phrase "hacking." The testimony is not relevant to the issues in dispute and is simply a device for confusing the issues and unfairly prejudicing Restore.

II. Stealing

During examination of deposition witnesses, Intuitive has insinuated that Restore has misappropriated the Rebotix technology to use in the Restore technology developed by Alliance. As a preliminary matter, Intuitive lacks any foundation for offering evidence that Restore misappropriated the Rebotix technology. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Intuitive has no evidence, much less admissible evidence, that Restore misappropriated the Rebotix technology for use in its own Restore technology for resetting the usage limits on EndoWrists. No witness from Rebotix, Restore, or Alliance has offered such evidence.

In addition, evidence of any other wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). And it is purely speculative that Rebotix has any cause of action, or would pursue it and prevail on it, against

2

Restore that would affect their respective market shares in the instrument aftermarket. Moreover, such argument and evidence would confuse the issues and unfairly prejudice Restore.

III. <u>Hiding</u>

During examination of deposition witnesses, Intuitive has insinuated that Restore purposely hid its role in developing the technology and obtaining the clearance for K210478. As a preliminary matter, Intuitive lacks any foundation for making such allegations. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Intuitive has no evidence, much less admissible evidence, that Restore sought to hide its role in the clearance or that the FDA would have acted differently in assessing the clearance submission or testing data if the clearance had been made under the name of Restore rather than Iconocare.

In fact, there is nothing unusual, improper, or illegal about the use of a subsidiary in the first instance – or the subsequent acquisition of Iconocare or transfer of its 510(k). Transfer of ownership is common. Ex. 1 (Food and Drug Administration Agency Information Collection Activities, 87 Fed. Reg. 7187, 7190 (February 2, 2022)). Moreover, "submission of information regarding the transfer of a 510(k) clearance is not required under the regulations." Id. Therefore, it is irrelevant that Restore and Alliance used Iconocare instead of Restore to apply for

3

the 510(k) and unfairly prejudicial to allege that Restore and Alliance acted improperly in doing so.

IV.     Conclusion

For the foregoing reasons, the motion should be granted.  Intuitive seeks to engage in a series of sideshows to divert from the merits of the case.

Respectfully submitted on December 14, 2022.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.

Pursuant to Local Rule 7.1(F), the memorandum contains 748 words.

## LOCAL RULE 7.1(C) CERTIFICATE

Pursuant to Local Rule 7.1(C), Restore hereby confirms that it complied with the attorney-conference requirement of Local Rule 7.1(B) and that Intuitive informed Restore that it opposed the motion.

                                                                           s/ Jeff Berhold
                                           Jeffrey L. Berhold
                                           COUNSEL FOR PLAINTIFFS