# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

|  |  |
|---|---|
| RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, and CLIF PARKER ROBOTICS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> INTUITIVE SURGICAL, INC., <br><br> Defendant. | Civil Case No. 5:19-cv-55-TKW-MJF |
| INTUITIVE SURGICAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> RESTORE ROBOTICS LLC and RESTORE ROBOTICS REPAIRS LLC, <br><br> Counterclaim Defendants. |  |

## PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ARGUMENT AND EVIDENCE THAT THE FDA WOULD HAVE STOPPED THIRD PARTIES FROM REPAIRING ENDOWRIST INSTRUMENTS

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
101 Harrison Avenue
Panama City, FL 32401

COUNSEL FOR PLAINTIFFS

Pursuant to Fed. R. Evid. 401, 402, and 403, Plaintiffs Restore Robotics LLC and Restore Robotics Repairs LLC ("Restore") hereby file this motion to exclude argument and evidence by Defendant Intuitive Surgical, Inc. that the FDA would have stopped third parties from repairing EndoWrists for hospitals. The Court already ruled that "it does not have the authority (or if it does, it should not exercise that authority) to usurp the FDA's responsibility for deciding that issue in the first instance."[1] Dkt. No. 158 at 7 n.4. Furthermore, "a jury could find that Restore would have continued to provide its EndoWrist 'repair' services to at least some health care facilities (*unless and until the FDA enjoined it from doing so*) but for the restrictions imposed in the SLSA." Id. at 8-9 (emphasis added).

---

[1] Last night, Intuitive served a supplemental expert report for Heather Rosecrans for the sole purpose of reintroducing her opinion that the FDA requires 510(k) clearance to extend the usage limits on EndoWrist instruments. The Court has already ruled that "Ms. Rosecrans may not give an ultimate legal opinion on Plaintiffs' compliance with regulatory requirements or espouse her own personal interpretations of relevant regulations to the extent that they differ from the FDA's public interpretations." Dkt. No. 149 at 10. "[U]pon further consideration" after ruling on *Daubert*, the Court also said it would not decide whether 510(k) clearance was required for Restore's repair services. Dkt. No. 158 at 7 n.4.

In addition to the motions in limine filed today, Restore expects to move at a later date to exclude her latest opinions because they lack factual foundation and will not be helpful to the jury. Ms. Rosecrans offers lawyer argument rather than expert opinion. In fact, her "expert" testimony would be confusing and misleading to the jury and would be unfairly prejudicial to Restore.

And we know for a fact that the FDA has never stopped anyone from repairing EndoWrists or resetting their usage limits.  The FDA has been aware that hospitals were using Rebotix and Restore to repair S/Si EndoWrists without clearance since 2018.  After Rebotix terminated the distributor agreement with Restore, Rebotix never stopped repairing EndoWrists.  Ex. 1 at 2 (Hamilton Dep. at 80:18-80:24).  And the FDA has never stopped them from doing so.[2]

As recently as July 22, 2022, Dr. Anthony Lee notified Rebotix that the "FDA has not conducted an official regulatory evaluation" regarding the need to obtain 510(k) clearance to repair EndoWrists and that "[i]nformal communications with FDA staff do not represent the formal position of [the] FDA."  Ex. 2 at 5.  Even an official regulatory evaluation would not stop anyone from repairing EndoWrists.  The affected party can seek to appeal or stay the decision at the FDA and through the courts.  Ex. 3.

In fact, Judge Covington invited Rebotix to seek summary judgment on this very issue if "the FDA has not issued an official, final determination on this issue on the eve of trial."  *Rebotix Repair, LLC v. Intuitive Surgical, Inc.*, No. 8:20-CV-2274-VMC-TGW, 2022 WL 3272538, at *6 (M.D. Fla. Aug. 10, 2022).  Judge Covington agreed with this Court that the FDA decides "in the first instance."  Dkt. No. 158 at

---

[2] Nor did the FDA stop Intuitive from selling extended use instruments for the X/Xi for nearly two years without 510(k) clearance.

7 n.4, *Rebotix*, 2022 WL 3272538, at *6.  The FDA has never done so.  Moreover, it is speculative to predict the future actions of the FDA. *United States v. Eastern Municipal Water Dist.*, 2008 WL 4755425, at *3 (C.D. Cal. Apr. 8, 2008), *CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1236 (E.D. Cal. 2005).

The danger is even greater here because Intuitive makes its argument through a paid "expert" witness.  "Simply put, expert testimony may be assigned talismanic significance in the eyes of lay jurors, and, therefore, the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse." *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004).

Therefore, it is irrelevant and would be misleading to the jury and unfairly prejudicial to Restore if Intuitive were allowed to offer argument or evidence that the FDA would have stopped repairs of EndoWrists or resetting their usage limits because we know the FDA has not stopped such repairs in fact or even taken an official position on doing so.  And it would be entirely speculative and improper for the factfinder to find that the FDA would ever do so.

For the foregoing reasons, the motion should be granted.

Respectfully submitted on December 14, 2022.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com

/s William G. Harrison, Jr.
William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
FL. Bar No. 0765058
101 Harrison Avenue
Panama City, FL 32401
850-769-1414 (telephone)
wharrison@harrisonrivard.com

**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.

Pursuant to Local Rule 7.1(F), the memorandum contains 762 words.

## <u>LOCAL RULE 7.1(C) CERTIFICATE</u>

Pursuant to Local Rule 7.1(C), Restore hereby confirms that it complied with the attorney-conference requirement of Local Rule 7.1(B) and that Intuitive informed Restore that it opposed the motion.

s/ Jeff Berhold
_____
Jeffrey L. Berhold
COUNSEL FOR PLAINTIFFS
