**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

| | |
|---|---|
| RESTORE ROBOTICS LLC, RESTORE ROBOTICS REPAIRS LLC, and CLIF PARKER ROBOTICS LLC,<br>Plaintiffs,<br>v.<br>INTUITIVE SURGICAL, INC.,<br>Defendant. | Civil Case No. 5:19-cv-55-TKW-MJF |
| INTUITIVE SURGICAL, INC.,<br>Counterclaimant,<br>v.<br>RESTORE ROBOTICS LLC, and RESTORE ROBOTICS REPAIRS LLC,<br>Counterclaim Defendants. | |

**JOINT MOTION FOR ORDER GRANTING PARTIES PERMISSION TO USE AND OPERATE SURGICAL DEVICES AND OTHER RELATED EQUIPMENT AT TRIAL**

Defendant and Counterclaim Plaintiff Intuitive Surgical, Inc. ("Intuitive") and Plaintiffs and Counterclaim Defendants Restore Robotics LLC and Restore Robotics Repairs LLC ("Restore") hereby jointly move this Court, pursuant to this Court's Order Scheduling Trial and Pretrial Conference and Establishing Related Deadlines and Procedures (ECF No. 164), for an Order granting the parties the right to bring various medical devices into Courtroom 4 of the United States

Courthouse, One North Palafox Street, Pensacola, Florida, for security inspection by the Court Security Officers and use by the parties during the scheduled trial of this matter. This motion is submitted solely to seek the Court's permission to bring these items into the courtroom. Each party reserves its right to object at trial to the admissibility and/or use of particular items.

Specifically, Restore seeks to bring robotic and laparoscopic instruments for use at trial. Intuitive seeks to bring one da Vinci Si Surgical System, including a patient cart, vision cart and surgeon console, to Courtroom 4 for demonstrative use at trial. In addition, Intuitive seeks to bring EndoWrist instruments that are used in conjunction with da Vinci surgery, equipment used to service da Vinci systems, and other types of surgical instruments (including instruments used in laparoscopic and open surgery) to the courtroom for demonstrative use at trial. Finally, Intuitive seeks to bring as another demonstrative an early da Vinci miniature prototype made of wood.

The above-listed devices are not voice recording or communication transmission devices of any kind. Many of the above-listed devices have sharp points or edges, and the parties would appreciate the Court's assistance in obtaining clearance to bring the devices through security.

Because the foregoing devices may be used as demonstratives by the parties before this Honorable Court, the parties respectfully request this Court to grant

them the right to bring the devices into the United States Courthouse, One North Palafox Street, Pensacola, Florida, for demonstration during the trial.

THEREFORE, the parties pray that this Court grant said motion and enter a Security Order granting the motion.

Dated: December 14, 2022

Respectfully submitted,

/s/ Jeff Berhold

Jeffrey L. Berhold (*Pro Hac Vice*)
Georgia Bar No. 054682
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
Telephone: (404) 872-3800

William G. Harrison
HARRISON RIVARD DUNCAN & BUZZETT
Fl. Bar No. 0765058
101 Harrison Avenue
Panama City, Fl 32401
Telephone: (850)-769-1414
wharrison@harrisonrivard.com

**COUNSEL FOR RESTORE**

/s/ Karen Lent

DAVID L. McGEE
Fla. Bar No. 220000
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL 32502
Telephone: (850) 432-2451
dlm@beggslane.com

KAREN HOFFMAN LENT (*Pro Hac Vice*)
MICHAEL H. MENITOVE (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
karen.lent@skadden.com
michael.menitove@skadden.com

ALLEN RUBY (*Pro Hac Vice*)
Attorney at Law
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690
allen@allenruby.com

SONYA D. WINNER (*Pro Hac Vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
swinner@cov.com

ANDREW D. LAZEROW (*Pro Hac Vice*)
COVINGTON & BURLING LLP
One CityCenter

850 Tenth Street, NW
Washington, DC 20001-4956
alazerow@cov.com

**COUNSEL FOR INTUITIVE**

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.

Pursuant to Local Rule 7.1(F), the parties certify that this memorandum contains 355 words.