UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RESTORE ROBOTICS, LLC**, et al.,

　**Plaintiffs**,

v.                                                           Case No. 5:19cv55-TKW-MJF

**INTUITIVE SURGICAL, INC.**,

　**Defendant**.
_____/

## ORDER ON MOTIONS IN LIMINE

Upon due consideration of the parties' eleven motions in limine (Docs. 198, 199, 200, 203 through 210), the responses (Docs. 214, 216), and the attachments to those filings, it is **ORDERED** that:

1. Plaintiffs' motion in limine regarding character evidence (Doc. 198) is

　　a. **GRANTED in part** as to "hacking," and Defendant may not present any argument suggesting that Plaintiffs' repair services violated the laws criminalizing computer hacking;

　　b. **GRANTED** as to "stealing," and Defendant may not present any evidence or argument that Plaintiffs misappropriated Rebotix's technology in FDA clearance K210478; and

  c. **GRANTED in part** as to "hiding," and Defendant may not present any argument suggesting that Plaintiffs acted improperly by using another company to obtain FDA clearance K210478.

2. Plaintiffs' motion in limine regarding the FDA stopping third parties from repairing EndoWrists (Doc. 199) is **DENIED**.

3. Plaintiffs' motion in limine regarding the safety of "the Restore repair technology" (Doc. 200) is

  a. **DENIED** with respect to the Rebotix technology; and

  b. **GRANTED in part** with respect to the Iconocare technology, and Defendant may not present any evidence or argument about that technology contradicting the findings in FDA clearance K210478—although that does not preclude evidence as to the nature and extent of the "safety" review in the 510(k) process.

4. Plaintiffs' motion in limine regarding the need to prohibit customers from using third parties to repair EndoWrists or reset their usage limits (Doc. 203) is **DENIED**.

5. Defendant's motion in limine No. 1 regarding hypothetical business activities (Doc. 204) is

    a. **GRANTED in part** with respect to X/Xi robots and instruments, and Plaintiffs may not present evidence or argument regarding alleged lost business related to X/Xi robot and instrument repairs; and

    b. **DENIED** with respect to the Iconocare 510(k) clearance.

  6. Defendant's motion in limine No. 2 regarding hearsay (Doc. 205) is **DEFERRED until trial** when the Court will have more context and will be in a better position to assess the purpose for which the out-of-court statements are being offered and whether a hearsay exception applies—although, at this point, it appears that much of the cited testimony will be inadmissible to the extent it is being offered for its truth and that an appropriate limiting instruction may need to be given at trial to the extent that testimony is offered for some other purpose.

  7. Defendant's motion in limine No. 3 regarding conclusory testimony (Doc. 206) is **DEFERRED until trial** when the Court will have more context and will be in a better position to assess whether the challenged testimony has an adequate foundation—although, at this point, it appears that the objections to the cited testimony go more to the weight of the testimony than its admissibility.

  8. Defendant's motion in limine No. 4 regarding fact witness testimony about FDA requirements (Doc. 207) is **DENIED**.

  9. Defendant's motion in limine No. 5 regarding wealth of Defendant's employee witnesses (Doc. 208) is **GRANTED**, and Plaintiffs may not present

evidence or argument regarding the financial wealth or amount of compensation of Defendant's employee witnesses. The Court is open to revisiting this issue at trial if, outside of the presence of the jury, Plaintiffs can show (with something more than they presented in their response) that an employee witness's compensation is directly tied to the outcome of this case.

10. Defendant's motion in limine No. 6 regarding other litigation and settlements (Doc. 209) is

 a. **DENIED** with respect to the cited provisions of Defendant's settlement agreement with Rebotix; and

 b. **DEFERRED until the pretrial conference** with respect to competitor and customer lawsuits.

11. Defendant's motion in limine No. 7 regarding testimony from lay witnesses regarding hypothetical market share (Doc. 210) is **GRANTED**, and Plaintiffs may not present evidence from lay witnesses regarding their hypothetical market share in the S/Si robot or instrument repair aftermarkets.

12. The Court will consider any requests for clarification or additional explanation of these rulings (but not re-argument) at the pretrial conference.

13. The parties are expected to continue (or reinitiate) their efforts to resolve this case short of trial in light of these rulings, and they shall be prepared to discuss at the pretrial conference the efforts they have made to resolve this case since

the last mediation report (Doc. 174), which did not declare an impasse and stated that "the parties agreed to adjourn the mediation and continue discussions." The parties shall also be prepared to discuss any additional settlement efforts they intend to make between the pretrial conference and trial and any additional pretrial rulings that might help the parties resolve this case short of trial.

**DONE and ORDERED** this 30th day of December, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**