UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RESTORE ROBOTICS, LLC**, et al.,

    **Plaintiffs**,

v.                                        Case No. 5:19cv55-TKW-MJF

**INTUITIVE SURGICAL, INC.**,

    **Defendant**.

_____/

## FINAL PRETRIAL ORDER

This case came before the Court for the final pretrial conference on January 13, 2023. Based on the discussions at the pretrial conference, it is **ORDERED** that:

1. <u>Trial Schedule</u>.

    a. The jury trial will commence on Monday, February 6, 2023, as previously ordered. Four weeks (19 trial days) have been reserved for trial, including jury selection. The parties are expected to use only so much of that time as they reasonably need to try this case.

    b. A conference will be held at 8:30 a.m. on the first day of trial with attorneys and parties present. Jury selection will begin as soon thereafter as the venire is ready. Opening statements will immediately follow jury selection, so depending on the pace of the day, Plaintiffs should be prepared to call their first witness immediately after opening statements.

      c.      On the second and subsequent days, the Court will meet with the attorneys and parties at 8:00 a.m., and trial will start with the jury at 8:30 a.m.

      d.      Each day, there will be a 15-minute break in the morning and the afternoon and, depending on the pace of the day, a 60 to 90 minute lunch.

      e.      The Court plans to excuse the jury each day at or around 5:00 p.m., but the attorneys and parties should plan to be in court each day until at least 5:30 p.m. to address case management issues.

2.      <u>Jury Selection</u>.

      a.      Jury selection will be conducted as described at the pretrial conference, with the Court conducting voir dire and the parties selecting 9 jurors. There will be no alternates. No back-striking will be allowed.

      b.      Each side will have 3 preemptory challenges.

3.      <u>Opening Statements / Closing Arguments</u>. Each side shall have 60 minutes for opening statements and 90 minutes for closing argument, but counsel are expected to use only so much of that time as they need. Each party may reserve a portion of its closing argument time for rebuttal argument on their affirmative claims.

4.      <u>Rule of Sequestration</u>. The Rule has been invoked. Each party is responsible for advising its witnesses of their obligations under the Rule. Expert

witnesses are permitted inside the courtroom when the opposing like-expert is testifying.

5. <u>Pretrial Stipulation</u>. The pretrial stipulation is incorporated by reference into this Order and the pleadings are merged into it. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007); *State Treasurer of State of Michigan v. Barry*, 168 F.3d 8, 9-10 (11th Cir. 1999). The pretrial stipulation will control the course of the trial and it and this Order will only be modified with the agreement of the parties or to prevent a manifest injustice. *See* Fed. R. Civ. P. 16(e).

6. <u>Court Reporter</u>. Any special request for court reporter services, such as a daily copy, must be submitted to the court reporter, Julie Wycoff, as soon as possible. Her contact information is Julie_Wycoff@flnd.uscourts.gov and 850-470-8196.

7. <u>Evidence Presentation System</u>. Any additional questions about the Court's evidence presentation system or other information technology matters should be directed to the Court's courtroom deputy clerk, Paula Cawby, at 850-470-8129 or paula_cawby@flnd.uscourts.gov.

8. <u>Rulings on pending motions</u>.

    a. The deferred portion of Defendant's motion in limine No. 6 regarding other litigation and settlements (Doc. 209) is **GRANTED**, and

Plaintiffs may not present any evidence or argument concerning competitor or customer lawsuits against Defendant.

  b. Plaintiffs' motion to exclude Heather Rosecrans' supplemental opinions (Doc. 217) is **DENIED**. However, as explained at the pretrial conference, the Court reiterates that Ms. Rosecrans may not provide an ultimate opinion as to whether Plaintiff's "repair" services required 510(k) clearance or that the FDA has definitively ruled on that issue.

9. <u>Other Matters</u>.

  a. The parties shall continue to confer about the need for the proposed third amended complaint and/or an amendment to the pretrial stipulation to reflect the changes to the plaintiffs and the elimination of claims that were discussed at the pretrial conference and, if necessary, they shall file an appropriate motion or stipulation.

  b. The parties shall continue to confer about the procedure and timing of in-trial deposition designations with the additional guidance provided at the pretrial conference. The parties need not submit the procedures to the Court for approval unless they are unable to reach agreement.

c. The parties shall provide each other advance notice of the sequencing of witnesses and exhibits in accordance with the discussions at the pretrial conference.

d. The parties shall prepare a stipulation incorporating the pertinent portions of the Rebotix settlement agreement or a condensed version of the agreement without the blacked-out sections to be presented to the jury at trial.

e. The parties are expected to use the evidence presentation system to show exhibits to witnesses and the jury, but they shall submit paper copies of the exhibits to the Clerk as they are received into evidence. The jury will be provided the paper copies for its deliberations.

f. Rule 50 motions are expected to be made orally.

g. Speaking objections are prohibited. Bench conferences are discouraged, are not granted as a matter of right, and should be requested only if necessary to avoid substantial prejudice.

h. There will be no re-cross examination as a matter of course.

i. The parties and attorneys may bring bottled drinks into the courtroom.

j. The attorneys may bring cell phones and other electronic devices into the courtroom so long as the devices are silenced and do not become a distraction.

      k.      The parties and attorneys should familiarize themselves with the requirements of the Addendum to the Local Rules of the Northern District of Florida on Customary and Traditional Conduct and Decorum in the United States District Court, which the Court expects to be observed during the trial.

      l.      Questions concerning the conduct of trial may be directed to the Court's law clerk, Jalen LaRubbio, at 850-470-8106 or jalen_larubbio@flnd.uscourts.gov.

10.    <u>Settlement</u>.  The parties are strongly encouraged to continue their efforts to resolve the case, and they shall notify the Court as soon as possible (preferably before January 27, 2023) if they are able to resolve the case.  The parties shall contact the magistrate judge's office immediately if they think they might want his assistance in their settlement discussions so they can get time on his calendar in advance of trial.  Failure to notify the Court of a settlement by noon on Friday, February 3, 2023, will result in the parties bearing the cost of calling in the jury.

**DONE and ORDERED** this 17th day of January, 2023.

                        _____
                        **T. KENT WETHERELL, II**
                        **UNITED STATES DISTRICT JUDGE**